IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LANDBRIDGE PORT SERVICES (HONG KONG) LTD., | : |
| Plaintiff, | : |
| v. | : Case No.:_____ |
| NOTARC PORT INVESTMENT LLC, NOTARC INVESTMENT PARTNERS LLC, COASTAL INFRASTRUCTURE PARTNERS LLC, COASTAL INFRASTRUCTURE TRUST NO. 1, LIANG ZHANG, DION L. BOWE, LESLIE C. BETHEL, COLIN MICHAEL MARTINEZ, and SINOLAM CONSULTING & TRADING HOLDINGS PTE. LTD., | : (Removed from Del. Ch., C.A. No. 2024-0122-JTL) |
| Defendants. | : |

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

In accordance with Federal Rule of Civil Procedure 5.2 and 26(c) and District of Delaware Local Rules 5.1.3 and 26.2, Defendants Liang Zhang and Sinolam Consulting & Trading Holdings Pte. Ltd. (collectively, "Defendants") respectfully request that the Court enter an order permitting them to file (1) Plaintiff's Complaint in the Chancery Action (as defined herein); (2) Exhibit 9 to the Complaint in the Chancery Action; and (3) Plaintiff's OB (as defined herein), which will be attached as exhibits to Defendants' Notice of Removal, under seal. In support of this Motion, the Defendants state as follows:

1. Federal Rule of Civil Procedure 26(c) provides that, for good cause shown, the Court can direct that certain matters be filed under seal. In addition, District of Delaware Local

Rule 26.2 permits a producing party that believes it has confidential information to produce such information only to trial counsel.

2. Defendants intend to file a Notice of Removal (the "Notice") removing *Landbridge Port Services (Hong Kong) Ltd. v. Notarc Port Investment LLC, et al.*, C.A. No. 2024-0122-JTL (Del. Ch.) (the "Chancery Action") to this Court. Defendants will attach as exhibits to the Notice (1) the Verified Complaint with exhibits filed in the Chancery Action as Exhibit A, and (2) Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction with Plaintiff's Opening Brief in Support of the same ("OB") as Exhibit B. The Complaint, Exhibit 9 to the Complaint, and Plaintiff's OB were filed under seal in the Chancery Action.

3. There is not yet a protective order in place that would permit the filing of papers under seal. Defendants therefore seek leave to file these documents under seal.

4. Plaintiff's Complaint and OB either reference or quote the Landbridge-Creaton Agreement (the "Agreement"), which is attached the Complaint as Exhibit 9. Plaintiff asserts that the very existence of the Agreement is confidential, and its contents have been redacted from Plaintiff's public versions of its Complaint and OB. *See, e.g.*, Ex. A. ¶¶ 82-83; Ex. B. at 7. Plaintiff asserts that the terms of the Agreement contain sensitive financial and business information.

5. The parties to the Chancery Action take significant efforts to maintain the confidentiality and security of their sensitive business information. Those efforts include ensuring that agreements involving such sensitive business information contain appropriate confidentiality provisions, such as the provisions identified in the Agreement described above.

6. "Documents containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). The presumption of public access to court filings is overcome where (1) the

material sought to be protected is "the kind of information that courts will protect" and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).

7. Plaintiff asserts that the Complaint and OB contain confidential information relating to Plaintiff's business and the terms of the Agreement, as well as its nonpublic, confidential, and commercially sensitive information. Further, the information Defendants seek to file under seal is identical to the information Plaintiff filed under seal in the Chancery Action.

8. Because Plaintiff asserts that the Landbridge-Creaton Agreement contains confidential and sensitive information, and because Plaintiff has previously identified such information as confidential in its Chancery Action filings, disclosure of that information is prohibited. This Court has granted motions to seal such information in the past, demonstrating that this is the kind of information courts will protect. *See, e.g.*, *AbbVie Inc. v. GileadScis., Inc.*, C.A. No. 14-379-GMS, D.I. 6 (D. Del. Mar. 25, 2014) (granting motion to seal a complaint that disclosed information subject to a contractual confidentiality obligation).

9. Defendants' disclosure of the information Plaintiff identified as confidential in the Chancery Action could expose Defendants to liability for disclosing Plaintiff's confidential information.

10. At present, Defendants are aware of no third parties that have sought disclosure of the confidential contents of the Complaint and OB, as contemplated by the public right of access.

11. Defendants will comply with all applicable procedures regarding filing under seal through the Court's CM/ECF system, including the requirement to file a redacted version within seven days.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court enter an order permitting them to file (1) Plaintiff's Complaint in the Chancery Action; (2) Exhibit 9 to the same; and (3) Plaintiff's OB as exhibits to their Notice of Removal, under seal.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

/s/ Aaron M. Nelson
Dominick T. Gattuso (# 3630)
Aaron M. Nelson (# 5941)
Brendan Patrick McDonnell (# 7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
*Attorneys for Defendants Liang Zhang and Sinolam Consulting & Trading Holdings PTE. Ltd*

Dated:  February 26, 2024