# EXHIBIT 3



Drawn & Prepared by: **2024-01-18**

Laura F. Harvey-Read
Attorney-at-Law of
Hastings Attorneys-at-Law
"Chelsea House"
Chelsea Road
St. Michael
Tele: (246) 228-9420
Fax: (246) 429-8056
Email: LRead@hastings-attorneys.com



*SUPREME COURT OF BARBADOS*
IN THE HIGH COURT OF JUSTICE

CLAIM NO.    | CV 0083/2023 |

IN THE MATTER of Landbridge
Holdings Inc.

AND IN THE MATTER of section 228
of the Companies Act, Chapter 308 of
the Laws of Barbados.

BETWEEN:

LANDBRIDGE PORT SERVICES (HONG KONG)     CLAIMANT
LIMITED

AND

| | |
|---|---|
| LANDBRIDGE HOLDINGS INC. | FIRST DEFENDANT |
| TINGYUN HAN | SECOND DEFENDANT |
| SINOLAM CONSULTING & TRADING HOLDING PTE | THIRD DEFENDANT |
| ZHANG LIANG | FOURTH DEFENDANT |
| GORGEOUS COLON HOLDINGS CO. LIMITED | FIFTH DEFENDANT |

---

**ELEVENTH AFFIDAVIT OF ZHANG LIANG**
**(Filed on behalf of the Third, Fourth, and Fifth Defendants)**

---



## Contents

Introduction .......................................................................................................... 3

Brief Summary of My Response ............................................................................. 4

The "Controlling/Guiding Mind" in Relation to All the Defendants in the Barbados
Proceedings .......................................................................................................... 5

The Sale of the Panama Project Companies to Notarc ............................................. 6

The Panamanian Government renewed the Concession after Notarc's acquisition of
the Panama Project ................................................................................................ 8

The Panama Arbitration ........................................................................................ 8

The claimants in the Panama Arbitration and their controlling/guiding mind ............. 9

PCCP .................................................................................................................. 12

Conclusion ......................................................................................................... 13

2

I, **ZHANG LIANG**, of Room 2609, 26/F, Great Eagle Centre, No. 23 Harbour Road, Wan Chai, Hong Kong, **MAKE OATH AND SAY** as follows:

### Introduction

1. I am the Fourth Defendant, one of the directors of the Third Defendant, Sinolam Consulting & Trading Holdings PTE Ltd. ("**Sinolam**"), a former director of the First Defendant, Landbridge Holdings Inc. ("**LHI**"), and the sole director of the Fifth Defendant, Gorgeous Colon Holdings Co. Ltd. ("**Gorgeous**").

2. I swear this Affidavit on behalf of myself, Sinolam, and Gorgeous (the "**Third to Fifth Defendants**"):

   (a) in opposition to the application of the Claimant ("**Landbridge HK**") filed on 3rd January 2024 for interim and/or final injunctions under section 44 of the Supreme Court of Judicature Act Cap. 117A of the Laws of Barbados and section 228 of the Companies Act Cap. 308 of the Laws of Barbados (the "**Application**"); and

   (b) in response to the supporting Affidavit of Cheng Ye filed on 4th January 2024 ("**Ye 8**").

3. Similar to my previous Affidavits, I shall refer to the exhibits exhibited to other Affidavits by their relevant exhibit number and corresponding Affidavit. Where terms have been capitalized but not defined herein, I adopt the definitions used in the previous Affidavits sworn by me and filed in these proceedings unless expressly stated otherwise.

4. In this Affidavit, references to paragraph numbers are to the corresponding paragraphs in Ye 8, unless otherwise indicated.

5. Save where otherwise indicated, the facts and matters deposed to in this Affidavit are within my personal knowledge. Insofar as the matters contained herein are within my personal knowledge, they are true. Where the facts or matters are not within my personal knowledge, they are based on information given to me or derived from the records and documents of the Third and Fifth Defendants, and I believe them to be true to the best of my knowledge, information and belief.

3

6.  Some of the documents that I rely on in, and that are exhibited to, this Affidavit are, in their original form, in Spanish. I have engaged Spanish translators to provide this Court with certified translations of those documents.

## Brief Summary of My Response

7.  As will be evidenced in this Affidavit, the allegations in Ye 8, which purport to paint me as the "*controlling/guiding mind*" of Notarc Port Investment LLC ("**Notarc Port Investment**"), are incorrect and unsupported by the evidence.

8.  I verily believe that Chairman Ye is bringing this spurious claim to sow confusion in the present proceedings. The reality, as demonstrated in the evidence I exhibit to this Affidavit, is that after the arm's length sale of the Panama Project Companies to Notarc Port Investment,[1] I retained no role in the Panama Project and that at no time have I had any control (directly or indirectly) over Notarc Port Investment or any of its owners, shareholders, members, or interest holders.

9.  More specifically:

    (a) I am not and never have been an owner, shareholder, member, or interest holder of Notarc Port Investment, whether directly or indirectly. To the best of my knowledge, the ultimate beneficiary owners of Notarc Port Investment LLC are Messrs Leslie Bethel and Dion Bowe which I depose to more fully in paragraphs 35 to 39 below.

    (b) Likewise, I am not an owner, shareholder, member, or interest holder in any of the other claimants to the Panama Arbitration.

    (c) I am not the current CEO of PCCP. I was the CEO of PCCP from February 2016 until September 2019.

    (d) The Hong Kong entity that I incorporated on or about 14th July 2021 called Notarc Global Investments Limited ("**Notarc Hong Kong**"), and in which I

---

[1] "**Panama Project Companies**" refers, collectively, to Panama Colon Container Port, Inc. ("PCCP"), United Crown Construction Inc. ("UCC"), Central America Shopping Mall Inc. ("CASM"), and Isla Margarita Development, Inc. ("IMDI").

4



am the sole shareholder, does not hold, and never has held, any interest in Notarc Port Investment, whether directly or indirectly.

(e)   I have no control, whether directly or indirectly, over the claimants to the Panama Arbitration.

(f)   I have no control, whether directly or indirectly, over the second respondent in the Panama Arbitration, Coastal Infrastructure Trust No. 1. I am not and never have been an owner, shareholder, member, or interest holder, whether directly or indirectly, of Coastal Infrastructure Trust No. 1.

(g)   Insofar as LHI is concerned, the Panama Arbitration is a proceeding at arm's length between private independent companies. I did not have any role, whether directly or indirectly, in the decision of the claimants in the Panama Arbitration to initiate the proceedings. Nor do I have the power to obtain its discontinuance.

## The "Controlling/Guiding Mind" in Relation to All the Defendants in the Barbados Proceedings

10.   I provide below my response to paragraphs 4 to 11 of Ye 8, which make certain assertions regarding the other Defendants in the present proceedings.

11.   Paragraph 4 of Ye 8 repeats the contents of the Second Further Amended Fixed Date Claim Form filed on 17th July 2023 (the "**Second Further Amended Claim Form**"). Paragraph 5 repeats assertions that Landbridge HK was unaware of and did not consent to any changes in the ownership of LHI and no transactions related to the Panama Project were approved by them or Chairman Ye. For the reasons I have set out in my prior Affidavits, the Third to Fifth Defendants deny these paragraphs.

12.   I accept the allegations made in paragraphs 6 and 7 of Ye 8 as to ownership and directorships, including that the sole shareholder of LHI is Sinolam.

13.   As to paragraph 8, which attempts to paraphrase Ms Han's evidence, I make no admissions as Ms Han's evidence is contained within her Affidavit filed on 30th October 2023.

6

14. I deny paragraphs 9 and 10 which assert that I am the "*controlling/guiding mind in relation to all the named Defendants*", save for the Fourth Defendant which is me in my personal capacity.

15. More specifically, I provide the following clarifications with respect to each of the First, Second, Third, and Fifth Defendants:

    (a) **LHI**: I am not a director of LHI nor am I a shareholder of LHI. Ms. Han is the sole director of LHI.

    (b) **Ms. Han**: The Claimant's claim against Ms. Han is against her in her personal capacity and as such I deny that I have or assert any control over Ms. Han. Indeed, Ms. Han has filed her own defence in this matter and is separately represented from the other Defendants.

    (c) **Sinolam**: I am not the sole director of Sinolam. There is another director, Huo Liajian. As to the ownership of Sinolam, while I may be the sole shareholder of Sinolam today, as I have stated in my previous Affidavits I hold (and have always held) my interest in that company for the benefit of Chairman Gao and now his estate. Now shown to me and exhibited hereto as "**ZL-1**" is a declaration of trust signed by me in October 2019 (the month Sinolam was incorporated) in respect of the shares held by me in Sinolam in favour of Chairman Gao.

    (d) **Gorgeous**. I admit that I am the sole director and shareholder of Gorgeous. However, as with Sinolam, I hold (and have always held) my interest in that company for the benefit of Chairman Gao and now his estate.

16. I also deny the assertion in paragraph 11 that "[t]he *Defendants in this instant matter have all held the position that the purported sale of LHI to Notarc was conducted by Mr. Zhang and is a bona fide sale*." In fact, LHI was not sold to Notarc; LHI sold the Panama Project Companies to Notarc and I repeat that sale was indeed a bona fide sale.

## The Sale of the Panama Project Companies to Notarc

17. LHI's decision to sell the Panama Project Companies to Notarc was the result of exigent economic and political circumstances.

18. As explained in my First Affidavit, which I repeat herein by reference only, Chairman Gao was facing difficulties funding the Panama Project before the sale to Notarc and the Panama Government had in fact terminated the project. A true copy of the Cancellation resolution (the "**Cancellation Resolution**") and the news article reporting this event were annexed to my First Affidavit as Exhibit "**ZL-28**".

19. I understand from my conversations with high-ranking Panamanian Government officials that there was another motive for the Cancellation Resolution, which is that the Panamanian Government had decided to limit the involvement of Chinese companies and Chinese capital in strategic sectors of the Panamanian economy. The Panama Project was a key strategic asset in the country. Because Chairman Gao, the ultimate beneficial owner of the Panama Project, was a Hong Kong Chinese national, I understand that the Panamanian Government did not want him to continue to control the strategic asset.

20. Chairman Gao instructed me to engage counsel to challenge the cancellation and seek the revocation of the Cancellation Resolution. Although I engaged local counsel and took many steps to try to achieve this goal, my attempts were ultimately unsuccessful.

21. Whatever the motive for the cancellation, the result was clear: as a result of the Cancellation Resolution, LHI no longer had the ability to continue developing the Panama Project (without the sea-bed usage rights it could not be used as a shipping container terminal). Therefore, LHI no longer had the expectation that the Panama Project would generate any income for LHI, especially if the Cancellation Resolution was not revoked.

22. In other words, the Panama Project was "dead." A sale was therefore necessary.

23. Notarc expressed interest in and eventually purchased the project. The sale to Notarc was a bona fide, arm's length transaction. Notarc paid valuable consideration for the Panama Project Companies following a lengthy due diligence process by Notarc.

24. Chairman Gao authorised the sale to Notarc in about March 2022.

25. After the sale to Notarc, neither Chairman Gao, nor his estate, nor any of the Defendants had any ownership stake in the Panama Project Companies.

7

*The Panamanian Government renewed the Concession after Notarc's acquisition of the Panama Project*

26. Although I have no first-hand knowledge of how they achieved the result, Notarc did what I (at the instruction of Chairman Gao) was unable to do, which was to obtain the revocation of the Cancellation Resolution. In fact, not only was the Cancellation Resolution revoked; but the concession was also renewed for an additional 20 years.

27. As I noted above, I understand that the Panamanian Government was eager to limit the involvement of Chinese nationals and capitals in its strategic assets. I verily believe that the Panamanian Government would not have recognized the validity of Notarc's acquisition of the Panama Project Companies without properly vetting the new owner and the source of its funding. To the best of my knowledge, the Panamanian Government issued this concession to Notarc because they are new owners (and not the previous Chinese owners).

28. I also find it difficult to believe that the Panamanian Government would have revoked the Cancellation Resolution and renewed the concession if it had any reason to believe that the sale to Notarc was not a bona fide transaction.

## The Panama Arbitration

29. Notarc and the other claimants in the Panama Arbitration initiated the Panama Arbitration. Neither I nor LHI had any role in their decision to start the proceeding. Likewise, neither I nor LHI have any role in how the claimants in the Panama Arbitration pursue their claim.

30. Save that in my Affidavit filed on 8th December 2023 I deposed to the fact that LHI was served on or around 27th October 2023 (not on or around 17th October 2023 as alleged in Ye 8) I admit the allegation in paragraph 12 that LHI was served with a request for arbitration as amended, dated 12th October 2023, submitted by Notarc, the Panama Project Companies, and Coastal Infrastructure Partners LLC, against the First Defendant, LHI, and Coastal Infrastructure Trust No. 1, under the rules of the Conciliation and Arbitration Center of Panama.

8

31. As to paragraphs 13 to 15, I make no admissions as to what is allegedly posited or sought in the Panama Arbitration, which are to the best of my understanding confidential proceedings.

### The claimants in the Panama Arbitration and their controlling/guiding mind

32. In response to paragraph 16 I state that Exhibit CE-12 of the Panama Arbitration is an LLC Membership Certificate of Notarc Port Investment LLC ("Notarc Port Investment," as defined above), a company organised in Delaware, which states that Notarc Port Investment is wholly owned by Notarc Global Investments Limited ("**Notarc Global**").

33. In response to paragraph 17 I state the following:

    (a) I note that the Claimant on or about late December 2023 caused a total corporate search on Notarc Global to be conducted in the Hong Kong Companies Registry. The Claimant does not depose to conducting any searches in Delaware, where Notarc Port Investment was organised, or elsewhere.

    (b) I admit that a company named Notarc Global Investments Limited incorporated in Hong Kong ("Notarc Hong Kong," as defined earlier) is a company that was incorporated by me on or about 14th July 2021 and I am the sole shareholder of that company.

    (c) I was responsible for setting up Notarc Hong Kong, so I can speak to the circumstances of its incorporation. In 2021, Chairman Gao was in discussion with the aforementioned Messrs. Bethel and Bowe, the owners of the Notarc Management Group Latin America, over potential joint investments in Southeast Asia, including in the energy sector. The parties were contemplating investing in two projects in particular: (a) WEPARK Project, based in Hengqin and Macao, and (b) China Smarter Energy Project, based in Hong Kong (the "**Projects**"). To this end, it was agreed by both Chairman Gao and Notarc to set up two special purpose vehicles, Notarc Hong Kong and another Hong Kong special purpose vehicle, to conduct due diligence and preliminary negotiations with potential sellers and lenders of the Projects. Chairman Gao instructed me to set up those two Hong Kong entities in my



name because he was under investigation by government of China at the time. Now shown to me and exhibited here to as "**ZL-2**" is a copy of a letter dated 18th February 2021 from Notarc Management Group Latin America signed by its then CEO, Mr. Dion Bowe, to Chairman Gao authorising Shanghai Gorgeous Investment Development Co. Ltd to, among other things, to set up Notarc Hong Kong and the other Hong Kong SPV.

(d)　The Projects however did not materialize and Notarc Hong Kong was never utilized. Now shown to me and exhibited hereto as "**ZL-3**" is a report produced by an independent auditor detailing the financial position of Notarc Hong Kong for the period from July 2021 to December 2022. This report shows that the (1) Notarc Hong Kong was "*dormant*" during this period with no revenue; and (2) that the only reported assets of Notarc Hong Kong were the HK $5 million of consideration to be received from me (acting on behalf of Chairman Gao) at the time of incorporation in exchange for issuing shares, less minimal expenses of HK $5,970 on account of an incorporation fee and the auditor's fees.

(e)　At no point in time did Notarc Hong Kong purchase shares or become the beneficial owner or otherwise of Notarc Port Investment and I confirm that Notarc Hong Kong is not the company mentioned in Exhibit CE-12 to the Panama Arbitration and is not the member of Notarc Port Investment.

(f)　Because the Projects never materialized, I understand that Chairman Gao was and is under the obligation to dissolve Notarc Hong Kong. On 14th January 2024, I instructed the corporate secretary of the company to start the necessary proceedings to dissolve the entity.

34.　I verily believe that the company listed in Exhibit CE-12 is Notarc Investment Partners LLC incorporated in Delaware trading as "*Notarc Global Investments Limited*" ("**Notarc Delaware**") and I verily believe that the true owners of Notarc Delaware are Messrs. Bowe and Bethel. As I set out more fully in paragraphs 35 to 39 below, I do not own nor do I control Notarc Delaware.

35.　After I received the Application and Ye 8, and knowing that I do not own Notarc Port Investment, Notarc Global or Notarc Delaware, I instructed my Attorneys-at-Law, Hastings Attorneys-at-Law, to write to Notarc Port Investment's arbitration

10

counsel to seek, *inter alia*, clarification and confirmation as to the ultimate beneficial owner of Notarc Port Investment and Notarc Global which they did by letter dated 10th January 2024 addressed to Paul Hastings LLP. Attached hereto and marked exhibit "**ZL-4**" is a copy of the letter dated 10th January 2024 from Hastings Attorneys-at-Law addressed to Paul Hastings LLP ("**10th January Letter**").

36. I am advised by my Attorneys-at-Law and verily believe that by email dated 12th January 2024 Mr. Joe Profaizer of Paul Hastings LLP requested further information in order to respond to the 10th January Letter which information was provided by response email dated 14th January 2024 from Mrs. Laura Harvey-Read of Hastings Attorneys-at-Law. Attached hereto and marked exhibit "**ZL-5**" is the chain of emails between Hastings Attorneys-at-Law and Paul Hastings LLP.

37. By letter dated 15th January 2024, Paul Hastings LLP responded to the 10th January Letter. Attached hereto and marked exhibit "**ZL-6**" is a copy of the letter dated 15th January 2024 from Paul Hastings LLP to Hastings Attorneys-at-Law ("**Paul Hastings LLP Letter**"). The Paul Hastings LLP Letter exhibits several documents in support of their response which response includes the following statements:

    (a) Messrs. Leslie C. Bethel and Dion L. Bowe have owned and controlled (directly or indirectly) 100% of Notarc Port Investment from its formation to present;

    (b) I am not and never have been, a membership interest holder, shareholder, member or owner (beneficially or otherwise) of any portion of Notarc Port Investment;

    (c) Notarc Global is a trade name for Notarc Investment Partners LLC, a company formed in the State of Delaware, USA, which has no directors and the membership interest holders are Messrs. Leslie C. Bethel and Dion L. Bowe;

    (d) I am not the CEO or an officer or a director of PCCP or any of the other Panamanian Group Companies since at least March 2022, and PCCP's current directors are Messrs. Dion Bowe, Jorge Alejandro Serrano Evers, and Colin Martinez.

11



38. I also conducted a public search and from publicly available news reportings Messrs. Bowe and Bethel, two Bahamian businessmen, are the principals of the Notarc entities that are leading the Panama project. In the public reporting, Mr. Leslie Bethel is listed as the CEO of the Notarc Management Group, and Mr. Dion Bowe is listed as the CEO of Notarc Port Investment. Now shown to me and exhibits as "**ZL-7**" to "**ZL-8**" are screenshots of online news reports.

39. In further publicly available news reporting high-ranking Panamanian government officials also recognize Messrs. Bethel and Bowe as the leaders of PCCP. In particular, in May 2022, Notarc Port Investment LLC signed a joint venture partnership with Terminal Investment Limited ("TIL"), an affiliate of Mediterranean Shipping company ("MSC") (collectively, "MSC/TIL"). The event at which the signature took place was attended by several Panamanian ministers, including Mr. José A. Rojas (Minister of Private Investments), Mr. Noriel Arauz (Minister of Maritime Affairs), and Mr. Ramón E. Martínez (Minister of Commerce and Industries). Messrs. Bowe and Bethel signed on behalf of Notarc Port Investment LLC and Notarc Management Group, respectively. I did not attend this event. Now shown to me and exhibited as "**ZL-9**" is a screenshot of online news reports.

### PCCP

40. In response to paragraph 18 I confirm that Notarc Port Investment did indeed purchase from LHI the shares in the Panama Project Companies. I deny however that I am the CEO of Panama Colon Container Port, Inc. ("**PCCP**") and respond to that allegation as follows:

    (a) I resigned from the position of CEO in or about September 2019 which I deposed to in Zhang 1 at paragraph 75, and Ms. Han took over as CEO of PCCP and remained in the capacity until the company was sold.

    (b) I verily believe that today Messrs. Dion Bowe, Jorge Alejandro Serrano Evers, and Colin Martinez are the current Directors of PCCP, which is now fully owned by Notarc Port Investment. I conducted a search and found PCCP's Public Registry Certificate of Good Standing dated 21st September 2023 which shows that Mr. Dion Bowe is the Director/President of PCCP, Mr. Jorge Alejandro Serrano Evers is the Director/Secretary and Mr. Colin Martinez is the Director/Treasurer, and I am not listed as having any role in

12



the document. Now shown to me and exhibited as "**ZL-10**" is a copy of the English translation of the Certificate of Good Standing for PCCP.

(c) Moreover, the webpage that the Claimant is relying on in support of its allegation that I am the current CEO of PCCP is in fact outdated. I instructed PCCP's information technology ("IT") personnel to engage a Panamanian webpage design company to establish and administer the webpage which webpage was active and being administered by PCCP's IT personnel until around 2020. In 2020, I laid off the IT personnel and the webpage was no longer updated. I do not have the necessary information on how to take the webpage down as the password of the server of that webpage was held solely by the Panamanian webpage design company who never gave me the necessary information to allow me to make changes to the webpage. I plan to contact them soon again to see if it is possible to delete the webpage.

(d) Furthermore, I also note that this outdated webpage of PCCP also lists Mr. Jorge Cumberbatch, a person I hired in 2018, as Chief Operating Officer however Mr. Cumberbatch left PCCP in May 2020. I do not know where Mr. Jorge Cumberbatch is currently working however I conducted an internet search of Mr. Jorge Cumberbatch and found his LinkedIn page which is exhibited as "**ZL-11**" which shows that Mr. Cumberbatch is currently the Vice President Operations of Asian Terminals Inc, a company unrelated to PCCP, and has been in that position since August 2022.

## Conclusion

41. Chairman Ye's assertions that I am the controlling/guiding mind behind the claimants to the Panama Arbitration are based on incorrect interpretations of documents, outdated webpages, and unsupported and conclusory statements which are simply untrue.

42. In response to paragraphs 19 and 20 I again deny that I am the "*controlling/guiding mind*" behind all the claimants to the Panama Arbitration and that all roads on the part of both the claimants and the respondents to the Panama Arbitration lead to me and I repeat paragraphs 7 to 9 and 32 to 40 above.

13

43.  In response to paragraphs 21 to 23 I deny that the Panama Arbitration is not a proceeding at arm's length between private independent individuals and that all of the parties to the Panama Arbitration are owned and/or controlled by me for the reasons already stated above. I further deny that all the parties to the Panama Arbitration are cooperating, in an effort to provide a veneer of legitimacy to the illegal transactions which are the primary issue in the Barbados Proceedings. In further response I repeat the fact that I do not own or control any of the claimants to the Panama Arbitration nor did I commence the Panama Arbitration.

44.  In response to paragraph 24 I state the following:

    (a)  I repeat the fact that I am not the ultimate beneficiary of any of the corporate Defendants to this action as I hold (and have always held) my interest in all of these companies for the benefit of Chairman Gao and now his estate.

    (b)  I repeat the fact that I am not the ultimate beneficiary of any of the parties to the Panama Arbitration.

    (c)  I am not a party to the Panama Arbitration which is an arbitration proceeding commenced by Notarc Port Investment, PCCP, United Crown Construction Inc., Central America Shopping Mall Inc., Isla Margarita Development, Inc., and Coastal Infrastructure Partners LLC, companies owned and controlled by persons who are not parties to these proceedings, against LHI and Coastal Infrastructure Trust No. 1.

    (d)  I am not and never have been an owner, shareholder, member, or interest holder of Coastal Infrastructure Trust No. 1, the other respondent in the Panama Arbitration.

    (e)  I have not conducted myself in any manner that is unconscionable and oppressive as alleged by Landbridge HK or at all.

45.  I make this Affidavit in response to Ye 8 and the Claimant's Application filed herein on 3rd January 2024. The Claimant has not provided this Court with any evidence which proves that I commenced the Panama Arbitration, that I control or am the controlling mind of any of the claimants to the Panama Arbitration or that the Panama Arbitration is not a bone fide Arbitration between independent parties. I

14



therefore urge this Honourable Court to dismiss the Claimant's Application with costs.

SWORN TO by the deponent the said )
**ZHANG LIANG** at )
This 17th day of January 2024 )

Before me:

Licda. ELA JAEN HERRERA
Notaría Pública Duodécima
del Circuito de Panamá
**NOTARY PUBLIC**      Primera Suplente

## **NOTARIAL CERTIFICATE**

I,                          of

Notary Public in and for

**DO HEREBY CERTIFY** that on the day written above **ZHANG LIANG**, known to me by due identification to be the executing party to the above-written **AFFIDAVIT**, personally came and appeared before me and in my presence did duly sign the same as and for his free and voluntary act and deed.

**IN TESTIMONY** whereof I have hereunto set my hand and affixed my seal of office this _____ day of January 2024.

NOTARY PUBLIC
Licda. ELA JAEN HERRERA
Notaría Pública Duodécima
del Circuito de Panamá
Primera Suplente

15



*SUPREME COURT OF BARBADOS*
*IN THE HIGH COURT OF JUSTICE*

CLAIM NO.    CV 0083/2023

IN THE MATTER of Landbridge Holdings Inc.

AND IN THE MATTER of section 228 of the Companies Act, Chapter 308 of the Laws of Barbados.

BETWEEN:

LANDBRIDGE PORT SERVICES (HONG KONG)    CLAIMANT
LIMITED

AND

| | |
|---|---|
| LANDBRIDGE HOLDINGS INC. | FIRST DEFENDANT |
| TINGYUN HAN | SECOND DEFENDANT |
| SINOLAM CONSULTING & TRADING HOLDING PTE | THIRD DEFENDANT |
| ZHANG LIANG | FOURTH DEFENDANT |
| GORGEOUS COLON HOLDINGS CO. LIMITED | FIFTH DEFENDANT |

---

**EXHIBITS TO ELEVENTH AFFIDAVIT OF ZHANG LIANG**
**(Filed on behalf of the Third, Fourth, and Fifth Defendants)**

---

These are the exhibits referred to in the Eleventh Affidavit of Zhang Liang and marked **ZL-1** to **ZL-11**

Llcda. ELA JAEN HERRERA
Notaria Pública Duodécima
NOTARY PUBLIC   del Circuito de Panamá
Primera Suplente

16



**TABLE OF CONTENTS TO EXHIBITS TO**
**ELEVENTH AFFIDAVIT OF ZHANG LIANG**
**(Filed on behalf of the Third, Fourth, and Fifth Defendants)**

| Exhibit number | Document | Page number |
|---|---|---|
| ZL-1 | Declaration of trust signed by Zhang Liang in October 2019 in respect of the shares held by him in Sinolam in favour of Chairman Gao | |
| ZL-2 | Copy of a letter dated 18th February 2021 from Notarc Management Group Latin America signed by its then CEO, Mr. Dion Bowe, to Chairman Gao authorising Shanghai Gorgeous Investment Development Co. Ltd to, among other things, to set up Notarc Hong Kong and the other Hong Kong SPV | |
| ZL-3 | Report produced by an independent auditor detailing the financial position of Notarc Hong Kong for the period from July 2021 to December 2022 | |
| ZL-4 | Copy of the letter dated 10th January 2024 from Hastings Attorneys-at-Law addressed to Paul Hastings LLP | |
| ZL-5 | chain of emails between Hastings Attorneys-at-Law and Paul Hastings LLP | |
| ZL-6 | Copy of the letter dated 15th January 2024 from Paul Hastings LLP to Hastings Attorneys-at-Law | |
| ZL-7 | Screenshot of online news reports: Mr. Leslie Bethel is listed as the CEO of the Notarc Management Group, and Mr. Dion Bowe is listed as the CEO of Notarc Port Investment | |
| ZL-8 | Screenshot of online news reports: Mr. Leslie Bethel is listed as the CEO of the Notarc Management Group, and Mr. Dion Bowe is listed as the CEO of Notarc Port Investment | |
| ZL-9 | Screenshot of online news reports: in May 2022, Notarc Port Investment LLC signed a joint venture partnership with Terminal Investment Limited ("TIL"), an affiliate of Mediterranean Shipping company ("MSC") | |
| ZL-10 | Copy of the English translation of the Certificate of Good Standing for PCCP | |
| ZL-11 | Mr. Jorge Cumberbatch's LinkedIn page showing that Mr. Cumberbatch is currently the Vice President Operations of Asian Terminals Inc | |

17

### DECLARATION OF TRUST

I, 张亮, a Chinese with my Chinese passport of EA7614373, do hereby declare as follows:

1. That the 1,000 shares now standing in my name in the books of SINOLAM CONSULTING&TRADING HOLDINGS PTE. LTD. do not belong to me but to Mr. Ko Tin Kwok/ 高天霸 (hereinafter referred to as "the Beneficial Owner" which expression shall include his personal representatives / successors in title and assigns); and that I hold the said share as nominee for the Beneficial Owner;

2. I hold the stock and share specified above and all dividends and interest accrued or to accrue upon the same including bonus rights and other privileges arising from such stock and share or any of them, upon trust for the Beneficial Owner and hereby agree to transfer pay and deal with this stock and share and the dividends and interest payable in respect thereof and any bonus rights and privileges arising there from in such manner as the Beneficial Owner shall from time to time direct; I do not actually enjoy any rights of the shareholders;

3. I agree to attend all meetings of stockholders, shareholders or otherwise which I shall be entitled to attend by virtue of being the registered holder of the said stock and share or any of them and to vote thereat as the Beneficial Owner shall direct, or alternatively to execute all proxies or other documents which shall be necessary or proper to enable the Beneficial Owner or his nominees to attend and vote at any such meeting;

4. If any conditional or preferential right to subscribe for share(s) or security(ies) or any other option shall be offered to me as holder of the said stock and shares or any of them or otherwise in respect thereof, or if any call shall be made upon any of the said stocks and shares other payment demanded in respect thereof, then I agree forthwith to give notice of such offer, call or demand to the Beneficial Owner and thereafter to act in relation thereto as the Beneficial Owner shall direct;

5. I agree that the Beneficial Owner have the unilateral rights to terminate this deed of DECLARATION OF TRUST without any consideration or any liability at any time when he believes is appropriate and I agree to execute all documents the Beneficial Owner shall direct.

SIGNED and DELIVERED

By Liang Zhang/张亮

[        ] Oct, 2019

## NOTARC MANAGEMENT GROUP LATIN AMERICA

### LETTER OF AUTHORIZATION

**18th, February 2021**

**Mr. Gao Tianguo**
**Shanghai Gorgeous Investment Development Co., Ltd**

Dear Mr. Gao,

We hereby authorize you as our authorized representative to act for and on behalf of our group company to incorporate two entities in Hong Kong, (a) PDF PANAMA LIMITED and (b) NOTARC GLOBAL INVESTMENTS LIMITED (collectively "Notarc Entities"), using the entities incorporated to acting in our name to conduct due diligence and preliminary negotiations with potential sellers and lenders of the following projects ("Projects"):

(i)      WEPARK Project, based in Henqin and Macao; and

(ii)      China Smarter Energy Project, based in Hong Kong.

The authorization shall be non-exclusive. You shall not have any authority to enter into, settle, approve, execute, deliver or issue any written binding documents or instruments, with any persons or entities, on our behalf or otherwise binding on us, without the prior written consent from us.

Once we decide to proceed with the acquisition of any of the Projects, you shall be obligated to transfer the 100% shares to us with a consideration of HK$ 1.00. In case we decide not to proceed with the acquisition of the Projects, you shall be obligated to dissolve the Notarc Entities.

The Authorization shall be valid from the date of this letter until revoked by us in writing.

For and on behalf of
**NOTARC MANAGEMENT GROUP LATIN AMERICA**

**Name:** Dion Bowe
**Title:** CEO

NOTARC GLOBAL INVESTMENTS LIMITED

(Incorporated in Hong Kong)

FOR THE PERIOD FROM 14 JULY 2021 (DATE OF INCORPORATION)
TO 31 DECEMBER 2022

**LI & KWOK**
CERTIFIED PUBLIC ACCOUNTANTS
李 郭 會 計 師 事 務 所

**NOTARC GLOBAL INVESTMENTS LIMITED**
**REPORTS AND FINANCIAL STATEMENTS**
**FOR THE PERIOD FROM 14 JULY 2021 (DATE OF INCORPORATION)**
**TO 31 DECEMBER 2022**

## CONTENTS

| | Pages |
|---|---|
| Report of the Director | 1 |
| Independent Auditor's Report | 2 to 4 |
| Income Statement | 5 |
| Statement of Financial Position | 6 |
| Notes to the Financial Statements | 7 to 9 |

**NOTARC GLOBAL INVESTMENTS LIMITED**
**REPORT OF THE DIRECTOR**

The director hereby submits his first annual report together with the audited financial statements for the period from 14 July 2021 (date of incorporation) to 31 December 2022.

**PRINCIPAL ACTIVITY**
The Company was dormant during the period.

**RESULTS**
The results of the Company during the period are set out in the income statement on page 5. The director does not recommend the payment of any dividend in respect of the period.

**SHARE CAPITAL**
Details of movements in the Company's share capital during the period are set out in note 6 to the financial statements.

**DIRECTOR**
The director who held office during the period and up to the date of this report was:

ZHANG, Liang        (appointed on 14 July 2021)

In accordance with the Company's Articles of Association, the directors shall retire from office and, being eligible, offer themselves for re-election.

**AUDITOR**
Messrs. LI & KWOK retire and, being eligible, offer themselves for re-appointment.

On behalf of the Board

**ZHANG, Liang**
**Director**
**Hong Kong**
6 July 2023



**LI & KWOK**
**Certified Public Accountants**

Room 1805-06, 18/F,
Hollywood Plaza,
610 Nathan Road,
Kowloon, Hong Kong.

### INDEPENDENT AUDITOR'S REPORT TO THE SHAREHOLDER OF
### NOTARC GLOBAL INVESTMENTS LIMITED

( Incorporated in Hong Kong with limited liability )

## Opinion

We have audited the financial statements of Notarc Global Investments Limited ("the Company") set out on pages 5 to 9, which comprise the statement of financial position as at 31 December 2022, and the income statement for the period then ended, and notes to the financial statements, including a summary of significant

In our opinion, the financial statements of the Company are prepared, in all material respects, in accordance with the Hong Kong Small and Medium-sized Entity Financial Reporting Standard ("SME-FRS") issued by the Hong Kong Institute of Certified Public Accountants ("HKICPA") and have been properly prepared in compliance with the Hong Kong Companies Ordinance.

## Basis for Opinion

We conducted our audit in accordance with Hong Kong Standards on Auditing ("HKSAs") and with reference to Practice Note 900 (Revised), Audit of Financial Statements Prepared in Accordance with the SME-FRS issued by the HKICPA. Our responsibilities under those standards are further described in the Auditor's Responsibilities for the Audit of the Financial Statements section of our report. We are independent of the Company in accordance with the HKICPA's Code of Ethics for Professional Accountants ("the Code"), and we have fulfilled our other ethical responsibilities in accordance with the Code. We believe that the audit evidence we have obtained is sufficient and appropriate to provide a basis for our opinion.

## Other Information

The director is responsible for the other information. The other information comprises the information included in the director's report, but does not include the financial statements and our auditor's report thereon.

Our opinion on the financial statements does not cover the other information and we do not express any form of assurance conclusion thereon.

In connection with our audit of the financial statements, our responsibility is to read the other information and, in doing so, consider whether the other information is materially inconsistent with the financial statements or our knowledge obtained in the audit or otherwise appears to be materially misstated. If, based on the work we have performed, we conclude that there is a material misstatement of this other information, we are required to report that fact. We have nothing to report in this regard.



李郭會計師事務所

**LI & KWOK**
**Certified Public Accountants**

Room 1805-06, 18/F,
Hollywood Plaza,
610 Nathan Road,
Kowloon, Hong Kong.

## INDEPENDENT AUDITOR'S REPORT TO THE SHAREHOLDER OF
## NOTARC GLOBAL INVESTMENTS LIMITED
( Incorporated in Hong Kong with limited liability )

**Responsibilities of Director and Those Charged with Governance for the Financial Statements**

The director is responsible for the preparation of the financial statements in accordance with the SME-FRS issued by the HKICPA and the Hong Kong Companies Ordinance, and for such internal control as the director determine is necessary to enable the preparation of financial statements that are free from material misstatement, whether due to fraud or error.

In preparing the financial statements, the director is responsible for assessing the Company's ability to continue as a going concern, disclosing, as applicable, matters related to going concern and using the going concern basis of accounting unless the director either intends to liquidate the Company or to cease operations, or has no realistic alternative but to do so.

Those charged with governance are responsible for overseeing the Company's financial reporting process.

**Auditor's Responsibilities for the Audit of the Financial Statements**

Our objectives are to obtain reasonable assurance about whether the financial statements as a whole are free from material misstatement, whether due to fraud or error, and to issue an auditor's report that includes our opinion. Reasonable assurance is a high level of assurance, but is not a guarantee that an audit conducted in accordance with HKSAs will always detect a material misstatement when it exists. Misstatements can arise from fraud or error and are considered material if, individually or in the aggregate, they could reasonably be expected to influence the economic decisions of users taken on the basis of these financial statements.

As part of an audit in accordance with HKSAs, we exercise professional judgment and maintain professional skepticism throughout the audit. We also:

- Identify and assess the risks of material misstatement of the financial statements, whether due to fraud or error, design and perform audit procedures responsive to those risks, and obtain audit evidence that is sufficient and appropriate to provide a basis for our opinion. The risk of not detecting a material misstatement resulting from fraud is higher than for one resulting from error, as fraud may involve collusion, forgery, intentional omissions, misrepresentations, or the override of internal control.

- Obtain an understanding of internal control relevant to the audit in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the Company's internal control.

- Evaluate the appropriateness of accounting policies used and the reasonableness of accounting estimates and related disclosures made by the director.

李
郭
會
計
師
事
務
所

**LI & KWOK**

**Certified Public Accountants**

Room 1805-06, 18/F,
Hollywood Plaza,
610 Nathan Road,
Kowloon, Hong Kong.

### INDEPENDENT AUDITOR'S REPORT TO THE SHAREHOLDER OF
### NOTARC GLOBAL INVESTMENTS LIMITED
( Incorporated in Hong Kong with limited liability )

**Auditor's Responsibilities for the Audit of the Financial Statements (Cont'd)**

- Conclude on the appropriateness of the director's use of the going concern basis of accounting and, based on the audit evidence obtained, whether a material uncertainty exists related to events or conditions that may cast significant doubt on the Company's ability to continue as a going concern. If we conclude that a material uncertainty exists, we are required to draw attention in our auditor's report to the related disclosures in the financial statements or, if such disclosures are inadequate, to modify our opinion. Our conclusions are based on the audit evidence obtained up to the date of our auditor's report. However, future events or conditions may cause the Company to cease to continue as a going concern.

We communicate with those charged with governance regarding, among other matters, the planned scope and timing of the audit and significant audit findings, including any significant deficiencies in internal control that we identify during our audit.

**LI & KWOK**
**Certified Public Accountants**
Hong Kong,
6 July 2023

NOTARC GLOBAL INVESTMENTS LIMITED
INCOME STATEMENT
FOR THE PERIOD FROM 14 JULY 2021 (DATE OF INCORPORATION)
TO 31 DECEMBER 2022

| | Note | HK$ |
|---|---|---|
| REVENUE | | -- |
| ADMINISTRATIVE EXPENSES | | (5,970) |
| LOSS BEFORE TAX | 2 | (5,970) |
| INCOME TAX EXPENSE | 4 | -- |
| LOSS FOR THE PERIOD | | (5,970) |

The accompanying Accounting Policies and Explanatory Notes form an integral part of, and should be read in conjunction with, these financial statements.

**NOTARC GLOBAL INVESTMENTS LIMITED**
**STATEMENT OF FINANCIAL POSITION**
**AS AT 31 DECEMBER 2022**

|  | Note | HK$ |
|---|---|---|
| **CURRENT ASSETS** |  |  |
| Amount due from a director | 5 | 4,998,030 |
|  |  |  |
| **CURRENT LIABILITIES** |  |  |
| Accrued charges |  | 4,000 |
|  |  |  |
| **NET CURRENT ASSETS** |  | 4,994,030 |
|  |  |  |
| **NET ASSETS** |  | 4,994,030 |
| **EQUITY** |  |  |
| Share capital | 6 | 5,000,000 |
| Accumulated losses | 7 | (5,970) |
|  |  | 4,994,030 |

**Approved on behalf of the Board by:**

**ZHANG, Liang**
**Director**
**6 July 2023**

The accompanying Accounting Policies and Explanatory Notes form an integral part of, and should be read in conjunction with, these financial statements

NOTARC GLOBAL INVESTMENTS LIMITED
ACCOUNTING POLICIES AND EXPLANATORY NOTES TO THE FINANCIAL STATEMENTS
FOR THE PERIOD FROM 14 JULY 2021 (DATE OF INCORPORATION)
TO 31 DECEMBER 2022

## REPORTING ENTITY

Notarc Global Investments Limited ("the Company") is a company incorporated in Hong Kong with limited liability. The Company's registered office is located at Unit 2302, 23/F, New World Tower 1, 18 Queen's Road Central, Hong Kong. The Company was dormant during the period.

## 1   BASIS OF PREPARATION AND ACCOUNTING POLICIES

The Company qualifies for the reporting exemption as a small private company under section 359(1)(a) of the Hong Kong Companies Ordinance (Cap. 622) and is therefore entitled to prepare and present its financial statements in accordance with the Small and Medium-sized Entity Financial Reporting Standard ("SME-FRS") issued by the Hong Kong Institute of Certified Public Accountants.

These financial statements comply with the SME-FRS and have been prepared under the accrual basis of accounting and on the basis that the Company is a going concern.

The measurement base adopted is the historical cost convention.

The following are the specific accounting policies that are necessary for a proper understanding of the financial statements:

### (a) Taxation

Income tax expense represents current tax expense. The income tax payable represents the amounts expected to be paid to the taxation authority, using the tax rates (and tax laws) that have been enacted or substantively enacted by the end of the reporting period.

Deferred tax is not provided.

### (b) Impairment of assets

An assessment is made at the end of each reporting period to determine whether there is any indication of impairment or reversal of previous impairment, including items of amount due from related parties. In the event that an asset's carrying amount exceeds its recoverable amount, the carrying amount is reduced to recoverable amount and an impairment loss is recognised in the income statement. A previously recognised impairment loss is reversed only if there has been a change in the estimates used to determine the recoverable amount, however not to an amount higher than the carrying amount that would have been determined (net of amortisation or depreciation), had no impairment losses been recognised for the asset in prior years.

NOTARC GLOBAL INVESTMENTS LIMITED
ACCOUNTING POLICIES AND EXPLANATORY NOTES TO THE FINANCIAL STATEMENTS
FOR THE PERIOD FROM 14 JULY 2021 (DATE OF INCORPORATION)
TO 31 DECEMBER 2022

1    BASIS OF PREPARATION AND ACCOUNTING POLICIES (CONT'D)

(c) **Related parties**

A related party is a person or entity that is related to the entity that is preparing its financial statements (the "reporting entity").

(i) A person or a close member of that person's family is related to a reporting entity if that person:

(a) has control or joint control over the reporting entity;

(b) has significant influence over the reporting entity; or

(c) is a member of the key management personnel of the reporting entity or of a parent of the reporting entity.

(ii) An entity is related to a reporting entity if any of the following conditions applies:

(a) The entity and the reporting entity are members of the same group (which means that each parent, subsidiary and fellow subsidiary is related to the others).

(b) One entity is an associate or joint venture of the other entity (or an associate or joint venture of a member of a group of which the other entity is a member).

(c) Both entities are joint ventures of the same third party.

(d) One entity is a joint venture of a third entity and the other entity is an associate of the third entity.

(e) The entity is a post-employment benefit plan for the benefit of employees of either the reporting entity or an entity related to the reporting entity. If the reporting entity is itself such a plan, the sponsoring employers are also related to the reporting entity.

(f) The entity is controlled or jointly controlled by a person identified in (i).

(g) A person identified in (i)(a) has significant influence over the entity or is a member of the key management personnel of the entity (or of a parent of the entity).

2    LOSS BEFORE TAX

Loss before tax is arrived at after charging the following items:

| | HK$ |
|---|---|
| Auditor's remuneration | 4,000 |
| Incorporation fee | 1,720 |

3    DIRECTOR'S EMOLUMENTS

The director did not receive or will not receive any fees or emoluments in respect of his services to the Company during the period.

4    INCOME TAX EXPENSE

Hong Kong Profits Tax has been provided at the rate of 16.5% for the estimated assessable profit arising in Hong Kong during the period.

Hong Kong Profits Tax has not been provided as the Company sustained an estimated loss for period.

NOTARC GLOBAL INVESTMENTS LIMITED
ACCOUNTING POLICIES AND EXPLANATORY NOTES TO THE FINANCIAL STATEMENTS
FOR THE PERIOD FROM 14 JULY 2021 (DATE OF INCORPORATION)
TO 31 DECEMBER 2022

5  **AMOUNT DUE FROM A DIRECTOR**

Loan to a director of the Company disclosed pursuant to section 383(1)(d) of the Companies Ordinance are as follows:

| Name of borrower | Balance at period end HK$ | Maximum outstanding during the period HK$ |
|---|---|---|
| ZHANG, Liang | 4,998,030 | 5,000,000 |

The amount due from a director is unsecured, interest-free and repayable on demand.

6  **SHARE CAPITAL**

| | HK$ |
|---|---|
| Issued and fully paid: | |
| 5,000,000 ordinary shares | 5,000,000 |

The Company was incorporated in Hong Kong with limited liability on 14 July 2021 and 5,000,000 ordinary shares issued at a consideration of HK$5,000,000 to provide initial working capital for the Company.

7  **CHANGES IN EQUITY**

| | Share capital HK$ | Accumulated losses HK$ | Total HK$ |
|---|---|---|---|
| Issued on incorporation | 5,000,000 | -- | 5,000,000 |
| Loss for the period | -- | (5,970) | (5,970) |
| Balance as at 31 December 2022 | 5,000,000 | (5,970) | 4,994,030 |

8  **APPROVAL OF FINANCIAL STATEMENTS**

These financial statements were authorised for issue by the Company's Director on 6 July 2023.



*"Chelsea House"*
*Chelsea Road,*
*St Michael, BB14022, Barbados, W.I.*
*Telephone: (246) 228-9420/427-9264*
*Facsimile: (246) 429-8056*

*Barry L.V. Gale, S.C., LLB (Hons)*

*Senior Associate:*
*Jacqueline R.M. Chacko, BA (Hons), LLM*

*Associates:*
*Laura F. Harvey-Read, LLB (Hons)*
*Mawena S. DeC. Maynard, LLB (Hons)*
*Shirley Beharre Procope, LLB (Hons)*
*Micaela M. Pile, LLB (Hons)*

**Ref: Liang Zhang-00001**

10th January 2024

**BY EMAIL ONLY:** joeprofaizer@paulhastings.com
bradbondi@paulhastings.com

Joseph R. Profaizer
Brad Bondi
Paul Hastings LLP
2050 M Street, N.W.
Washington, DC 20036

Dear Sirs,

**Re:  CV 0083/2023 Landbridge Port Services (Hong Kong) Limited v Landbridge Holdings Inc, Tingyun Han, Sinolam Consulting & Trading Holding PTE, Liang Zhang and Gorgeous Colon Holdings Co. Limited**

We refer to the captioned and write to advise that we act for and on behalf of Sinolam Consulting & Trading Holdings PTE., Mr Liang Zhang ("**Mr Zhang**"), and Gorgeous Colon Holdings Co. Limited (collectively, "**our clients**"). Our clients are, respectively, the Third, Fourth and Fifth Defendants in the captioned claim filed by Landbridge Port Services (Hong Kong) Limited ("**Landbridge HK**") in the High Court of Justice of Barbados (the "**Barbados Litigation**").

We are instructed by our clients that you act on behalf of Notarc Port Investment LLC, Panama Colon Container Port, Inc. ("**PCCP**"), United Crown Construction Inc., Central America Shopping Mall Inc., Isla Margarita Development, Inc., and Coastal Infrastructure Partners LLC (collectively, "**your clients**"). We have been further instructed that your clients have filed an arbitration under the Arbitration Regulation of the Conciliation and Arbitration Centre of Panama ("**CeCAP**") against Landbridge Holdings, Inc. ("**LHI**") and Coastal Infrastructure Trust No. 1. ("**Coastal Trust**") (the "**Panama Arbitration**"). None of our clients is a party to the Panama Arbitration.

Ref: Liang Zhang-00001

10th January 2024

Joseph R. Profaizer
Brad Bondi
Paul Hastings LLP

**Re:     CV 0083/2023 Landbridge Port Services (Hong Kong) Limited v Landbridge Holdings Inc, Tingyun Han, Sinolam Consulting & Trading Holding PTE, Liang Zhang and Gorgeous Colon Holdings Co. Limited**

On 3rd January 2024, Landbridge HK filed an application in the Barbados Litigation which, in essence, seeks to enjoin the continuance of the Panama Arbitration (the "**Application**") on the purported basis that Mr. Zhang is the ultimate sole shareholder of Notarc Port Investment LLC and is the controlling/guiding mind behind all of the Claimants to the Panama Arbitration.

In support of the Application, Landbridge HK has filed an Affidavit of Cheng Ye (the "**Ye Affidavit**") a copy of which is enclosed for your reference. The following pertinent allegations are made in the Ye Affidavit:

a) "*By LLC Membership Certificate of Notarc Port Investment LLC ("Notarc") dated May 18, 2022 and annexed at Exhibit CE-12 of the Panama Arbitration, Notarc is stated to be wholly owned by Notarc Global Investments Limited ("Notarc Global"). […] Notarc Global is a Hong Kong company established by Mr. Liang Zhang on July 14, 2021 and whose sole shareholder, from inception to present, is Mr. Liang Zhang, the Fourth Defendant herein*" (paragraphs 16 and 17).

b) "*Mr. Liang Zhang is also the CEO of Panama Colon Container Port Inc. ("PCCP"); one of the Panama Project Companies and a Claimant to the Panama Arbitration*" (paragraph 18).

c) "*Mr. Liang Zhang is also the controlling/guiding mind behind all the Claimants to the Arbitration Lawsuit*" (paragraph 19).

d) "*[I]t cannot be said that the Panama Arbitration is a proceeding at arm's length between private independent individuals*" (paragraph 21).

We are instructed by Mr. Zhang that he neither owns (beneficially or otherwise) Notarc Port Investment LLC nor any of the other Claimants to the Panama Arbitration. He has similarly instructed us that he currently is neither the CEO nor a director of PCCP. Our clients therefore intend to oppose the Application and are under a deadline to do so on or before 17th January

Ref: Liang Zhang-00001

10th January 2024

Joseph R. Profaizer
Brad Bondi
Paul Hastings LLP

**Re:**   **CV 0083/2023 Landbridge Port Services (Hong Kong) Limited v Landbridge Holdings Inc, Tingyun Han, Sinolam Consulting & Trading Holding PTE, Liang Zhang and Gorgeous Colon Holdings Co. Limited**

2024 and we should be grateful if you would clarify, by way of a letter in response attaching any and all supporting documents that you may have no later than 15th January 2024, the following:

1. Who is and was the shareholder/s and ultimate beneficial owner of Notarc Port Investment LLC from January 2022 to present?

2. Who are the current directors and shareholders of Notarc Global Investments Limited, the company named in the LLC Membership Certificate of Notarc Port Investment LLC dated May 18, 2022 and Exhibit CE-12 to the Panama Arbitration?

3. Who are and were the CEO and Directors of PCCP from March 2022 to present as the website[1] still has Mr. Zhang listed as the CEO?

We look forward to your timely response to the above questions and to any other information or documentation that you may have that addresses the allegations made in the Ye Affidavit and in the interim our clients reserve all of their rights and remedies and this letter should not be seen or construed as any of our clients' submission to the jurisdiction of the arbitrators in the Panama Arbitration or the Panamanian Courts.

Yours faithfully,
**HASTINGS ATTORNEYS-AT-LAW**

**PER: Laura F. Harvey-Read**
*Barrister & Attorney-at-Law*
*Associate*

cc: Liang Zhang

---

[1] http://www.pccp.com.pa/pccp/index.php/empleo/nuestra-gente/125-mr-liang-zhang.

**RE: Supreme Court of Barbados - CV 0083/2023 Landbridge Port Services (Hong Kong) Limited v Landbridge Holdings Inc, Tingyun Han, Sinolam Consulting & Trading Holding PTE, Liang Zhang and Gorgeous Colon Holdings Co. Limited**

Profaizer, Joseph R. <joeprofaizer@paulhastings.com>

Sun 2024-01-14 11:37 AM

To:Laura Harvey-Read <LRead@hastings-attorneys.com>
Cc:James Gale <jamesgale@3harecourt.com>;Barry Gale <BGale@hastings-attorneys.com>;Shanell Latchman <SLatchman@hastings-attorneys.com>;Bondi, Brad <bradbondi@paulhastings.com>;PCCP-PH <PCCP-PH@paulhastings.com>

Dear Ms. Harvey-Read:

Thank you for your prompt response, which I confirm provides the information that we requested below. We'll be responding to your 10 January 2024 tomorrow (on Monday, January 15).

Should you have any questions, please do not hesitate to let us know.

Kind regards. Joe Profaizer

**From:** Laura Harvey-Read <LRead@hastings-attorneys.com>
**Sent:** Sunday, January 14, 2024 10:07 AM
**To:** Profaizer, Joseph R. <joeprofaizer@paulhastings.com>
**Cc:** James Gale <jamesgale@3harecourt.com>; Barry Gale <BGale@hastings-attorneys.com>; Shanell Latchman <SLatchman@hastings-attorneys.com>; Bondi, Brad <bradbondi@paulhastings.com>
**Subject:** [EXT] Re: Supreme Court of Barbados - CV 0083/2023 Landbridge Port Services (Hong Kong) Limited v Landbridge Holdings Inc, Tingyun Han, Sinolam Consulting & Trading Holding PTE, Liang Zhang and Gorgeous Colon Holdings Co. Limited

Dear Mr. Profaizer,

I refer to your email below and attach hereto the Application and the link to the Affidavit 🖼 _2023-12-27 Affidavit in Response to Variation (C - Ye 7).pdf_ as requested. We trust that you are now in receipt of sufficient information and are able to respond to our 10th January 2024 letter soonest.

Kind regards,

**Mrs Laura F. Harvey-Read** _LL B (Hons)_
_Barrister & Attorney-at-Law_

**Hastings Attorneys-at-Law**
"Chelsea House"
Chelsea Road BB14022 | St. Michael | BARBADOS

Tel: (246) 228-9420 |
Fax: (246) 429-8056 | Email: LRead@hastings-attorneys.com

The information contained in this communication is intended solely for the use of the individual or entity to whom it is addressed and others authorized to receive it. It may contain confidential or legally privileged information. If you are not the intended recipient you are hereby notified that any disclosure, copying, distribution or taking any action in reliance on the contents of this information is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by responding to this email and then delete it from your system. Hastings Attorneys-at-Law is neither liable for the proper and complete transmission of the information contained in this communication nor for any delay in its receipt. E-mail transmission cannot be guaranteed to be secure or error free as information could be intercepted, changed, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Hastings Attorneys-at-Law does not accept liability for any errors or omissions in the contents of this message.

**From:** Profaizer, Joseph R. <joeprofaizer@paulhastings.com>
**Sent:** 12 January 2024 3:54 PM
**To:** Laura Harvey-Read <LRead@hastings-attorneys.com>

Cc: James Gale <jamesgale@3harecourt.com>; Barry Gale <BGale@hastings-attorneys.com>; Shanell Latchman <SLatchman@hastings-attorneys.com>; Bondi, Brad <bradbondi@paulhastings.com>

**Subject:** RE: Supreme Court of Barbados - CV 0083/2023 Landbridge Port Services (Hong Kong) Limited v Landbridge Holdings Inc, Tingyun Han, Sinolam Consulting & Trading Holding PTE, Liang Zhang and Gorgeous Colon Holdings Co. Limited

Dear Ms. Harvey-Read,

We are in receipt of your email dated 10 January 2024 and its contents, which includes a letter from Hastings Attorneys-At-Law ("**Letter**"). We are in the process of responding to your Letter. We have a follow-up request for the following:

1. We understand that a Notice of Application should accompany Cheng Ye's Affidavit. We ask that you please share this document with us.
2. Paragraph 18 of Cheng Ye's Affidavit refers to another affidavit filed by him on December 27, 2023 in which Mr. Ye claims that Mr. Liang Zhang is the CEO of Panama Colon Container Port Inc. We ask that you please share this affidavit with us.

We look forward to receiving your follow-up correspondence.

Thank you. Joe Profaizer



**Joe Profaizer | Partner and Global Co-Chair, International Arbitration Practice**
Paul Hastings LLP | 2050 M Street, N.W., Washington, DC 20036, United States of America
| Direct: +1.202.551.1860 | Main: +1.202.551.1700 | joeprofaizer@paulhastings.com | www.paulhastings.com

**From:** Laura Harvey-Read <LRead@hastings-attorneys.com>
**Sent:** Wednesday, January 10, 2024 7:30 AM
**To:** Profaizer, Joseph R. <joeprofaizer@paulhastings.com>; Bondi, Brad <bradbondi@paulhastings.com>
**Cc:** James Gale <jamesgale@3harecourt.com>; Barry Gale <BGale@hastings-attorneys.com>; Shanell Latchman <SLatchman@hastings-attorneys.com>; KZ <kennethzhang.esq@gmail.com>
**Subject:** [EXT] Supreme Court of Barbados - CV 0083/2023 Landbridge Port Services (Hong Kong) Limited v Landbridge Holdings Inc, Tingyun Han, Sinolam Consulting & Trading Holding PTE, Liang Zhang and Gorgeous Colon Holdings Co. Limited

Dear Mr. Profaizer and Mr. Bondi,

Kindly find attached letter of even date together with the enclosure for your attention.

Kind regards,

**Mrs Laura F. Harvey-Read** *LL B (Hons)*
*Barrister & Attorney-at-Law*

**Hastings Attorneys-at-Law**
"Chelsea House"
Chelsea Road BB14022 | St. Michael | BARBADOS

Tel: (246) 228-9420 |
Fax: (246) 429-8056 | Email: LRead@hastings-attorneys.com

The information contained in this communication is intended solely for the use of the individual or entity to whom it is addressed and others authorized to receive it. It may contain confidential or legally privileged information. If you are not the intended recipient you are hereby notified that any disclosure, copying, distribution or taking any action in reliance on the contents of this information is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by responding to this email and then delete it from your system. Hastings Attorneys-at-Law is neither liable for the proper and complete transmission of the information contained in this communication nor for any delay in its receipt. E-mail transmission cannot be guaranteed to be secure or error free as information could be intercepted, changed, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Hastings Attorneys-at-Law does not accept liability for any errors or omissions in the contents of this message.

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.



+1 (202) 551-1860
joeprofaizer@paulhastings.com

15 January 2024

**_By E-mail and Overnight Mail_**

Mr. Barry L.V. Gale, S.C. (BGale@hastings-attorneys.com)
Ms. Laura F. Harvey-Read (lread@hastings-attorneys.com)
Hastings Attorneys-At-Law
Chelsea House, Chelsea Road
St. Michael, BB14022
Barbados

  Re: Response to Letter dated 10 January 2024 from Sinolam Consulting & Trading
    Holding PTE., Liang ("Kenneth") Zhang and Gorgeous Colon Holdings Co. Limited
    to Paul Hastings LLP

Dear Mr. Gale and Ms. Harvey-Read:

  We are in receipt of your letter dated 10 January 2024 to us, Paul Hastings LLP, counsel
to Notarc Port Investment LLC in arbitration proceedings initiated by our client before the
Conciliation and Arbitration Center of Panama on 26 September 2023 (the "**Panama
Arbitration**"), against Landbridge Holdings Inc. ("**LHI**") and Coastal Infrastructure Trust No. 1
(the "**10 January Letter**").  The 10 January Letter attaches the "Affidavit of Richelle Maria
Nichols" (the "**Affidavit**") dated 3 January 2024, which we understand that Landbridge Port
Services (Hong Kong) Limited ("**Landbridge Hong Kong**" or "**Claimant**") filed in the
Supreme Court of Barbados in the High Court of Justice.  Upon our request to you on 12 January
2024 for additional documents that may be relevant to our letter response, on 14 January 2024,
we received from you (1) a copy of Landbridge Hong Kong's "Notice of Application" dated
3 January 2024,[1] and (2) the "Affidavit in Response to the Variation Affidavit" dated
27 December 2023.  Paul Hastings provides these responses as attorneys based on our review of
the available records and as instructed by our client.

  Based on our review of the 10 January Letter and the Claimant's Barbados Application,
the allegations in the Claimant's Barbados Application that Notarc Port Investment LLC is
owned and controlled by Liang ("Kenneth") Zhang ("Mr. Zhang") are entirely incorrect.  In

---

[1] The Notice of Application and the Affidavit dated 3 January 2024 are collectively referred to in this letter
as "**Claimant's Barbados Application**."



Mr. Barry L.V. Gale, S.C.
Ms. Laura F. Harvey-Read
Hastings Attorneys-At- Law
15 January 2024
Page 2

short, (1) Messrs. Leslie C. Bethel and Dion L. Bowe (not Mr. Zhang) have owned and controlled 100% of Notarc Port Investment LLC from its formation to the present, and (2) Mr. Zhang is not, and has not been, the CEO (or an officer or a director) of Panama Colon Container Port, Inc. ("**PCCP**") or of any of the other Panamanian Group Companies[2] since at least March 2022 (when LHI sold its majority shareholding in the Panamanian Group Companies to Notarc Port Investment LLC (owned by Messrs. Bethel and Bowe)). Simply put, Claimant's new allegations with respect to the ownership of Notarc Port Investment LLC—which Claimant raises for the first time in Claimant's Barbados Application and did not raise directly with us—are completely wrong and should be rejected.

In the 10 January Letter, you present certain questions to, and request certain information from, our client, to which we respond in summary form immediately below.

"1. Who is and was the shareholder/s and ultimate beneficial owner of Notarc Port Investment LLC from January 2022 to present?"

Short answer: Messrs. Leslie C. Bethel and Dion L. Bowe (and not Mr. Zhang) have been the owners of Notarc Port Investment LLC from its formation on 18 November 2021 to the present (both prior to and after the time that Notarc Port Investment LLC purchased the Panamanian Group Companies on 22 March 2022). Mr. Zhang is not, and never has been, a membership interest holder, shareholder, member, or owner (beneficially or otherwise) of any portion of Notarc Port Investment LLC.

"2. Who are the current directors and shareholders of Notarc Global Investments Limited, the company named in the LLC Membership Certificate of Notarc Port Investment LLC dated May 18, 2022 and Exhibit CE-12 to the Panama Arbitration?"

Short answer: As discussed further below, "Notarc Global Investments Limited" (Delaware) is the trade name for Notarc Investment Partners LLC. Notarc Investment Partners LLC d/b/a Notarc Global Investments Limited (Delaware) has no directors and the membership interest holders are Messrs. Leslie C. Bethel and Dion L. Bowe. Mr. Zhang is not, and never has been, a member, membership interest holder, shareholder, director, or officer, of Notarc Investment Partners LLC d/b/a Notarc Global Investments Limited (Delaware).

---

[2]　　　　Panama Colon Container Port, Inc., United Crown Construction Inc., Central America Shopping Mall Inc. and Isla Margarita Development Inc. collectively are the "**Panamanian Group Companies.**"



Mr. Barry L.V. Gale, S.C.
Ms. Laura F. Harvey-Read
Hastings Attorneys-At- Law
15 January 2024
Page 3

"3.  Who are and were the CEO and Directors of PCCP from March 2022 to present as the website still has Mr. Zhang listed as the CEO?"

> <u>Short answer</u>:  From March 2022 to the present, Mr. Zhang has not been the CEO, officer, or director of PCCP or any of the other Panamanian Group Companies.  PCCP does not have a formal CEO.  Since March 2022, when Notarc Port Investment LLC purchased the Panamanian Group Companies, Mr. Dion Bowe has been the Director and President (*"Director Presidente"*) of PCCP and responsible for operations of PCCP.

Below we provide more detailed factual responses to the 10 January Letter's query regarding Notarc Port Investment LLC's ownership and control since March 2022.

With respect to the first and second questions set forth in your 10 January Letter, we provide the following further response and documentation.

Notarc Port Investment LLC was formed on 18 November 2021 in the State of Delaware, U.S.A. pursuant to the filing of its Certificate of Formation with the Secretary of State of the State of Delaware (Delaware File Number 6403716).  (*See* Exhibit 1).

As of 18 March 2022, Notarc Port Investment LLC's 100% membership interest was held by Notarc Investment Partners LLC.  (*See* Exhibit 2).

Notarc Investment Partners LLC was formed on 30 September 2021 in the State of Delaware, U.S.A. pursuant to the filing of its Certificate of Formation with the Secretary of State of the State of Delaware (Delaware File Number 6273088), with two members: Messrs. Leslie C. Bethel and Dion L. Bowe, who each hold a 50% membership interest.  (*See* Exhibits 3–5).

Notarc Investment Partners LLC attempted to create a trade name "Notarc Global Investments Limited" (the "**Trade Name**"), as reflected in a signed and notarized Registration of Trade, Business & Fictitious Name Supplemental Certificate dated 10 May 2022.  (*See* Exhibit 6).  This Certificate contains a reference to File No. 6273088, which is Notarc Port Investment LLC's File Number in its formation document.  (*Compare* Exhibit 6 *with* Exhibit 3).  The Trade Name "Notarc Global Investments Limited" was intended to apply to Notarc Investment Partners LLC.

To conform Notarc Port Investment LLC's LLC Membership Certificate to the newly acquired Trade Name, eight days later (on 18 May 2022), Notarc Port Investment LLC prepared and issued a new LLC Membership Certificate designating "Notarc Global Investments Limited" as its 100% member.  (*See* Exhibit 7, which is "Exhibit CE-12" in the Panama Arbitration).



Mr. Barry L.V. Gale, S.C.
Ms. Laura F. Harvey-Read
Hastings Attorneys-At- Law
15 January 2024
Page 4

Following receipt of Claimant's Barbados Application, Paul Hastings sought to obtain the public filing and registration of the Notarc Investment Partners LLC's Trade Name to learn that the Trade Name was not publicly available. Paul Hastings subsequently enquired with the Kent County's Trade, Business & Fictitious Name department to learn that Notarc Investment Partners LLC had filed the incorrect certificate for registering its trade name on 10 May 2022.[3] Although Notarc Investment Partners LLC should have filed an (original) registration certificate,[4] Notarc Investment Partners LLC instead filed a supplemental certificate.[5]

To rectify this administrative error, Notarc Investment Partners LLC now has filed a registration certificate to register the Trade Name. The Prothonotary at Kent County Delaware has duly acknowledged receipt of the request for registration of Notarc Investment Partners LLC's trade name as "Notarc Global Investments Limited".[6] (*See* Exhibit 8). To provide further clarity regarding the alleged dispute that Claimant's Barbados Application raises (and to reflect the actual ownership and control of Notarc Investment Partners LLC), once the trade name "Notarc Global Investments Limited" is made public, Notarc Port Investment LLC will re-issue its Membership Certificate to denominate its 100% member as "Notarc Investment Partners LLC *dba* Notarc Global Investments Limited." The proposed final draft of the LLC Membership Certificate is attached as Exhibit 9. (*See* Exhibit 9).[7]

Significantly, the Hong Kong entity "Notarc Global Investments Limited" that Claimant's Barbados Application references (the "**Notarc Hong Kong Entity**") is *not the same* entity that is referenced on the Notarc Port Investment LLC's LLC Membership Certificate and upon which the Claimant's Barbados Application relies. The Notarc Hong Kong Entity is a

---

[3]     Notarc Investment Partners LLC did not receive any acknowledgement or clarification from the Trade, Business & Fictitious Name department in Kent County, Delaware that this document was not received and/or registered. We understand that this Department does not send out acknowledgements in the usual course unless specifically requested.

[4]     https://courts.delaware.gov/superior/pdf/fictitious_names_registration_CERTIFICATE_1009.pdf

[5]     https://courts.delaware.gov/superior/pdf/fictitious_names_registration_SUPPLEMENTAL_1009.pdf

[6]     We understand that the Trade, Business & Fictitious Name department in Kent County, Delaware will take approximately two weeks to update its website to reflect the Trade Name.

[7]     There is another entity owned by the Notarc Management Group named Notarc Global Investments Limited LLC, which was formed on 3 June 2022 in the State of Delaware, U.S.A. pursuant to the filing of a Certificate of Formation with the Secretary of State of the State of Delaware (Delaware File Number 6834964). (*See* Exhibit 10). This entity has not been used to conduct business or generate revenue. Although similar to the trade name "Notarc Global Investments Limited", this entity Notarc Global Investments Limited LLC is not related to either the discussions above regarding Notarc Investment Partners LLC's trade name or the ownership of Notarc Port Investment LLC.

Paul Hastings LLP | 2050 M Street, N.W. | Washington, D.C.
t: +1.202.551.1700 | www.paulhastings.com


Mr. Barry L.V. Gale, S.C.
Ms. Laura F. Harvey-Read
Hastings Attorneys-At- Law
15 January 2024
Page 5

*different* entity, which was created on 14 July 2021 by Mr. Zhang with Notarc Management Group's authorization granted to Mr. Gao Tianguo (at Shanghai Gorgeous Investment Development Co., Ltd.) for the purpose of representing Notarc Management Group in undertaking potential projects in Hengqin, Macao and Hong Kong, P.R.C.[8]  These separate projects never materialized, never generated any revenue, and are completely unrelated to Notarc Port Investment LLC, PCCP and/or the Panamanian Group Companies.  Pursuant to the authorization granted by Notarc Management Group, if the projects did not proceed, Mr. Gao Tianguo was required to dissolve the Notarc Hong Kong Entity, but that paperwork was not filed with the Hong Kong authorities.  We understand that Mr. Zhang is promptly taking steps with the proper authorities in Hong Kong to dissolve the Notarc Hong Kong Entity, which Messrs. Bethel and Bowe fully support.

With respect to third question contained in your 10 January Letter (and as set forth above), we provide the following further response and documentation.

Contrary to the allegations in the Claimant's Barbados Application that Mr. Zhang is the current CEO of PCCP, our review of PCCP's corporate records reveals that PCCP's current directors are Messrs. Dion Bowe, Jorge Alejandro Serrano Evers, and Colin Martinez.  (*See* Exhibit 11).  Mr. Zhang is not listed as a CEO, director or officer of PCCP.  (*See* Exhibit 12).  As PCCP's corporate documents further reveal, Mr. Zhang has not been an officer or director of PCCP since September 2019.  (*See* Exhibits 13 & 15).[9]  Claimant Landbridge Hong Kong's exhibit from the "pccp.com.pa" website[10] is not a legal document that serves the purpose of indicating a corporate director; rather, that exhibit represents merely a website/domain that neither Messrs. Leslie C. Bethel and Dion L. Bowe nor Notarc Port Investment LLC (nor anyone under their control) has ever owned or controlled.  This website is understood to have been owned by the prior owner of PCCP *before* the sale of the Panamanian Group Companies in March 2022 to Notarc Port Investment LLC and simply has not been updated or removed from

---

[8]     The name "Notarc Global Investments Limited" was chosen for compliance, conformity and marketing reasons.

[9]     On or about 9 March 2016, PCCP granted Mr. Zhang a general power of attorney.  (Exhibit 16).  PCCP revoked Mr. Zhang's general power of attorney on 11 May 2023.  (Exhibit 17).  Messrs. Bethel and Bowe allowed Mr. Zhang to keep this general power of attorney following the sale of PCCP in March 2022 because they believed that they might need assistance from Mr. Zhang with general post-closing and transition matters following Notarc Port Investment's purchase of PCCP.  From the time that Notarc Port Investment LLC purchased PCCP in March 2022 until the revocation of Mr. Zhang's general power of attorney in May 2023, however, Mr. Zhang did not exercise any of the powers granted to him by the general power of attorney.

[10]     *See* Exhibit "CY 2," Affidavit in Response to the Variation Affidavit dated 27 December 2023.



Mr. Barry L.V. Gale, S.C.
Ms. Laura F. Harvey-Read
Hastings Attorneys-At- Law
15 January 2024
Page 6

the internet.  Messrs. Leslie C. Bethel and Dion L. Bowe have tried, but been unable to, take this website down due to technical reasons, but will continue to engage in efforts to do so.

In sum, the economic reality and the current documentation demonstrate that since Notarc Port Investment LLC's formation in November 2021 until today, Notarc Port Investment LLC continuously has been owned, directly or indirectly, by Messrs. Leslie C. Bethel and Dion L. Bowe (as 100% owners and sole members of Notarc Investment Partners LLC *dba* Notarc Global Investments Limited).[11]  At no point has Mr. Zhang owned any interest in Notarc Investment Partners LLC *dba* Notarc Global Investments Limited (Delaware) or Notarc Port Investment LLC, either directly or indirectly.  Notarc Port Investment LLC is *not owned* by the Notarc Hong Kong Entity, and is *not* beneficially owned or controlled by Mr. Zhang.  Claimant's organigram in paragraph 20 of the Affidavit as well as its contention in Claimant's Barbados Application that Mr. Zhang brought the Panama Arbitration on behalf of Notarc Port Investment LLC against LHI is demonstrably false.

No part of this letter or response should be construed as Notarc Port Investment LLC's appearance, consent or submission to the jurisdiction of the Barbados courts.  This letter response is provided to Sinolam Consulting & Trading Holding Pte., Mr. Zhang and Gorgeous Colon Holdings Co. Limited solely for the purpose of inclusion in their affidavit response(s) to the Claimant's Barbados Application as an exhibit.  No part of this letter should be construed as Notarc Port Investment LLC's argument before any courts of law, including the Barbados courts. Notarc Port Investment LLC expressly reserves its rights to pursue any and all available legal remedies under contract, law or equity.

Sincerely,

*Paul Hastings LLP*

Paul Hastings LLP

Enclosures

---

[11]     The Concession Addendum that the Panamanian Maritime Authority issued to PCCP also names Mr. Dion L. Bowe as the representative of PCCP.  (*See* Exhibit 14.)  Newspaper articles from May 2022 further reflect that Messrs. Dion L. Bowe and Leslie C. Bethel (and their company Notarc Management Group) are the PCCP representatives and that they (and not Mr. Zhang), through their corporate entities, acquired the Panama Canal Container Port Terminal.  (*See* Notarc Acquires the Panama Canal Container Port Terminal (globenewswire.com) and Notarc Partners with MSC to Finish Panama Canal Container Port - Bloomberg).

Paul Hastings LLP | 2050 M Street, N.W. | Washington, D.C. 20036
t: +1.202.551.1700 | www.paulhastings.com

## TABLE OF EXHIBITS

| Exhibit Number | Document Description | Date |
|---|---|---|
| 1 | Certificate of Formation – Notarc Port Investment LLC (File Number 6403716) | 18 November 2021 |
| 2 | Notarc Port Investment LLC Membership Certificate | 18 March 2022 |
| 3 | Certificate of Formation – Notarc Investment Partners LLC (File Number 6273088) | 30 September 2021 |
| 4 | Notarc Investment Partners LLC Membership Certificate – Leslie Bethel | 30 September 2021 |
| 5 | Notarc Investment Partners LLC Membership Certificate – Dion Bowe | 30 September 2021 |
| 6 | Registration of Trade, Business & Fictitious Name Supplemental Certificate | 10 May 2022 |
| 7 | Notarc Port Investment LLC Membership Certificate – Notarc Global Investments Limited | 18 May 2022 |
| 8 | Registration of Trade, Business & Fictitious Name Certificate – Notarc Global Investments Limited | 12 January 2024 |
| 9 | Form of LLC Membership Certificate of NOTARC Port Investment LLC for Notarc Investment Partners LLC dba Notarc Global Investments Limited | N/A |
| 10 | Certificate of Formation – Notarc Global Investments Limited LLC (File Number 6834964) | 3 June 2022 |
| 11 | Certificate of Good Standing – Panama Colon Container Port Inc. | 21 September 2023 |
| 12 | Public Deed whereby New Board Members for PCCP are elected | 22 March 2022 |
| 13 | Certification on modifications to the PCCP Corporate Charter | 8 April 2022 |
| 14 | Concession Addendum by Panamanian Maritime Authority issued to PCCP | 1 November 2022 |
| 15 | Public Deed 9971, Tenth Public Notary | 24 September 2019 |
| 16 | Public Deed 4897, Fourth Public Notary | 9 March 2016 |
| 17 | Public Deed 5051, First Public Notary | 11 May 2023 |

# EXHIBIT 1

# Apostille

*(Convention de La Haye du 5 Octobre 1961)*

1.  Country: United States of America

    This public document:
2.  has been signed by Jeffrey W. Bullock

3.  acting in the capacity of Secretary Of State Of Delaware

4.  bears the seal/stamp of Office Of Secretary Of State

## Certified

5.  at Dover, Delaware

6.  twentieth day of September, A.D. 2023

7.  by Secretary of State, Delaware Department of State

8.  No.204201528

9.  Seal/Stamp:                    10.  Signature:



# Delaware

The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "NOTARC PORT INVESTMENT LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE NINETEENTH DAY OF SEPTEMBER, A.D. 2023.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "NOTARC PORT INVESTMENT LLC" WAS FORMED ON THE EIGHTEENTH DAY OF NOVEMBER, A.D. 2021.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

6403716  8300

SR# 20233531973

You may verify this certificate online at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

Authentication: 204198292

Date: 09-19-23

# Apostille

*(Convention de La Haye du 5 Octobre 1961)*

1.  Country: United States of America

    *This public document:*
2.  has been signed by Jeffrey W. Bullock

3.  acting in the capacity of Secretary Of State Of Delaware

4.  bears the seal/stamp of Office Of Secretary Of State

## Certified

5.  at Dover, Delaware

6.  nineteenth day of September, A.D. 2023

7.  by Secretary of State, Delaware Department of State

8.  No.204198293

9.  Seal/Stamp                    10.  Signature:





# Delaware

### The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF `NOTARC PORT INVESTMENT LLC`, FILED IN THIS OFFICE ON THE EIGHTEENTH DAY OF NOVEMBER, A.D. 2021, AT 11:32 O`CLOCK A.M.



6403716  8100
SR# 20233534884

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 204201527
Date: 09-20-23

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:32 AM 11/18/2021
FILED 11:32 AM 11/18/2021
SR 20213835899 - File Number 6403716

# STATE *of* DELAWARE
# LIMITED LIABILITY COMPANY
# CERTIFICATE *of* FORMATION

## FIRST
## Name

The name of the limited liability company is:
NOTARC Port Investment LLC

## SECOND
## Registered Agent

The address of its registered office in the State of Delaware is
8 The Green, Suite A in the City of Dover. Zip code 19901.

The name of its registered agent at such address is
A Registered Agent, Inc.

## THIRD
## Duration

The duration of the limited liability company shall be perpetual

## FOURTH
## Purpose

The purpose for which the company is organized is to conduct any and all
lawful business for which Limited Liability Companies can be organized
pursuant to Delaware statute.

**In Witness Whereof,** the undersigned have executed this Certificate of
Formation this 18th day of November, 2021.

By: _____

Authorized Person

Name: Patrick Brickhouse

# EXHIBIT 2

# LLC MEMBERSHIP CERTIFICATE

Notarc Port Investment LLC

Company Name

Organized in Delaware _____ has a total of _1_ member(s) at _11/18/2021_ date

This certifies that Notarc Investment Partners LLC is a member of the above named Limited Liability Company, and holds a _100_ % interest of the above named company, which is entitled to the full benefits of such membership. Such benefits are subject to the membership duties and obligations set forth in the Limited Liability Company operating agreement. This named Limited Liability Company has caused this certificate to be executed by its members this _18th_ day of _March_ _2022_ A.D. Notarc Investment Partners LLC

Named Member

members and/or member

For _____ received, I, _____ sell and transfer unto _____ , _____% of the membership interest, represented within this certificate, and appoint _____

_____

to transfer the allocated interest in the books of the named Limited Liability Company with full power of substitution.

Seller                Newly named member                Witness

# EXHIBIT 3

State of Delaware
Secretary of State
Division of Corporations
Delivered 09:21 AM 09/30/2021
FILED 09:21 AM 09/30/2021
SR 20213385649 - File Number 6273088

# STATE *of* DELAWARE
# LIMITED LIABILITY COMPANY
# CERTIFICATE *of* FORMATION

## FIRST
## Name

The name of the limited liability company is:
Notarc Investment Partners LLC

## SECOND
## Registered Agent

The address of its registered office in the State of Delaware is
8 The Green, Suite A in the City of Dover. Zip code 19901.

The name of its registered agent at such address is
A Registered Agent, Inc.

## THIRD
## Duration

The duration of the limited liability company shall be perpetual.

## FOURTH
## Purpose

The purpose for which the company is organized is to conduct any and all
lawful business for which Limited Liability Companies can be organized
pursuant to Delaware statute.

**In Witness Whereof,** the undersigned have executed this Certificate of
Formation this 30th day of September, 2021.

By: _____
Authorized Person

Name: Patrick Brickhouse

# EXHIBIT 4

# LLC MEMBERSHIP CERTIFICATE

## Notarc Investment Partners LLC

Company Name

Organized in **Delaware** has a total of **2** member(s) at **09/30/2021** date

This certifies that **Leslie C. Bethel** is a member of the above named Limited Liability Company, and holds a **50** % interest of the above named company, which is entitled to the full benefits of such membership.
Such benefits are subject to the membership duties and obligations set forth in the Limited Liability Company operating agreement.
This named Limited Liability Company has caused this certificate to be executed by its members this
**30** day of **September**, **2021** A.D. **Leslie C. Bethel**

Named Member                                        witness and/or member

if sold:

For _____ received, I, _____ sell and transfer unto
_____ , _____% of the membership interest,
represented within this certificate, and appoint
_____
_____
_____

to transfer the allocated interest in the books of the named Limited Liability Company with full power of substitution.

_____      _____      _____
Seller                                       Newly named member                          Witness

Signature and name

# EXHIBIT 5

# LLC MEMBERSHIP CERTIFICATE

## Notarc Investment Partners LLC

Company Name

Organized in __Delaware__ has a total of __2__ member(s) at __09/30/2021__ date

This certifies that __Dion L. Bowe__ is a member of the above named Limited Liability Company, and holds a __50__ % interest of the above named company, which is entitled to the full benefits of such membership. Such benefits are subject to the membership duties and obligations set forth in the Limited Liability Company operating agreement. This named Limited Liability Company has caused this certificate to be executed by its members this __30__ day of __September__, 2021 A.D. __Dion L. Bowe__

Named Member          witness and/or member

For _____ received, I, _____ sell and transfer unto _____, _____ % of the membership interest, represented within this certificate, and appoint _____

to transfer the allocated interest in the books of the named Limited Liability Company with full power of substitution.

_____       _____       _____

Seller          Newly named member          Witness

signature and name

# EXHIBIT 6

## REGISTRATION OF TRADE, BUSINESS & FICTITIOUS NAME
## SUPPLEMENTAL CERTIFICATE

**County:** New Castle ☐    Kent ☑    Sussex ☐

**Original File No.:** 6273088      **Date of Change:** May 10th, 2022

**TRADE NAME:** Notarc Global Investments Limited

**Business Address:** 8 The Green, Suite A, Dover DE 19901

**Phone Number:** (302) 288-0670

**Person, Firm or Association** *(Parent Company, if applicable)* :
A Registered Agent Inc. – Patrick Brickhouse

**Names and addresses of ALL owners, members, or partners comprising the business:**

| Last Name | First Name | Address |
|-----------|-----------|---------|
| Bethel | Leslie | West Bay Street, Nassau, The Bahamas |
| Bowe | Dion | West Bay Street, Nassau, The Bahamas |
| | | |
| | | |
| | | |

**Nature of Change:** Fictitious Name DBA

State of ___Delaware___

County ___Kent___

BEFORE ME, the Subscriber, a Notary Public of the State of _Florida._ , personally appeared a principal in the business described in the Certificate, who, having first been sworn by me according to law did depose and say as follows:

1. He/She is a principal in the business described in the certificate.

2. That the foregoing information provided in the certificate is true, correct, and complete.

_____
**Affiant**

**Title:** MANAGING MEMBER

SWORN AND SUBSCRIBED this __11th__ day of __May__ __2022__ .

_____
**Notary Public**

JASON GARCIA
Commission # HH 111010
Expires July 30, 2025
Bonded Thru Budget Notary Services

Print Form

# EXHIBIT 7

# LLC MEMBERSHIP CERTIFICATE

NOTARC Port Investment LLC

Company Name

Organized in **Delaware**    has a total of **1** member(s) at **11/18/2021** date

This certifies that **Notarc Global Investments Limited** is a member of the above named Limited Liability Company, and holds a **100** %
interest of the above named company, which is entitled to the full benefits of such membership.
Such benefits are subject to the membership duties and obligations set forth in the Limited Liability Company operating agreement.
This named Limited Liability Company has caused this certificate to be executed by its members this
**18th** day of **May** , **2022** A.D. **Notarc Global Investments Limited**

For _____ received, I, _____ sell and transfer unto
_____ % of the membership interest,
represented within this certificate, and appoint
_____
_____

to transfer the allocated interest in the books of the named Limited Liability Company with full power of substitution.

_____     _____     _____
Seller       Newly named member       Witness

# EXHIBIT 8

6 *Del.C.* Ch. 31

# REGISTRATION OF TRADE, BUSINESS & FICTITIOUS NAME
## CERTIFICATE

**County:** New Castle ☐     Kent ☑     Sussex ☐

**TRADE NAME:** **Notarc Global Investments Limited**

**Business Address:** **8 The Green, Suite A, Dover DE 19901**

**Phone Number:** **(302) 288-0670**

**Person, Firm or Association** *(Parent Company, if applicable)*:

**Notarc Investment Partners LLC (DE File Number 6273088)**

**Names and addresses of ALL owners, members, or partners comprising the business:**

| Last Name | First Name | Address |
|-----------|-----------|---------|
| Bethel | Leslie | West Bay Street, Nassau, The Bahamas |
| Bowe | Dion | West Bay Street, Nassau, The Bahamas |
|  |  |  |
|  |  |  |
|  |  |  |

**Date of Formation:** **September 30, 2021**

**Nature of Business:** **All lawful business for which LLCs can be organized pursuant to DE statut**

State of Florida

County Miami-Dade

BEFORE ME, the Subscriber, a Notary Public of the State of Florida , personally appeared a principal in the business described in the Certificate, who, having first been sworn by me according to law did depose and say as follows:

1. He/She is a principal in the business described in the certificate.

2. That the foregoing information provided in the certificate is true, correct, and complete.

LESLIE BETHEL
Affiant

Title: MANAGING MEMBER

SWORN AND SUBSCRIBED this 10 day of January , 2024 .

Notary Public

Sonia Alexsandra Murillo
Comm.: HH 471229
Expires: Dec. 7, 2027   Revised 11/09
Notary Public - State of Florida

Print Form

# EXHIBIT 9

# LLC MEMBERSHIP CERTIFICATE

**NOTARC Port Investment LLC**
Company Name

Organized in **Delaware**          has a total of **1** member(s) at **11/18/2021**          date

This certifies that **Notarc Investment Partners LLC** *dba* **Notarc Global Investments Limited** is a member of the above named Limited
Liability Company, and holds a **100** %
interest of the above named company, which is entitled to the full benefits of such membership.
Such benefits are subject to the membership duties and obligations set forth in the Limited Liability Company operating agreement.
This named Limited Liability Company has caused this certificate to be executed by its members this
_____ day of __**January**_____, __**2024**__ A.D.
**Notarc Investment Partners LLC** *dba* **Notarc Global Investments Limited**
Named Member

_____
Witness and/or member

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

if sold:

For _____ received, I, _____ sell and transfer unto
_____, _____% of the membership interest,
represented within this certificate, and appoint
_____
_____
_____

to transfer the allocated interest in the books of the named Limited Liability Company with full power of substitution.

_____     _____     ___/_____
Seller                                   Newly named member                            Witness
                                                                                                     Signature and name

# EXHIBIT 10

# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT
COPIES OF ALL DOCUMENTS ON FILE OF "NOTARC GLOBAL INVESTMENTS
LIMITED LLC" AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF FORMATION, FILED THE THIRD DAY OF JUNE, A.D.
2022, AT 10:45 O`CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID
CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE
AFORESAID LIMITED LIABILITY COMPANY, "NOTARC GLOBAL INVESTMENTS
LIMITED LLC".



Jeffrey W. Bullock, Secretary of State

6834964　8100H
SR# 20234314614

Authentication: 204892153
Date: 12-22-23

You may verify this certificate online at corp.delaware.gov/authver.shtml

# STATE *of* DELAWARE
# LIMITED LIABILITY COMPANY
# CERTIFICATE *of* FORMATION

## FIRST
## Name

The name of the limited liability company is:
Notarc Global Investments Limited LLC

## SECOND
## Registered Agent

The address of its registered office in the State of Delaware is
8 The Green, Suite A in the City of Dover. Zip code 19901.

The name of its registered agent at such address is
A Registered Agent, Inc.

## THIRD
## Duration

The duration of the limited liability company shall be perpetual.

## FOURTH
## Purpose

The purpose for which the company is organized is to conduct any and all lawful business for which Limited Liability Companies can be organized pursuant to Delaware statute.

**In Witness Whereof,** the undersigned have executed this Certificate of Formation this 3rd day of June, 2022.

By: _____
Authorized Person
Name: Patrick Brickhouse

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:45 AM 06/03/2022
FILED 10:45 AM 06/03/2022
SR 20222611420 - File Number 6834964

# EXHIBIT 11


### Registro Público de Panamá

FIRMADO POR: UMBERTO ELIAS
PEDRESCHI PIMENTEL
FECHA: 2023.09.21 09:39:14 -05:00
MOTIVO: SOLICITUD DE PUBLICIDAD
LOCALIZACION: PANAMA, PANAMA



## CERTIFICADO DE PERSONA JURÍDICA

CON VISTA A LA SOLICITUD

392258/2023 (0) DE FECHA 20/09/2023

QUE LA SOCIEDAD

PANAMA COLON CONTAINER PORT INC.
TIPO DE SOCIEDAD: SOCIEDAD ANONIMA
SE ENCUENTRA REGISTRADA EN (MERCANTIL) FOLIO Nº 641974 (S) DESDE EL MIÉRCOLES, 19 DE NOVIEMBRE DE 2008
- QUE LA SOCIEDAD SE ENCUENTRA VIGENTE

- QUE SUS CARGOS SON:

SUSCRIPTOR: GIOVANY ABREGO PEREZ
SUSCRIPTOR: ARTURO AROSEMENA BONILLA

DIRECTOR / PRESIDENTE: DION LESLIE BOWE
DIRECTOR / SECRETARIO: JORGE ALEJANDRO SERRANO EVERS
DIRECTOR / TESORERO: COLIN MICHAEL MARTINEZ

AGENTE RESIDENTE: ACON LAW

- QUE LA REPRESENTACIÓN LEGAL LA EJERCERÁ:
EL REPRESENTANTE LEGAL DE LA SOCIEDAD SERA EJERCIDA POR EL PRESIDENTE Y EN SU AUSENCIA POR EL SECRETARIO O QUIEN LA JUNTA DIRECTIVA DESIGNA PARA TAL EFECTO.

- QUE SU CAPITAL ES DE ACCIONES SIN VALOR NOMINAL
EL CAPITAL AUTORIZADO DE LA SOCIEDAD CONSISTE EN QUINIENTAS CINCUENTA Y CINCO (555) ACCIONES COMUNES, TODAS SIN VALOR NOMINAL, DIVIDIDO EN CUARENTA Y NUEVE (49) ACCIONES CLASE A Y QUINIENTAS SEIS (506) ACCIONES CLASE B. LAS ACCIONES SOLAMENTE PODRAN SER EMITIDAS EN FORMA NOMINATIVA. ACCIONES: NOMINATIVAS

- QUE SU DURACIÓN ES PERPETUA
- QUE SU DOMICILIO ES PANAMÁ , PROVINCIA PANAMÁ

## ENTRADAS PRESENTADAS QUE SE ENCUENTRAN EN PROCESO

NO HAY ENTRADAS PENDIENTES .

**EXPEDIDO EN LA PROVINCIA DE PANAMÁ EL JUEVES, 21 DE SEPTIEMBRE DE 2023A LAS 9:05 A. M..** NOTA: ESTA CERTIFICACIÓN PAGÓ DERECHOS POR UN VALOR DE 30.00 BALBOAS CON EL NÚMERO DE LIQUIDACIÓN 1404264377



Valide su documento electrónico a través del CÓDIGO QR impreso en el pie de página o a través del Identificador Electrónico: 16304262-CFD6-41CF-8EB0-DE6541227551
Registro Público de Panamá - Vía España, frente al Hospital San Fernando
Apartado Postal 0816-01680 Panamá, República de Panamá - (507)501-6000

CIV0083/2024 1/1 2024-01-18

# EXHIBIT 12



# REPÚBLICA DE PANAMÁ
PROVINCIA DE PANAMÁ

## NOTARÍA PÚBLICA PRIMERA
Circuito Notarial de Panamá

### Licdo. Jorge E. Gantes S.
NOTARIO

Calle 51 Este, Manuel María Icaza,
Edif. Magna Corp., Local N°. 5, PB

Tels.: 269-2207 / 269-2706
email: jorgeganteslegal@gmail.com

ESCRITURA N° _____ **3,606** de **07** de **Abril** de **2022**

**HORARIO**

Lunes a Viernes
8:00 a.m. a 6:00 p.m.

Sábado
9:00 a.m. a 1:00 p.m.

POR LO CUAL:

se protocoliza Acta de la Junta de Accionistas de la sociedad **PANAMA COLON**

**CONTAINER PORT, INC. ",**  celebrada el día 22 de Marzo de 2022.

*Yesibel del Carmen Mendoza R*
**Notaría Pública Primera**

**NOTARÍA PÚBLICA PRIMERA
REPÚBLICA DE PANAMÁ**

0 8 ABR 2022

# ENTRADA






**NOTARÍA PÚBLICA PRIMERA**
Circuito Notarial de Panamá
**REPÚBLICA DE PANAMÁ**

1. **ESCRITURA PÚBLICA NÚMERO    TRES MIL SEISCIENTOS SEIS**--------------------------

2. **Y**---------------------------------------------------**(3,606)**--------------------------------------------------------

3. Por la cual se protocoliza Acta de la Junta de Accionistas de la sociedad **PANAMA COLON**

4. **CONTAINER PORT, INC. ",** celebrada el día 22 de Marzo de 2022.----------------------------------

5. ------------------------------------------------------Panamá, 07 de Abril de 2022.----------------------------------

6. En la ciudad de Panamá, Capital de la República y Cabecera del Circuito Notarial del mismo nombre,

7. a los siete (7) días del mes de Abril de dos mil veintidós (2022), ante mí, **JORGE ELIEZER**

8. **GANTES SINGH,** Notario Público Primero del Circuito de Panamá, con cédula de identidad

9. personal número ocho-quinientos nueve-novecientos ochenta y cinco (8-509-985) compareció

10. personalmente el Licenciado **ALEJANDRO COSSIO YANIS,** varón, mayor de edad, panameño,

11. casado, abogado de profesión, Idoneidad Número veintisiete mil uno.(27001), vecino de esta ciudad,

12. con cédula de identidad personal número ocho - cuatrocientos cuarenta y cinco - cincuenta y ocho

13. (No. 8-445-58) a quien conozco, miembro de la firma forense ACON LAW, debidamente facultado

14. para este acto según consta más adelante por la sociedad anónima sociedad **PANAMA COLON**

15. **CONTAINER PORT, INC. ".,** sociedad debidamente inscrita en el Registro Público a Folio/Ficha

16. seis cuatro uno nueve siete cuatro (641974), en la Sección Mercantil de dicho Registro, me presentó

17. para su protocolización en esta Escritura Pública y al efecto protocolizo Acta de la Junta de

18. Accionistas de la expresada sociedad, celebrada el día veintidós (22) de Marzo de dos mil veintidós

19. (2022)------------------------------------------------------Acta refrendada por el Licenciado ALEJANDRO

20. COSSIO YANIS, abogado en ejercicio, con cédula de identidad personal número ocho -

21. cuatrocientos cuarenta y cinco - cincuenta y ocho (No. 8-445-58).-------------------------------------------

22. Queda hecha la protocolización solicitada y se expedirán las copias que soliciten los interesados.-----

23. **ADVERTÍ** al compareciente que la copia de esta Escritura debe ser inscrita y leída como le fue la

24. misma en presencia de los testigos instrumentales **ALICIA DEL ROSARIO DE CLARKE,** con

25. cédula de identidad personal número dos - ochenta y cuatro - doscientos dos (2-84-202) **y YIPSA**

26. **AVILA DE BURNETT,** con cédula de identidad personal número seis - cuarenta y siete - mil

27. cuatrocientos ochenta y seis (6-47-1486) ambas mayores de edad, panameñas y vecinas de esta

28. ciudad, a quienes conozco y son hábiles para ejercer el cargo, la encontraron conforme, le

29. impartieron su aprobación y la firman para constancia, con los testigos antes mencionados por ante

30. mí, el Notario que doy fe-----------------------------------------------------------------------------------------------

1. ESCRITURA PUBLICA NUMERO TRES MIL SEISCIENTOS SEIS-----(3,606)----------------------
2. (Fdos.) **ALEJANDRO COSSIO YANIS** -------------- YIPSA AVILA DE BURNETT--------
3. ALICIA DEL ROSARIO DE CLARKE------------------------JORGE ELIEZER GANTES SINGH,
4. Notario Público Primero del Circuito.-------------------------------------------------------------------------
5. --------------**ACTA DE LA JUNTA DE ACCIONISTAS DE LA SOCIEDAD**---------------------- --
6. ------------------**PANAMA COLON CONTAINER PORT, INC.**------------------------------------------
7. ----------------------------------------**FOLIO/FICHA(641974)**----------------------------------------------
8. En la ciudad de Panamá, República de Panamá, a los veintidós (22) días del mes de marzo de dos mil
9. veintidós (2022), tuvo lugar una reunión de la Junta de Accionistas de la Sociedad **PANAMA**
10. **COLON CONTAINER PORT, INC.** persona jurídica debidamente inscrita a Ficha seis cuatro uno
11. nueve siete cuatro (641974), de la Sección de Micropelícula Mercantil del Registro Público (en
12. adelante, la "Sociedad").-- La reunión la presidió **COLIN MICHAEL MARTINEZ,** Presidente
13. titular del cargo, y llevó las actas **TINGYUN HAN,** como Secretaria titular del cargo.------------------
14. -El Presidente declaró que estando presentes y representadas la totalidad de los poseedores de
15. acciones emitidas y en circulación, pagadas y liberadas se podía renunciar al aviso de convocatoria
16. previa y existiendo el Quórum Reglamentario la reunión podía iniciarse, se anunció que el objeto de
17. la misma era someter a consideración la necesidad de reformar el artículo Cuarto (4to) del Pacto
18. Social, para enmendar el capital social de la Sociedad, designar nuevos Directores y Dignatarios y
19. enmendar el artículo Sexto (6to) del Pacto Social.-----Después de una amplia deliberación sobre el
20. asunto, y a moción debidamente presentada, sustentada y secundada se resolvió por unanimidad lo
21. siguiente:--------------------- ---------**SE RESUELVE:**--------------------------------------------------
22. **PRIMERO:** Enmendar, como en efecto se enmienda, el artículo Cuarto (4to) del Pacto Social de la
23. Sociedad, que quedará así:----------------------------------------------------------------------------------
24. "EL CAPITAL AUTORIZADO DE LA SOCIEDAD CONSISTE **EN QUINIENTAS**
25. **CINCUENTA Y CINCO (555) ACCIONES COMUNES, TODAS SIN VALOR NOMINAL,**
26. DIVIDIDO EN CUARENTA Y NUEVE (49) ACCIONES CLASE A Y QUINIENTAS SEIS (506)
27. ACCIONES CLASE B. SOLAMENTE LAS ACCIONES CLASE B TENDRÁN DERECHO A
28. VOTO EN LAS ASAMBLEAS DE ACCIONISTAS, SIN PERJUICIO DE LOS DEMÁS
29. DERECHOS CONFERIDOS EN ESTE PACTO SOCIAL A LAS DIFERENTES CLASES DE
30. ACCIONES. EL CAPITAL DE LA SOCIEDAD SERÁ POR LO MENOS, IGUAL A LA SUMA




## NOTARÍA PÚBLICA PRIMERA
Circuito Notarial de Panamá
**REPÚBLICA DE PANAMÁ**

1. REPRESENTADA POR LAS ACCIONES CON VALOR NOMINAL, SI LAS HUBIERE, MÁS EL
2. VALOR QUE LA SOCIEDAD RECIBA POR LA EMISIÓN DE LAS ACCIONES SIN VALOR
3. NOMINAL, Y LAS SUMAS QUE DE TIEMPO EN TIEMPO SE INCORPOREN AL CAPITAL
4. DE LA SOCIEDAD DE ACUERDO CON RESOLUCIÓN O RESOLUCIONES DE LA JUNTA
5. DIRECTIVA. LAS ACCIONES SOLAMENTE PODRÁN SER EMITIDAS EN FORMA
6. NOMINATIVA. ----------------EN REUNIÓN DE ASAMBLEA DE ACCIONISTAS, LOS
7. TENEDORES DE LAS ACCIONES CLASE B PODRÁN AUTORIZAR EL AUMENTO DEL
8. CAPITAL SOCIAL, VARIAR LA CANTIDAD Y EL VALOR NOMINAL DE LAS ACCIONES Y
9. REFORMAR LOS DERECHOS Y DEMÁS DISPOSICIONES RELACIONADAS CON EL
10. CAPITAL SOCIAL O CON LAS ACCIONES DE LA SOCIEDAD. ----------------------------------
11. LOS TENEDORES DE LAS ACCIONES CLASE A TENDRÁN DERECHO A PERCIBIR
12. DIVIDENDOS CON PREFERENCIA A LOS TENEDORES DE LAS ACCIONES CLASE B,
13. HASTA QUE HAYAN RECIBIDO DISTRIBUCIONES ACUMULADAS POR UN MONTO
14. EQUIVALENTE AL TOTAL DE SUS CONTRIBUCIONES DE CAPITAL, EN PROPORCIÓN A
15. SU PARTICIPACIÓN, SEGÚN RESOLUCIONES ADOPTADAS POR LA JUNTA DIRECTIVA
16. DE LA SOCIEDAD, LA CUAL QUEDARÁ FACULTADA PARA RECONOCER HASTA UN
17. SEIS POR CIENTO (6%) DE INTERÉS ANUAL O TASA DE RENTABILIDAD, SOBRE
18. DICHAS UTILIDADES.------------------------------------------------------------------------
19. TODOS LOS TENEDORES DE ACCIONES DE UNA MISMA CLASE TENDRÁN LOS
20. MISMOS DERECHOS ENTRE SÍ, PREFERENCIAS Y PRIVILEGIOS, Y ESTARÁN SUJETOS
21. A LAS MISMAS LIMITACIONES Y RESTRICCIONES.----------------------------------------
22. EN CONSECUENCIA, LA SOCIEDAD PODRÁ EMITIR Y VENDER ACCIONES SIN VALOR
23. NOMINAL, POR LA SUMA QUE DE TIEMPO EN TIEMPO DETERMINE LA JUNTA
24. DIRECTIVA. TODAS LAS ACCIONES EMITIDAS SIN VALOR NOMINAL SE
25. CONSIDERARÁN TOTALMENTE PAGADAS".-------------------------------------------------
26. **SEGUNDO:** Facultar y autorizar a la Junta Directiva de la Sociedad, a emitir y determinar el valor
27. de las nuevas acciones a ser emitidas, gestionar la redención y canje de las mismas con los
28. accionistas tenedores de las acciones en circulación, en la proporción de las acciones de que sean
29. dueños, quienes deberán presentar sus títulos a la Junta Directiva para el debido canje, así como
30. anular aquellas acciones de la Sociedad anteriormente emitidas y no suscritas a la fecha.---------------

Copia para Repositorios Informativos solamente

1. **TERCERO:** Designar, como en efecto se designa, una nueva Junta Directiva y Dignatarios para la
2. Sociedad, la cual a partir de la fecha quedará conformada de la siguiente forma:-------------------------
3. DIRECTOR PRESIDENTE    ----DION LESLIE BOWE--------------------------------------------------
4. DIRECTOR SECRETARIO    ----JORGE ALEJANDRO SERRANO EVERS-------------------------
5. DIRECTOR   TESORERO-------COLIN   MICHAEL   MARTINEZ----------------------------------
6. **CUARTO:** Enmendar, como en efecto se enmienda, el artículo Sexto del Pacto Social de la
7. Sociedad, el cual quedará así:--------------------------------------------------------------------------------
8. "La Junta Directiva de la Sociedad estará compuesta de no menos de tres (3) ni más de siete (7)
9. personas. La Junta Directiva determinará la cantidad requerida dentro del mínimo y máximo fijado.
10. Una persona podrá ocupar uno o varios de éstos cargos. *Toda resolución adoptada por la Junta*
11. *Directiva requiere del voto afirmativo y de la firma mínima de dos tercios (2/3) de los Directores*
12. *inscritos, para que sea válida y vinculante para la Sociedad."* --------------------------------------------
13. **QUINTO:** Se faculta al **LICENCIADO ALEJANDRO COSSIO YANIS,** varón, panameño, mayor
14. de edad, casado, vecino de esta ciudad, con cédula de identidad personal número ocho cuatrocientos
15. cuarenta y cinco-cincuenta y ocho (8-445-58)**,** abogado en ejercicio, con Idoneidad número
16. veintisiete mil uno (27001), miembro de la firma forense ACON LAW para que protocolice e
17. inscriban el presente Acta.----------------------------------------------------------------------------------
18. No habiendo nada más de que tratar se dio por terminada la reunión y para constancia la firman todos
19. los  que  en  ella  han  intervenido.-----------------------------------------------------------------
20. **(FDO.)COLIN MICHAEL MARTINEZ------(FDO.)TINGYUN HAN**----------------------------
21. **PRESIDENTE**   ------------------------------------**SECRETARIA**-----------------------------------
22. Certifico que todo lo anterior es fiel copia de su original.----------------------------------------------
23. **(FDO.)TINGYUN HAN**-----------------------**SECRETARIA**--------------------------------------------
24. Minuta refrendada por el **LICENCIADO ALEJANDRO COSSIO YANIS,** varón, panameño,
25. mayor de edad, casado, vecino de esta ciudad, con Cédula de Identidad Personal Número ocho-
26. cuatrocientos cuarenta y cinco-cincuenta y ocho (8-445-58) abogado en ejercicio, con idoneidad
27. Número veintisiete mil uno ( 27001), miembro de la firma forense ACON LAW.,---------------------
28. CONCUERDA CON SU ORIGINAL ESTA COPIA QUE EXPIDO, SELLO Y FIRMO EN LA
29. CIUDAD DE PANAMA , A LOS SIETE (7) DIAS DEL MES DE ABRIL DEL AÑO DOS MIL
30. VEINTIDOS (2022).--------------

*Lic. Jorge E. Gantes S.*
Notario Público Primero



# Registro Público de Panamá
## RECIBO DE LIQUIDACIÓN

LISTADO DE TRÁMITES E IMPORTES DE LOS MISMOS A FECHA 04/08/2022

Nº de Liquidación: 1403450917

Forma de Pago: Tarjeta

Nº Escritura: 3606

Fecha Escritura: 04/07/2022

NOTARÍA PÚBLICA PRIMERA DEL CIRCUITO DE PANAMÁ

## 1 ENTRADA CON LOS SIGUIENTES TRÁMITES

| TIPO DE TRÁMITE | VALOR BASE | CANTIDAD | IMPORTE |
|---|---|---|---|
| Acta de Sociedad Mercantil | | 1 | $40.00 |
| Derechos de Calificación | | 1 | $25.00 |
| Alteración de Turno | | 1 | $300.00 |
| | | TOTAL | $365.00 |

Registro Público de Panamá - Vía España, frente al Hospital San Fernando
Apartado Postal 0830 - 1596 Panamá, República de Panamá - (507)501-6000    Página: 1 de 1

CIV0083/2023     Page 3980 of 4072     2024-01-18



**DERECHOS REGISTRALES**
DERECHOS REGISTRALES

| | |
|---|---|
| TERMINAL ID: | P0047106 |
| COMERCIO ID: | 1760298 |
| VISA | ***********8373 (CL) |
| VENTA | |

FECHA: ABR 08, 2022   HORA: 15:48
LOTE: 000063           FACT: 001193
RRN: 00000001943       AUT: 795246

**TOTAL**                    US$365.00

-- DUPLICADO --

APP :VISA CREDITO          ARQC:2BFB72B471B002C2
TVR :0800000000            TSI : 0000
AID :A0000000031010

COMERCIO COPIA

# EXHIBIT 13


## (MERCANTIL) FOLIO Nº 641974 (S) - INSCRIPCIÓN
## INSCRITO AL ASIENTO NÚMERO 15

## MODIFICACIÓN DE PACTOS O ACTA FUNDACIONAL

### DATOS DE LA PERSONA JURÍDICA

PANAMA COLON CONTAINER PORT INC. (SOCIEDAD ANONIMA) UBICADA EN PROVINCIA PANAMÁ
DURACIÓN PERPETUA
TIPO DE ACCIONES NOMINATIVAS
DESCRIPCIÓN DEL CAPITAL EL CAPITAL AUTORIZADO DE LA SOCIEDAD CONSISTE EN QUINIENTAS CINCUENTA Y CINCO (555) ACCIONES COMUNES, TODAS SIN VALOR NOMINAL, DIVIDIDO EN CUARENTA Y NUEVE (49) ACCIONES CLASE A Y QUINIENTAS SEIS (506) ACCIONES CLASE B. LAS ACCIONES SOLAMENTE PODRAN SER EMITIDAS EN FORMA NOMINATIVA.

### CARGOS Y DESIGNACIONES

DIRECTOR / PRESIDENTE: DION LESLIE BOWE

DIRECTOR / SECRETARIO: JORGE ALEJANDRO SERRANO EVERS

DIRECTOR / TESORERO: COLIN MICHAEL MARTINEZ

ESTE ASIENTO REGISTRAL HA SIDO PRACTICADO EN LA ENTRADA 141514/2022 (0) PRESENTADA EN ESTE REGISTRO EL DÍA 08/04/2022 A LAS 4:12 P. M.

### DOCUMENTOS PRESENTADOS

ESCRITURA PÚBLICA NÚMERO 3606 DE FECHA 07/04/2022
AUTORIZANTE: NOTARIO PÚBLICO LIC. JORGE ELIEZER GANTES SINGH DE LA NOTARÍA NÚMERO 1 DE PANAMÁ

LOS DERECHOS DE CALIFICACIÓN Y REGISTRO ASCIENDEN A TRESCIENTOS SESENTA Y CINCO BALBOAS (B/.365.00)


Valide su documento electrónico a través del CÓDIGO QR impreso en el pie de página
o a través del Identificador Electrónico: 2222DB06-913D-4649-BA02-E89EBFE0D135
Registro Público de Panamá - Vía España, frente al Hospital San Fernando
Apartado Postal 0830 - 1596 Panamá, República de Panamá - (507)501-6000
**Page 3983 of 4072**
1/1
**2024-01-18**

# EXHIBIT 14

No. 29656-B          Official Digital Gazette, Tuesday,  November 01, 2022          1

Law 335
November 1, 2022

Approving Addendum No. 1 to Contract A-2017-12 of May 17, 2013

Signed between THE STATE and the company PANAMA CANAL COLON PORT INC., (today PANAMA COLON CONTAINER PORT, INC.), approved by Law 43 of June 18, 2013.

## THE NATIONAL ASSEMBLY

### DECREES:

Article 1. The Addendum No. 1 to Contract A-2017-12 of May 17, 2013, signed between THE STATE and the company PANAMA CANAL COLON PORT, INC., (today PANAMA COLON CONTAINER) is approved, in all its parts. PORT INC.), authorized by Law 43 of June 18, 2013, which has the favorable concept of the Cabinet Council through Cabinet Resolution No. 113 of October 11, 2022, and whose text is as follows:

### ADDENDUM No. 1

To Contract A-2017-12 of May 17, 2013, THE STATE and the company PANAMA CANAL COLON PORT, INC., (today PANAMA COLON CONTAINER PORT, INC.), approved by Law No. 43 of June 18, 2013.

The undersigned, **NORIEL ARAUZ V.**, male, Panamanian, of legal age, bearer of personal identity card No. 4-702-432, acting on behalf of the Republic of Panama, duly authorized for this act by Cabinet Resolution No. 113 of October 11, 2022, issued in exercise of the powers conferred by numeral 3 of article 200 of the Political Constitution of the Republic of Panama, who will hereinafter be called **THE STATE**, and on the other, Mr. **DION L. BOWE**, male, of Bahamian nationality, of legal age, holder of passport No. AA086305, acting in the name and representation of **PANAMA COLON CONTAINER PORT INC.**, public limited company registered under File 641974 of The Commercial Section of the Public Registry of Panama, hereinafter referred to as **THE COMPANY**, have agreed to sign Addendum No. 1 to Contract No. A-2017-12 of May 17, 2013.

### CONSIDERING:

That by Law No. 43 of June 18, 2013, promulgated in Official Gazette No. 27312-A of June 19, 2013, approved Contract A-2017-12 of May 17, 2013, signed between THE STATE and the company **PANAMA CANAL COLON PORT INC.**, (today **PANAMA COLON CONTAINER PORT INC.**)

That through said Contract-Law, specifically the First Clause, I authorize THE COMPANY to develop, build, operate, manage and direct a terminal for the management and

(Initials) (Seal- National Assembly – Panama)

BELKIS A. OBERTO
Traductor Público Autorizado
Certified Public Translator
Licencia No. 143

No. 29656-B Official Digital Gazette, Tuesday, November 01, 2022 2

transportation of containers and general cargo using the necessary infrastructure and facilities for the Container Terminal located on Isla Margarita, township of Cristobal, district and province of Colon

That **THE COMPANY** changed its name **from PANAMA CANAL COLON PORT INC., to PANAMA COLON CONTAINER PORT INC.,** as stated in Public Deed No. 2763 of July 10, 2013, therefore it is necessary that the Addendum to the Concession Contract No. A-2017-12 of May 17, 2013, approved by Law No. 43 of June 18, 2013, reflects this change.

That **THE COMPANY**, presented through its special attorney, the forensic firm Pitty Legal Bureau, a memorial through which it requested an Addendum to the signed Contract-Law.

That THE STATE has evaluated THE COMPANY's request, therefore the Parties have agreed to modify Annex I of the First Clause; Third Clause, Fourth Clause: Seventh Clause; numerals 1 and 3 of section e), sections 1), m), r), and add section s) to Clause Nine; as well as to adopt the necessary measures for the best execution of said Contract-Law, subject to the following clauses:

## RESOLVES:

**FIRST:** Change the name of the concessionaire of the Concession Contract No. A-2017-12 of May 17, 2013, approved by Law No. 43 of June 18, 2013, from **PANAMA CANAL COLON PORT INC.,** to **PANAMA COLON CONTAINER PORT INC.,** as recorded in Public Deed No. 2763 of July 10, 2013.

**SECOND:** The parties agree to modify Annex I of the FIRST CLAUSE - OBJECT AND AREA OF THE PROJECT OF Contract No. A-2017-12 of May 17, 2013, which will read as follows:

### ANNEX 1

### DESCRIPTION OF THE POLYGONS

A) DESCRIPTION OF THE POLIGONOS CUYA CONCESON SE OTORGA
   TOTAL AREA – 27Has. + 3,810.20m2

#### SEA BOTTOM AREA NO. 1 – 22 Has. + 2,630.63 m2

Starting from point S1, with North Coordinates 1037120.784 and East 621308.599, a distance of 123.66 m is measured with Heading N 3°58'57.9" W, to reach point S2.

Starting from point S2, with North Coordinates 1037244.146 and East 621300.010, a distance of 743.63 m is measured with Heading N67°46'18.5" E, to reach point S3.

(Initials) (Seal- National Assembly – Panama)

**BELKIS A. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No.143

No. 29656-B      Official Digital Gazette, Tuesday, November 01, 2022      3

Starting from point S3, with North Coordinates 1037525.460 and East 621988.380, a distance of 24.54 m is measured with Heading S14°8'58.1" W, to reach point S4.

Starting from point S4, with North Coordinates 1037501.660 and East 621982.380, a distance of 90.46 m is measured with Heading S 71°54'5.6" E, to reach point S5.

Starting from point S5, with North Coordinates 1037473.560 and East 622068.360, a distance of 39.36 m is measured with Heading S 62°7'58.8" E, to reach point S6.

Starting from point S6, with North Coordinates 1037455.160 and East 622103.160, a distance of 24.69 m is measured with Heading S 35°6'21.9" E, to reach point S7.

Starting from point S7, with North Coordinates 1037434.960 and East 622117.360, a distance of 33.93 m is measured Heading S 17°49'53.5" E, to reach point S8.

Starting from point S8, with North Coordinates 1037402.660 and East 622127.750, a distance of 37.25 m is measured Heading S 8°57'23.9" E, to reach point S9.

Starting from point S9, with North Coordinates 1037365.860 and East 622133.550, a distance of 72.87 m is measured with Heading S 38°13'26.1" E, to reach point S10.

Starting from point S10, with North Coordinates 1037308.610 and East 622178.640, a distance of 12.51 m is measured Heading S 61°36'44.7" E, to reach point S11.

Starting from point S11, with North Coordinates 1037302.660 and East 622189.650, a distance of 83.35 m is measured Heading S 37°38'23.4" E, to reach point S12

Starting from point S12, with North Coordinates 1037236.660 and East 622240.550, a distance of 87.665 m is measured Heading S 58°30'7.9" E, to reach point S13.

Starting from point S13, with North Coordinates 1037190.862 and East 622315.290, a distance of 1009.13 m is measured Heading S 86°1'4.6" W, to reach point S 1.

### SEA BOTTOM AREA No. 2 - 3 Has. + 774.23 m2

Starting from point 1, with North Coordinates 1036951.738 and East 622422.978, a Distance of 173.05m is measured with Heading S 8°23'6" W, to reach point 30.

Starting from point 30, with North Coordinates 1036780.539 and East 622397.743, a Distance of 226.43 m is measured with Heading S 85°44'51" E, to reach point 31.

Starting from point 31, with North Coordinates 1036797.3293 and East 622623.55, a Distance of 128.2 m is measured with Heading N 0°14'59" O, to reach point 32.

Starting from point 32, with North Coordinates 1036925.5259 and East 622622.9912, a Distance of 27.99 m is measured with Heading S 89°34'39" O, to reach point 33.

Starting from point 33, with North Coordinates 1036925.3194 and East 622595.0009, a Distance of 31.69 m is measured with Heading N 82°38'0" O, to reach point 34.

(Initials) (Seal- National Assembly – Panama)

BELKIS A. OBERTO
Traductor Público Autorizado
Certified Public Translator
Licencia No.143

Starting from point 34, with North Coordinates 1036929.3821 and East 622563.5769, a Distance of 13.38 m is measured with Heading S 37°16'8" O, to reach point 35.

Starting from point 35, with North Coordinates 1036918.7378 and East 622555.4772, a Distance of 65.15 m is measured with Heading N 72°7'16" O, to reach point 36.

Starting from point 36, with North Coordinates 1036938.7382 and East 622493.4763, a Distance of 32.35 m is measured with Heading N 87°34'17" O, to reach point 37.

Starting from point 37, with North Coordinates 1036940.1092 and East 622461.1511, a Distance of 18.71 m is measured with Heading N 73°43'5" O, to reach point 38.

Starting from point 38, with North Coordinates 1036945.3543 and East 622443.193, a Distance of 21.2 m is measured with Heading N 72°28'28" O, to reach point 1.

### SEA BOTTOM AREA No. 3 - 2 Has. + 405.34 m2

Starting from point 32, with North Coordinates 1036925.5262 and East 622622.9911, a Distance of 128.2 m is measured with Heading S 0°14'59" E, to reach point 31.

Starting from point 31, with North Coordinates 1036797.3293 and East 622623.55 a Distance of 178.74 m is measured with Heading N 85°44'51" E, to reach point 40.

Starting from point 40, with North Coordinates 1036810.583 and East 622801.797 a Distance of 18.28 m is measured with Heading N 0°20'7" E, to reach point 41.

Starting from point 41, with North Coordinates 1036828.866 and East 622801.904 a Distance of 56.55 m is measured with Heading N 21°9'21" E, to reach point 42.

Starting from point 42, with North Coordinates 1036881.6073 and East 622822.3142 a Distance of 39.22 m is measured with Heading N 59°27341" W, to reach point 43.

Starting from point 43, with North Coordinates 1036901.5368 and East 622788.5352 a Distance of 42.23 m is measured with Heading N 85°14'39"W, to reach point 44.

Starting from point 44, with North Coordinates 1036905.0382 and East 622746.4503 a Distance of 70.4 m is measured with Heading N 72°43'41" W, to reach point 45.

Starting from point 45, with North Coordinates 1036925.9408 and East 622679.2243 a Distance of 56.23 m is measured with Heading N 89°34'39" W, to reach point 32.

### B) ADDITIONAL AREAS THAT ARE PART OF THE CONTAINER TERMINAL PROJECT

- Estate 12706, 12739, 12740, 12741, 12742, 12743,12744, 12745, 11267, 12723, 12724, 12725, 12726, 12727, property of Panama Colon Container Port Inc.
- State 16635, property of United Crown Construction, Inc.
- State 15959, property of Gold King Investment, S.A.

(Initials) (Seal- National Assembly – Panama)

BELKIS A. OBERTO
Traductor Público Autorizado
Certified Public Translator
Licencia No.143

The use of the properties for the development and operation of THE CONTAINER TERMINAL has been authorized by their owners through the minutes of their respective Shareholders' Meetings and general powers.

THIRD: The parties agree to modify the THIRD CLAUSE – INVESTMENT of Contract No. A-2017-12 of May 17, 2013, which will read as follows:

*CLAUSE THIRD – INVESTMENT:*

The development of the project referred to in the First Clause of this Contract will be carried out in different phases. THE COMPANY undertakes to invest (an expression that includes its own financing, financing through debts with third parties, financial leasing, operating leasing or any other source of credit that can be obtained in order to be invested, excluding operation and maintenance costs of THE COMPANY) in THE CONTAINER TERMINAL, an amount of not less than one thousand sixty-seven million two hundred thousand dollars with 00/100 ($1,067,200,000.00), legal tender of the United States of America, directly or indirectly, by itself or through subsidiary or affiliated companies for the development of the port for containers and/or general cargo.

Said investment will be made as follows:

## PCCP INVESTMENT SCHEDULE

| No. | Description (activity) | Amount | Unit | Execution Time | | | | | Total | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Phase 1 – Year 1 | Phase 1 Year 2 | Phase II Year 3 | Phase II Year 4 | Phase III– Year 5 | | |
| | | | | Before 2022 | 2023 | 2024 | 2025 | 2026 | | |
| | | | | In mUSD | In mUSD | In mUSD | In mUSD | In mUSD | In mUSD | |
| 1 | Previous investment | | | $174,225,000.00 | | | | | $174,225,000.00 | Accumulated progress in construction, feasibility and construction and site study, geotechnical and bathymetric cartography |
| 2 | Dredging@17m | 3,200,000 | m3 | | $41,133,333.33 | $20,566,666.67 | | | $61,700,000.00 | |
| 3 | Quay wall | 1,050 | m | | $59,066,666.67 | $78,755,555.56 | $39,377,777.78 | | $177,200,000.00 | |
| 4 | Rockface | 175,000 | m3 | | $1,900,000.00 | $700,000.00 | | | $7,600,000.00 | |
| 5 | Land reclamation | 500,000 | m3 | | $6,960,000.00 | $1,740,000.00 | | | $8,700,000.00 | |
| 6 | Soil improvement | 56.00 | Ha | | $6,971,428.57 | $13,942,857.14 | $3,485,714.29 | | $24,400,000.00 | |
| 7 | Pavement | 56.00 | Ha | | | $60,850,000.00 | $60,850,000.00 | | $121,700,000.00 | |
| 8 | Road – RTG | 15,000 | m | | | $37,866,666.67 | $18,933,333.33 | | $56,800,000.00 | 2*7.5km of road inside the terminal for the circulation of RTG |
| 9 | Utilities & services | 56.00 | Ha | | | $37,450,000.00 | $37,450,000.00 | | $74,900,000.00 | Electricity, sanitation, water treatment |
| 10 | Buildings | 15,000 | m2 | | | $14,066,666.67 | $28,133,333.33 | | $42,200,000.00 | |
| 11 | IT & TOS | 1.00 | smt | | | | $19,800,000.00 | | $19,800,000.00 | Information Technology and Terminal Operating Systems |
| 12 | Equipment | 1.00 | unit | | | $29,797,500.00 | $119,190,000.00 | $148,987,500.00 | $797,975,000.00 | Estimate initial payment of 10% in 2024 |
| | | | | $174,225,000.00 | $116,031,428.57 | $300,715,912.70 | $327,220,158.73 | $148,967,500.00 | $1,067,200,000.00 | |

FOURTH: The parties agree to modify the FOURTH CLAUSE - FEES AND RATES of Contract A-2017-12 of May 17, 2013, which will read as follows:

FOURTH CLAUSE - CANON AND RATES:

The COMPANY will pay THE STATE, from the entry into force of this Addendum, for the area granted in concession a fixed fee of $0.1395 per square meter of "Seabed 1" "Seabed 2" and "Seabed 2" "Seabed 3".

(Initials) (Seal- National Assembly – Panama)

BELKIS A. OBERTO
Traductor Público Autorizada
Certified Public Translator
Licencia No. 143

thus generating a total monthly payment during the first year of thirty-eight thousand one hundred ninety-six dollars with 52/100 ($38,196.52).

This canon will increase by five percent (5%) annually as detailed below:

| Period | Year | Sea Bottom Area No. 1 22Has + 2.630.63m2 | | | Sea Bottom Area No. 2 3Has = 774.23m2 | | | Sea Bottom Area No. 3 2Has = 405.34m2 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fee per m2 with 5% annual | Monthly Payment | Annual Payment | Fee per m2 with 5% annual | Monthly Payment | Annual Payment | Fee per m2 with 5% annual | Monthly Payment | Annual Payment |
| 2022-2023 | 1 | 0.1395 | 31,056.97 | 372,683.64 | 0.1395 | 4,293.01 | 51,516.12 | 0.1395 | 2,846.54 | 34,158.48 |
| 2023-2024 | 2 | 0.1465 | 32,615.39 | 391,384.68 | 0.1465 | 4,508.42 | 54,101.04 | 0.1465 | 2,989.38 | 35,872.56 |
| 2024-2025 | 3 | 0.1538 | 34,240.59 | 410,887.08 | 0.1538 | 4,733.08 | 56,796.96 | 0.1538 | 3,138.34 | 37,660.08 |
| 2025-2026 | 4 | 0.1615 | 35,954.85 | 431,458.20 | 0.1615 | 4,970.04 | 59,640.48 | 0.1615 | 3,295.46 | 39,545.52 |
| 2026-2027 | 5 | 0.1696 | 37,758.15 | 453,097.80 | 0.1696 | 5,219.31 | 62,631.72 | 0.1696 | 3,460.75 | 41,259.00 |
| 2027-2028 | 6 | 0.1781 | 39,650.52 | 475,806.24 | 0.1781 | 5,480.89 | 65,770.68 | 0.1781 | 3,634.19 | 43,610.28 |
| 2028-2029 | 7 | 0.1870 | 41,633.93 | 499,583.16 | 0.1870 | 5,754.78 | 69,057.36 | 0.1870 | 3,815.80 | 45,789.60 |
| 2029-2030 | 8 | 0.1964 | 43,724.66 | 524,695.92 | 0.1964 | 6,044.06 | 72,528.72 | 0.1964 | 4,007.51 | 48,091.32 |
| 2030-2031 | 9 | 0.2062 | 45,906.44 | 550,877.28 | 0.2062 | 6,345.65 | 76,147.80 | 0.2062 | 4,207.58 | 50,490.96 |
| 2031-2032 | 10 | 0.2165 | 48,199.53 | 578,394.36 | 0.2165 | 6,662.62 | 79,951.44 | 0.2165 | 4,417.76 | 53,013.12 |
| 2032-2033 | 11 | 0.2273 | 50,603.94 | 607,247.28 | 0.2273 | 6,994.98 | 83,939.76 | 0.2273 | 4,638.13 | 55,657.56 |
| 2033-2034 | 12 | 0.2387 | 53,141.93 | 637,703.16 | 0.2387 | 7,345.81 | 88,149.72 | 0.2387 | 4,870.75 | 58,449.00 |
| 2034-2035 | 13 | 0.2506 | 55,791.24 | 669,494.88 | 0.2506 | 7,712.02 | 92,544.24 | 0.2506 | 5,113.58 | 61,362.96 |
| 2035-2036 | 14 | 0.2631 | 58,574.12 | 702,889.44 | 0.2631 | 8,096.70 | 97,160.40 | 0.2631 | 5,368.64 | 64,423.68 |
| 2036-2037 | 15 | 0.2763 | 61,512.84 | 738,154.08 | 0.2763 | 8,502.92 | 102,035.04 | 0.2763 | 5,638.00 | 67,656.00 |
| 2037-2038 | 16 | 0.2901 | 64,585.15 | 775,021.80 | 0.2901 | 8,927.60 | 107,131.20 | 0.2901 | 5,919.59 | 71,035.08 |
| 2038-2039 | 17 | 0.3046 | 67,813.29 | 813,759.48 | 0.3046 | 9,373.83 | 112,485.96 | 0.3046 | 6,215.47 | 74,585.64 |
| 2039-2040 | 18 | 0.3198 | 71,197.28 | 854,367.36 | 0.3198 | 9,841.00 | 118,099.20 | 0.3198 | 6,526.63 | 78,307.56 |
| 2040-2041 | 19 | 0.3358 | 74,759.37 | 897,112.44 | 0.3358 | 10,333.99 | 127,007.88 | 0.3358 | 6,852.11 | 82,225.32 |
| 2041-2042 | 20 | 0.3526 | 78,499.56 | 941,997.72 | 0.3526 | 10,850.99 | 130,211.88 | 0.3526 | 7,194.97 | 86,339.04 |
| | | | Sub-Total= | $12,326,613.00 | | Sub-Total= | $1,703,907.60 | | Sub-Total | $1,129,802.76 |
| | | | | | | | | | Total | $15,160,323.36 |

After the first fifteen (15) days, delinquency in the payment of the cann will generate a surcharge of two percent (2%) per month as arrears.

THE STATE, through the PANAMA MARITIME AUTHORITY, will receive as income, by fixed fee, the sum of fifteen million one hundred sixty thousand three hundred twenty-three dollars with 36/100 ($15,160,323.36), for the twenty (20) year extension of Contract No. A-2017-12. If the extension of the additional ten (10) years is given, THE STATE will calculate the remaining fixed fee at the time.

THE STATE, for the nine years and nine months of Contract No. A-2017-12, has received income in the amount of three million six hundred four thousand one hundred and ninety dollars with 76/100 ($3,604,190.76).

(Initials) (Seal- National Assembly — Panama)

BELKIS A. OBERTO
Traductor Público Autorizado
Certified Public Translator
Licencia No. 143

FIFTH: Modify the SEVENTH CLAUSE – DURATION of Contract No. A-2017-12 of May 17, 2013, which will read as follows:

**SEVENTH CLAUSE - DURATION:**

This contract will have a duration of twenty (20) years, counted from the entry into force of the Law that approves Addendum No. 1 to Contract No. A-2017-12 of May 17, 2013.

The parties agree that this Contract will be automatically extended for an additional ten years, provided that THE COMPANY has complied with all its obligations under it and has paid to THE STATE all the corresponding charges.

Twelve months before the termination of this Contract, and provided that THE COMPANY has complied with all its obligations arising from the Contract, the Parties will negotiate, if it is in the interest of both, new terms and rates with a view to entering into a new contract, without prejudice to the right of the State to manage and explore by itself or through a third party THE CONTAINER TERMINAL.

In order to guarantee the viability of the operations of THE CONTAINER TERMINAL located in the area given under concession, in the event of expiration or non-renewal by THE STATE of the CONCESSION, THE STATE may continue the operations object of this Contract in the area where THE CONTAINER TERMINAL is installed, without being subject to faithful compliance with the obligations of THE COMPANY in this Contract. In this case, THE COMPANY will negotiate with THE STATE the respective fees that THE STATE must pay for the use of the private properties used for the operation of THE CONTAINER TERMINAL, according to the applicable law at the time and in accordance with the parameters applicable to land of similar characteristics.

(Initials) (Seal- National Assembly – Panama)

BELKIS A. OBERTO
Traductor Público Autorizado
Certified Public Translator
Licencia No.143

**SIXTH:** Modify numerals 1 and 3 of section e), sections 1), m), r), and add section s) to NINTH CLAUSE : OBLIGATIONS of Contract No. A-2017-12 of May 17, 2013, which will look like this:

**NINTH CLAUSE – OBLIGATIONS:**

For the effective implementation of this Contract, THE COMPANY, its affiliates and subsidiaries are obliged to the following:

a) Begin and carry out the construction work of THE CONTAINER TERMINAL immediately when the law approving this Contract enters into force.
b) Prepare the specifications for the design and construction of THE CONTAINER TERMINAL, in accordance with modern technology and submit them to the PANAMA MARITIME AUTHORITY for approval.
c) Allow third parties to use THE CONTAINER TERMINAL, in accordance with the rules and regulations of THE COMPANY, charging the rates it deems appropriate on a commercial basis.
d) Pay the required rights and request the necessary permits from the national or municipal authorities in relation to the construction of the civil works of THE CONTAINER TERMINAL.
e) Provide the following policies and bonds:

1. Guarantee the obligations of the Contract, with a Performance Bond in favor of the PANAMA MARITIME AUTHORITY / GENERAL COMPTROLLER OF THE REPUBLIC for the sum of two million one hundred twenty-two thousand four hundred and forty-five dollars with 27/100 (\$2,122,445.27), currency legal tender of the United States of America, which is equivalent to fourteen percent (14%) of the total Contract as a fixed fee.

2. Consign in favor of the PANAMA MARITIME AUTHORITY / GENERAL COMPTROLLER OF THE REPUBLIC a civil liability policy that covers damage to private property, injuries and/or death to third parties, for an amount of eight million dollars with 00/ 100 (\$8,000,000.00), legal tender of the United States of America.

3. THE COMPANY must guarantee compliance with the investment with an Investment Compliance Bond in favor of the PANAMA MARITIME AUTHORITY / GENERAL COMPTROLLER OF THE REPUBLIC, for the sum of fifty-three million three hundred and sixty thousand dollars with 00/100 ( \$53,360,000.00), whose value is equivalent to five percent (5%) of the investment amount, as established by Decree No. 33-Leg. of September 8, 2020 of the Comptroller General of the Republic.

(Initials) (Seal- National Assembly – Panama)

**BELKIS A. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No.143

The amount stipulated in the previous paragraph is due to the fact that the investment to be made by THE COMPANY is one thousand sixty-seven million two hundred thousand dollars with 00/100 ($1,067,200,000.00), legal currency of the United States of America.

In accordance with the provisions of Decree No. 33-Leg of September 8, 2020 (article 28), in the case of investment in stages, the bonds may be presented by THE COMPANY as follows:

· Investment Compliance Bond for the sum of fourteen million five hundred twelve thousand eight hundred twenty-one dollars with 43/100 ($14,512,821.43), whose value is equivalent to five percent (5%) of the amount of the investment corresponding to Phase 1, of two hundred ninety million two hundred and fifty-six thousand four hundred and twenty-eight dollars with 57/100 (US$290,256,428.57), legal tender of the United States of America.

·Investment Compliance Bond for the sum of thirty-one million three hundred and ninety-seven thousand eight hundred and three dollars with 57/100 ($31,397,803.57), whose value is equivalent to five percent (5%) of the amount of the investment corresponding to Phase II, of six hundred twenty-seven million, nine hundred fifty-six thousand and seventy-one dollars with 43/100 ($627,956,071.43), legal tender of the United States of America, to the third (3) year after the approval of this Addendum.

·Investment Compliance Bond for the sum of seven million four hundred and forty-nine thousand three hundred and seventy-five dollars with 00/100 ($7,449,375.00), whose value is equivalent to five percent (5%) of the amount of the investment corresponding to Phase III, of one hundred forty-eight million nine hundred eighty-seven thousand five hundred dollars with 00/100 ($148,987,500.00), legal tender of the United States of America, to the fifth (5) year after the approval of this Addendum.

4. Maintain a fire policy on the total value of the improvements once they are built, in favor of the PANAMA MARITIME AUTHORITY / GENERAL COMPTROLLER OF THE REPUBLIC.

5. Submit the policy against spillage and contamination referred to in the Thirteenth Clause of this Contract.

THE COMPANY undertakes to provide the aforementioned policies and bonds within the thirty (30) calendar days following the signing of this Contract, as well as to

(Initials) (Seal- National Assembly – Panama)

**BELKIS A. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No 143

keep them in force for up to ninety days after the expiration of the Contract and during the entire period that it lasts.

It is understood that the insurance company referred to in this clause must be previously approved by THE STATE.

f) THE COMPANY will carry out the construction works that must be carried out under this Contract and the operation of THE CONTAINER TERMINAL and any other port facilities that operate in the area.

g) THE COMPANY, ITS SUBSIDIARIES AND AFFILIATES undertake to comply with all the laws and regulations established by the different authorities of Panama, as well as to comply with all orders issued by the PANAMA MARITIME AUTHORITY.

h) Place signs to aid navigation in said area and thus avoid future accidents on the site.

i) Allow the PANAMA MARITIME AUTHORITY to carry out, during the construction and operation of the PROJECT, technical field inspections, in order to supervise the construction or operation process.

j) Guarantee the free navigation of the vessels that daily use the surrounding area as a means for their regular operations.

k) Maintain the structure of the port and its surroundings in optimal conditions of use and cleanliness to guarantee its effective and safe use.

l) Do not sublet, or charge a fee for the use of the pier that it builds, without the express authorization of the PANAMA MARITIME AUTHORITY.

m) Develop and build one (1) wharf in the concession area that complies with the nature of the concession granted.

n) When THE COMPANY, ITS SUBSIDIARIES OR AFFILIATES wish to provide a service other than the one authorized or that is not specified in this Contract, they must request it from the PANAMA MARITIME AUTHORITY for the collection of the respective concession canon and, in addition, they must have the approvals of the competent entities for such activities. THE COMPANY is obliged to request the necessary operating licenses to provide the respective auxiliary maritime services.

ñ) Comply with all the regulations established by the Security Office of the Meritorious Fire Department, Environmental Health, the Municipal Works and Construction Department, the Panama Maritime Authority, the Ministry of Economy and Finance and any other State institution with interference in the matter.

o) Hire the Special Customs Control and Surveillance Service of the General Customs Directorate, in accordance with the provisions of Chapter IV, article 173 and subsequent articles of Cabinet Decree 41 of December 11, 2002, and other legislation.

(Initials) (Seal- National Assembly – Panama)

**BELKIS L. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No 141

No. 29656-B          Official Digital Gazette, Tuesday,  November 01, 2022          11

p) Submit to the PANAMA MARITIME AUTHORITY, duly approved by Municipal Engineering, the final construction plans for all the works to be carried out in the project area so that the Engineering Department of the Directorate of Ports and Auxiliary Maritime Industries approves the beginning of the work and the construction details.

q) Establish an easement for public and private use that allows access to the concession areas and the polygons that are adjacent to the area subject to this concession, as well as the breakwater.

r) Comply with the provisions of Resolution No. IA-054-2017 of April 10, 2017 of the Ministry of the Environment.

s) THE COMPANY undertakes to execute, at its own cost, the specific social and community development project or projects indicated by the PANAMA MARITIME AUTHORITY up to the sum of thirteen million seven hundred and twenty-one thousand nine hundred and sixty dollars with 00/100 ($13,721,960.00), equivalent to the progressive and combined calculation established in the percentage table for determining contributions to social projects of the Panama Maritime Authority, in accordance with Resolution J.D. No. 010-2019 of March 27, 2019, applied to the investment of the project, which is one thousand sixty-seven million two hundred thousand dollars with 00/100 ($1,067,200,000.00).

**SEVENTH:** When, due to the restructuring of the services provided by the company under the Contract, adaptations or adjustments are required to the services or to the areas given in concession or the authorization of new port operations to respond to market needs, the following shall apply. provided for in article 37 of Law No. 56 of 6 agpstp of 2008, General of Ports of Panama.

**EIGHTH:** THE STATE and THE COMPANY agree that all matters not regulated in this Addendum will be governed by the provisions of the Contract, and additionally, in everything that is not contrary to it, by Law No. 56 of August 6, 2008, General of Ports of Panama.

**NINTH:** The parties mutually agree that for purposes not regulated in this Addendum, all the Clauses of Contract No. A-2017-12 of May 17, 2013, approved by Law No. 43 of June 18, will remain in force. of 2013.

TENTH: The other technical and economic clauses are not modified.

**ELEVENTH:** This Addendum is exempt from stamp duty, in accordance with the provisions of numeral 21 of article 973 of the Fiscal Code.

For the record, this Addendum is issued and signed on the fourteenth (14th) day of the month of October of the year two thousand and twenty-two (2022).

(Initials) (Seal- National Assembly – Panama)

**BELKIS A. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No.143

BY THE AUTHORITY    BY THE DEALERSHIP

(SIGNATURE)    (SIGNATURE)

NORIEL ARAUZ V.    **DION L. BOWE**
ADMINISTRATOR OF THE PANAMA    LEGAL REPRESENTATIVE
MARITIME AUTHORITY    PANAMA COLON CONTAINER PORT INC.

**ENDORSEMENT**
(SIGNATURE)

**GENERAL COMPTROLLER OF THE REPUBLIC**

**Article 2**. This Law modifies Law 43 of June 18, 2013.

**Article 3**. This Law will come into force from its promulgation.

**COMMUNICATE AND COMPLY**

Project 913 of 2022 approved in the third debate at the Justo Arosemena Palace, Panama City, on the twenty-fourth day of October of the year two thousand and twenty-two.

The President
(SIGNATURE)
Crispiano Adames Navarro

General Secretary
(SIGNATURE)
Quibian Panay G.

**BELKIS A. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No. 143

No. 29656-B     Official Digital Gazette, Tuesday, November 01, 2022     13

NATIONAL EXECUTIVE ORGAN, PRESIDENCY OF THE REPUBLIC OF PANAMA, REPUBLIC OF PANAMA, NOVEMBER 1, 2022

(SIGNATURE)
LAURENTINO CORTIZO COHEN
President of the Republic

(SIGNATURE)
JOSE GABRIEL CARRIZO JAEN
Minister of the Presidency

**BELKIS A. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No.143



De 1 de noviembre de 2022

**LEY 335**

Que aprueba la Adenda No.1 al Contrato A-2017-12 de 17 de mayo de 2013,
suscrito entre EL ESTADO y la sociedad PANAMA CANAL COLON PORT, INC.,
(hoy PANAMA COLON CONTAINER PORT, INC.), aprobado mediante
Ley 43 de 18 de junio de 2013

### LA ASAMBLEA NACIONAL
### DECRETA:

**Artículo 1.** Se aprueba, en todas sus partes, la Adenda No.1 al Contrato A-2017-12 de 17 de mayo de 2013, suscrito entre EL ESTADO y la sociedad PANAMA CANAL COLON PORT, INC., (hoy PANAMA COLON CONTAINER PORT INC.), autorizado mediante Ley 43 de 18 de junio de 2013, la cual cuenta con el concepto favorable del Consejo de Gabinete mediante Resolución de Gabinete No.113 de 11 de octubre de 2022, y cuyo texto es el siguiente:

### ADENDA No.1

**Al Contrato A-2017-12 de 17 de mayo de 2013, suscrito entre EL ESTADO y la sociedad PANAMA CANAL COLON PORT, INC., (hoy PANAMA COLON CONTAINER PORT, INC.), aprobado mediante Ley No. 43 de 18 de junio de 2013.**

Los suscritos, **NORIEL ARAÚZ V.**, varón, panameño, mayor de edad, portador de la cédula de identidad personal No. 4-702-432, actuando en representación de la República de Panamá, debidamente autorizado para este acto mediante Resolución de Gabinete No. 113 de 11 de octubre de 2022, dictada en ejercicio de los poderes contenidos por el numeral 3 del artículo 200 de la Constitución Política de la República de Panamá, quien en adelante se denominará **EL ESTADO**, por una parte, y por la otra, el señor **DION L. BOWE**, varón de nacionalidad de Bahamas, mayor de edad, portador del pasaporte No. AA086305, actuando en nombre y representación de **PANAMA COLON CONTAINER PORT INC.**, sociedad anónima inscrita a Ficha 641974 de la Sección Mercantil del Registro Público de Panamá, quien en adelante se denominará **LA EMPRESA**, hemos convenido suscribir la Adenda No. 1 al Contrato No. A-2017-12 de 17 de mayo de 2013.

### CONSIDERANDO:

Que mediante Ley No. 43 de 18 de junio de 2013, promulgada en la Gaceta Oficial No. 27312-A de 19 de junio de 2013, aprobó el Contrato A-2017-12 de 17 de mayo de 2013, suscrito entre EL ESTADO y la empresa PANAMA CANAL COLON PORT INC., (hoy PANAMA COLON CONTAINER PORT INC.)

Que a través de dicho Contrato-Ley, específicamente la Cláusula Primera, autorizó a **LA EMPRESA** a desarrollar, construir, operar, administrar y dirigir una terminal para el manejo y

transporte de contenedores y carga general utilizando para ello la infraestructura e instalaciones que sean necesarias para la Terminal de Contenedores ubicada en Isla Margarita, corregimiento de Cristóbal, distrito y provincia de Colón.

Que **LA EMPRESA** cambió su nombre de **PANAMA CANAL COLON PORT INC.,** a **PANAMA COLON CONTAINER PORT INC.,** según consta en la Escritura Pública No. 2763 de 10 de julio de 2013, por lo que es necesario que la Adenda al Contrato de Concesión No. A-2017-12 de 17 de mayo de 2013, aprobado mediante Ley No. 43 de 18 de junio de 2013, refleje este cambio.

Que **LA EMPRESA**, presentó a través de su apoderada especial, la firma forense Pitty Legal Bureau, memorial mediante el cual solicitó Adenda al Contrato-Ley suscrito.

Que **EL ESTADO** ha evaluado la solicitud de **LA EMPRESA,** por lo que las Partes han convenido modificar el Anexo I de la Cláusula Primera; Cláusula Tercera; Cláusula Cuarta; Cláusula Séptima; los numerales 1 y 3 del acápite e), los acápites l), m), r), y adicionar el acápite s) a la Cláusula Novena: así como adoptar las medidas necesarias para la mejor ejecución de dicho Contrato-Ley, sujeto a las cláusulas siguientes:

## RESUELVE:

**PRIMERO:** Cambiar el nombre de la concesionaria del Contrato de Concesión No. A-2017-12 de 17 de mayo de 2013, aprobado mediante Ley No. 43 de 18 de junio de 2013, de **PANAMA CANAL COLON PORT INC.,** a **PANAMA COLON CONTAINER PORT INC.,** según consta en la Escritura Pública No. 2763 de 10 de julio de 2013.

**SEGUNDO:** Las partes acuerdan modificar el Anexo I de la CLÁUSULA PRIMERA - OBJETO Y ÁREA DEL PROYECTO del Contrato No. A-2017-12 de 17 de mayo de 2013, el cual quedará así:

### *ANEXO 1*

### *DESCRIPCIÓN DE LOS POLÍGONOS*

*A) DESCRIPCIÓN DE LOS POLÍGONOS CUYA CONCESIÓN SE OTORGA*
*ÁREA TOTAL. – 27 Has. + 3,810.20m²*

*ÁREA DE FONDO DE MAR No. 1 – 22 Has. + 2,630.63 m²*

*Partiendo del punto S1, con Coordenadas Norte 1037120.784 y Este 621308.599 se mide una distancia de 123.66 m con Rumbo N 3°58'57.9" O, para llegar al punto S2.*

*Partiendo del punto S2, con Coordenadas Norte 1037244.146 y Este 621300.010 se mide una distancia de 743.63 m con Rumbo N 67°46'18.5" E, para llegar al punto S3.*

*Partiendo del punto S3, con Coordenadas Norte 1037525.460 y Este 621988.380 se mide una distancia de 24.54 m con Rumbo S 14°8'58.1" O, para llegar al punto S4.*

*Partiendo del punto S4, con Coordenadas Norte 1037501.660 y Este 621982.380 se mide una distancia de 90.46 m con Rumbo S 71°54'5.6" E, para llegar al punto S5.*

*Partiendo del punto S5, con Coordenadas Norte 1037473.560 y Este 622068.360 se mide una distancia de 39.36 m con Rumbo S 62°7'58.8" E, para llegar al punto S6.*

*Partiendo del punto S6, con Coordenadas Norte 1037455.160 y Este 622103.160 se mide una distancia de 24.69 m con Rumbo S 35°6'21.9" E, para llegar al punto S7.*

*Partiendo del punto S7, con Coordenadas Norte 1037434.960 y Este 622117.360 se mide una distancia de 33.93 m con Rumbo S 17°49'53.5" E, para llegar al punto S8.*

*Partiendo del punto S8, con Coordenadas Norte 1037402.660 y Este 622127.750 se mide una distancia de 37.25 m con Rumbo S 8°57'23.9" E, para llegar al punto S9.*

*Partiendo del punto S9, con Coordenadas Norte 1037365.860 y Este 622133.550 se mide una distancia de 72.87 m con Rumbo S 38°13'26.1" E, para llegar al punto S10.*

*Partiendo del punto S10, con Coordenadas Norte 1037308.610 y Este 622178.640 se mide una distancia de 12.51 m con Rumbo S 61°36'44.7" E, para llegar al punto S11.*

*Partiendo del punto S11, con Coordenadas Norte 1037302.660 y Este 622189.650 se mide una distancia de 83.35 m con Rumbo S 37°38'23.4" E, para llegar al punto S12.*

*Partiendo del punto S12, con Coordenadas Norte 1037236.660 y Este 622240.550 se mide una distancia de 87.66 m con Rumbo S 58°30'7.9" E, para llegar al punto S13.*

*Partiendo del punto S13, con Coordenadas Norte 1037190.862 y Este 622315.290 se mide una distancia de 1009.13 m con Rumbo S 86°1'4.6" O, para llegar al punto S1.*

### *ÁREA DE FONDO DE MAR No. 2 – 3 Has. + 774.23m²*

*Partiendo del punto 1, con Coordenadas Norte 1036951.738 y Este 622422.978 se mide una Distancia de 173.05 m con Rumbo S 8° 23' 6" W, para llegar al punto 30.*

*Partiendo del punto 30, con Coordenadas Norte 1036780.539 y Este 622397.743 se mide una Distancia de 226.43 m con Rumbo N 85° 44' 51" E, para llegar al punto 31.*

*Partiendo del punto 31, con Coordenadas Norte 1036797.3293 y Este 622623.55 se mide una Distancia de 128.2 m con Rumbo N 0° 14' 59" W, para llegar al punto 32.*

*Partiendo del punto 32, con Coordenadas Norte 1036925.5259 y Este 622622.9912 se mide una Distancia de 27.99 m con Rumbo S 89° 34' 39" W, para llegar al punto 33.*

*Partiendo del punto 33, con Coordenadas Norte 1036925.3194 y Este 622595.0009 se mide una Distancia de 31.69 m con Rumbo N 82° 38' 0" W, para llegar al punto 34.*



*Partiendo del punto 34, con Coordenadas Norte 1036929.3821 y Este 622563.5769 se mide una Distancia de 13.38 m con Rumbo S 37° 16' 8" W, para llegar al punto 35.*

*Partiendo del punto 35, con Coordenadas Norte 1036918.7378 y Este 622555.4772 se mide una Distancia de 65.15 m con Rumbo N 72° 7' 16" W, para llegar al punto 36.*

*Partiendo del punto 36, con Coordenadas Norte 1036938.7382 y Este 622493.4763 se mide una Distancia de 32.35 m con Rumbo N 87° 34' 17" W, para llegar al punto 37.*

*Partiendo del punto 37, con Coordenadas Norte 1036940.1092 y Este 622461.1511 se mide una Distancia de 18.71 m con Rumbo N 73° 43' 5" W, para llegar al punto 38.*

*Partiendo del punto 38, con Coordenadas Norte 1036945.3543 y Este 622443.193 se mide una Distancia de 21.2 m con Rumbo N 72° 38' 28" W, para llegar al punto 1.*

### *ÁREA DE FONDO DE MAR No. 3 – 2 Has + 405.34 m²*

*Partiendo del punto 32, con Coordenadas Norte 1036925.5262 y Este 622622.9911 se mide una Distancia de 128.2 m con Rumbo S 0° 14' 59" E, para llegar al punto 31.*

*Partiendo del punto 31, con Coordenadas Norte 1036797.3293 y Este 622623.55 se mide una Distancia de 178.74 m con Rumbo N 85° 44' 51" E, para llegar al punto 40.*

*Partiendo del punto 40, con Coordenadas Norte 1036810.583 y Este 622801.797 se mide una Distancia de 18.28 m con Rumbo N 0° 20' 7" E, para llegar al punto 41.*

*Partiendo del punto 41, con Coordenadas Norte 1036828.866 y Este 622801.904 se mide una Distancia de 56.55 m con Rumbo N 21° 9' 21" E, para llegar al punto 42.*

*Partiendo del punto 42, con Coordenadas Norte 1036881.6073 y Este 622822.3142 se mide una Distancia de 39.22 m con Rumbo N 59° 27' 34" W, para llegar al punto 43.*

*Partiendo del punto 43, con Coordenadas Norte 1036901.5368 y Este 622788.5352 se mide una Distancia de 42.23 m con Rumbo N 85° 14' 39" W, para llegar al punto 44.*

*Partiendo del punto 44, con Coordenadas Norte 1036905.0382 y Este 622746.4503 se mide una Distancia de 70.4 m con Rumbo N 72° 43' 41" W, para llegar al punto 45.*

*Partiendo del punto 45, con Coordenadas Norte 1036925.9408 y Este 622679.2243 se mide una Distancia de 56.23 m con Rumbo N 89° 34' 39" W, para llegar al punto 32.*

### B) *ÁREAS ADICIONALES QUE FORMAN PARTE DEL PROYECTO DE LA TERMINAL DE CONTENEDORES*

- *Fincas 12706, 12739, 12740, 12741, 12742, 12743, 12744, 12745, 11267, 12723, 12724, 12725, 12726, 12727, propiedad de Panama Colon Container Port Inc.*
- *Finca 16635, propiedad de United Crown Construction, Inc.*
- *Finca 15959, propiedad de Gold King Investment, S.A.*

 

*El uso de las fincas para el desarrollo y operación de LA TERMINAL DE CONTENEDORES ha sido autorizado por sus propietarias a través de las actas de sus respectivas Juntas de Accionistas y poderes generales.*

**TERCERO:** Las partes acuerdan modificar la CLÁUSULA TERCERA - INVERSIÓN del Contrato No. A-2017-12 de 17 de mayo de 2013, la cual quedará así:

### *CLÁUSULA TERCERA - INVERSIÓN:*

*El desarrollo del proyecto a que hace referencia la Cláusula Primera del presente Contrato se llevará a cabo en diferentes fases. LA EMPRESA se obliga a invertir (expresión que incluye financiamiento propio, financiamiento a través de deudas con terceros, arrendamiento financiero, arrendamiento operativo o cualquiera otra fuente de crédito que pueda ser obtenida con el fin de ser invertidos, excluyendo costos de operación y de mantenimiento de LA EMPRESA) en LA TERMINAL DE CONTENEDORES, una suma no menor de mil sesenta y siete millones doscientos mil dólares con 00/100 ($1,067,200,000.00), moneda de curso legal de los Estados Unidos de América, directa o indirectamente, por sí misma o a través de compañías subsidiarias o afiliadas para el desarrollo del puerto de contenedores y/o carga general.*

*Dicha inversión se realizará de la siguiente manera.*

**CRONOGRAMA DE INVERSIÓN DE PCCP**

| No. | Descripción (actividad) | Cantidad | Unidad | Fase 1- Año 1 | Fase 1- Año 2 | Fase 1- Año 3 | Fase II- Año 4 | Fase III Año 5 | Total | Comentario |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Antes 2022 | 2023 | 2024 | 2025 | 2026 | | |
| 1 | | | | $ 174,125,000.00 | | | | | $ 174,125,000.00 | |
| 2 | Dragado 0-12% | 1,000,000 | m³ | | $5,633,333.33 | $38,566,666.67 | | | $ 61,150,000.00 | |
| 3 | Muro del muelle | 1,050 | ml | | $50,686,666.67 | $78,234,555.56 | $39,177,777.78 | | $ 175,300,000.00 | |
| 4 | Pavimentación del área | 75,000 | m³ | | $1,940,000.00 | $5,700,000.00 | | | $ 7,900,000.00 | |
| 5 | Reasignación de fincas | 100,000 | m³ | | $6,460,000.00 | $1,740,000.00 | | | $ 8,700,000.00 | |
| 6 | Manejo y costo de suelos | 24,000 | Has | | $6,931,428.57 | $14,940,857.14 | $3,885,714.29 | | $ 24,000,000.00 | |
| 7 | Maquinaria | 1,500 | Ha | | | $50,450,000.00 | $60,655,000.00 | | $ 125,700,000.00 | |
| 8 | Grúas y TTC | | | | | $57,864,666.67 | $18,955,333.33 | | $ 56,820,000.00 | |
| 9 | Obras y/o Servicios | 50,000 | ha | | | $10,160,000.00 | $10,050,000.00 | | $ 10,900,000.00 | |
| 10 | Edificios | 15,000 | m2 | | | $14,605,666.67 | $28,735,333.33 | | $ 42,100,000.00 | |
| 11 | TI & TOS | 1.00 | Unidad | | | | $19,000,000.00 | | $ 19,000,000.00 | |
| 12 | Equipo | 1.00 | Unidad | | | $30,750,350.00 | $109,240,650.00 | $140,302,740.00 | $ 252,875,000.00 | |
| | | | | $ 174,125,000.00 | $134,081,425.57 | $300,710,952.70 | $227,273,550.71 | $140,302,920.00 | $ 1,067,200,000.00 | |

**CUARTO:** Las partes acuerdan modificar la CLÁUSULA CUARTA - CANON Y TARIFAS del Contrato No. A-2017-12 de 17 de mayo de 2013, la cual quedará así:

### *CLÁUSULA CUARTA - CANON Y TARIFAS:*

*LA EMPRESA pagará a EL ESTADO, a partir de la entrada en vigencia de esta Adenda, por el área otorgada en concesión un canon fijo de $0.1395 por metro cuadrado de fondo de mar para los polígonos de "Fondo de mar 1", "Fondo de mar 2" y "Fondo de mar 3".*



*generando de esta manera un pago mensual total durante el primer año de treinta y ocho mil ciento noventa y seis dólares con 52/100 ($38,196.52).*

*Este canon se incrementará en un cinco por ciento (5%) anualmente, según se detalla a continuación:*

| Periodo | Año | Área de Fondo de Mar No.1 22Has. + 2,630.93m² | | | Área de Fondo de Mar No.2 8Has. + 774.23m² | | | Área de Fondo de Mar No.3 2Has. + 425.34m² | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Canon por m² con Δ 5% Anual | Pago Mensual | Pago Anual | Canon por m² con Δ 5% Anual | Pago Mensual | Pago Anual | Canon por m² con Δ 5% Anual | Pago Mensual | Pago Anual |
| 2022-2023 | 1 | 0.1395 | 31,656.97 | 372,683.64 | 0.1395 | 4,253.01 | 51,516.12 | 0.1395 | 2,846.54 | 34,158.48 |
| 2023-2024 | 2 | 0.1465 | 32,615.39 | 391,384.69 | 0.1465 | 4,508.42 | 54,101.04 | 0.1466 | 2,989.38 | 35,872.56 |
| 2024-2025 | 3 | 0.1538 | 34,240.59 | 410,887.08 | 0.1538 | 4,733.98 | 56,798.96 | 0.1538 | 3,138.34 | 37,660.08 |
| 2025-2026 | 4 | 0.1615 | 35,954.85 | 431,458.20 | 0.1615 | 4,970.04 | 59,640.48 | 0.1615 | 3,295.46 | 39,545.52 |
| 2026-2027 | 5 | 0.1696 | 37,758.15 | 453,097.80 | 0.1696 | 5,219.31 | 62,631.72 | 0.1696 | 3,460.75 | 41,529.00 |
| 2027-2028 | 6 | 0.1781 | 39,650.52 | 475,806.24 | 0.1781 | 5,480.89 | 65,770.68 | 0.1781 | 3,634.19 | 43,610.28 |
| 2028-2029 | 7 | 0.1870 | 41,631.93 | 499,583.16 | 0.1870 | 5,754.79 | 69,057.76 | 0.1870 | 3,815.80 | 45,789.60 |
| 2029-2030 | 8 | 0.1964 | 43,724.56 | 524,695.92 | 0.1964 | 6,044.05 | 72,528.72 | 0.1964 | 4,007.55 | 48,091.32 |
| 2030-2031 | 9 | 0.2062 | 45,906.44 | 550,877.28 | 0.2062 | 6,345.66 | 76,147.80 | 0.2062 | 4,207.58 | 50,490.96 |
| 2031-2032 | 10 | 0.2165 | 48,199.53 | 578,394.36 | 0.2165 | 6,662.62 | 79,951.44 | 0.2165 | 4,417.76 | 53,013.12 |
| 2032-2033 | 11 | 0.2273 | 50,603.94 | 607,247.28 | 0.2273 | 6,994.99 | 83,939.76 | 0.2273 | 4,638.13 | 55,657.56 |
| 2033-2034 | 12 | 0.2387 | 53,141.93 | 637,703.16 | 0.2387 | 7,345.51 | 88,149.72 | 0.2387 | 4,870.75 | 58,449.00 |
| 2034-2035 | 13 | 0.2506 | 55,791.24 | 669,494.88 | 0.2506 | 7,712.02 | 92,544.24 | 0.2506 | 5,113.68 | 61,362.96 |
| 2035-2036 | 14 | 0.2631 | 58,574.12 | 702,889.44 | 0.2631 | 8,096.70 | 97,160.40 | 0.2631 | 5,368.54 | 64,423.68 |
| 2036-2037 | 15 | 0.2763 | 61,512.84 | 738,154.08 | 0.2763 | 8,502.92 | 102,035.04 | 0.2763 | 5,636.00 | 67,650.00 |
| 2037-2038 | 16 | 0.2901 | 64,585.15 | 775,021.80 | 0.2901 | 8,927.60 | 107,131.20 | 0.2901 | 5,919.59 | 71,035.08 |
| 2038-2039 | 17 | 0.3046 | 67,813.29 | 813,759.48 | 0.3046 | 9,373.83 | 112,485.96 | 0.3046 | 6,215.47 | 74,585.64 |
| 2039-2040 | 18 | 0.3198 | 71,197.28 | 854,367.36 | 0.3198 | 9,841.60 | 118,099.20 | 0.3198 | 6,525.63 | 78,307.56 |
| 2040-2041 | 19 | 0.3358 | 74,759.37 | 897,112.44 | 0.3358 | 10,333.90 | 124,007.80 | 0.3358 | 6,852.11 | 82,225.32 |
| 2041-2042 | 20 | 0.3526 | 78,499.66 | 941,996.72 | 0.3526 | 10,850.99 | 130,211.88 | 0.3526 | 7,194.92 | 86,339.04 |
| | | | SubTotal = | $ 12,326,613.00 | | SubTotal = | $ 1,703,907.60 | | SubTotal = | $ 1,129,802.75 |
| | | | | | | | | | TOTAL = | $ 15,160,323.36 |

*Vencidos los quince (15) primeros días, la morosidad en el pago del canon generará un recargo del dos por ciento (2%) mensual en concepto de mora.*

*EL ESTADO, a través de la AUTORIDAD MARÍTIMA DE PANAMÁ, recibirá como ingreso por canon fijo, la suma de quince millones ciento sesenta mil trescientos veintitrés dólares con 36/100 ($15,160,323.36), por los veinte (20) años de extensión del Contrato No. A-2017-12. De darse la prórroga de los diez (10) años adicionales, EL ESTADO calculará en su momento el canon fijo restante.*

*EL ESTADO, por los nueve años y nueve meses de vigencia del Contrato No. A-2017-12, ha recibido ingresos por la suma de tres millones seiscientos cuatro mil ciento noventa dólares con 76/100 ($3,604,190.76).*

| Período | Año | Área de Fondo de Mar No.1 2.24 ha. + 2,830.83 m² | | | Área de Fondo de Mar No.2 3 ha. + 774.23 m² | | | Área de Fondo de Mar No.3 2 ha. + 401.34 m² | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Canon por m² con 2.5% Anual | Pago Mensual | Pago Anual | Canon por m² con 2.5% Anual | Pago Mensual | Pago Anual | Canon por m² con 2.5% Anual | Pago Mensual | Pago Anual |
| 2013-2014 | 1 | 0.0900 | 20,036.76 | 242,441.12 | 0.0900 | 2,789.60 | 33,236.18 | 0.0900 | 1,836.48 | 22,037.76 |
| 2014-2015 | 2 | 0.0945 | 21,038.59 | 252,463.08 | 0.0945 | 2,928.16 | 34,897.82 | 0.0945 | 1,928.30 | 23,139.80 |
| 2015-2016 | 3 | 0.0992 | 22,094.98 | 265,019.82 | 0.0992 | 3,082.80 | 36,833.60 | 0.0992 | 2,034.21 | 24,295.82 |
| 2016-2017 | 4 | 0.1042 | 23,199.11 | 278,377.32 | 0.1042 | 3,206.87 | 38,482.04 | 0.1042 | 2,126.24 | 25,514.88 |
| 2017-2018 | 5 | 0.1094 | 24,356.79 | 292,246.48 | 0.1094 | 3,386.70 | 40,402.40 | 0.1094 | 2,232.34 | 26,788.08 |
| 2018-2019 | 6 | 0.1149 | 25,592.28 | 306,945.12 | 0.1149 | 3,535.98 | 42,431.82 | 0.1149 | 2,344.57 | 28,134.84 |
| 2019-2020 | 7 | 0.1206 | 26,840.25 | 322,191.00 | 0.1206 | 3,711.37 | 44,536.44 | 0.1206 | 2,460.88 | 29,530.56 |
| 2020-2021 | 8 | 0.1266 | 28,185.04 | 338,220.48 | 0.1266 | 3,896.02 | 46,752.24 | 0.1266 | 2,583.32 | 30,999.84 |
| 2021-2022 | 9 | 0.1329 | 29,597.81 | 355,051.30 | 0.1329 | 4,086.90 | 49,079.80 | 0.1329 | 2,711.87 | 32,542.44 |
| 2022-2023 | 10 | 0.1395 | 31,096.87 | 279,812.73 | 0.1395 | 4,291.01 | 38,637.09 | 0.1395 | 2,846.54 | 25,618.86 |
| | | SubTotal = | $ | 2,900,006.17 | SubTotal = | $ | 452,094.21 | SubTotal = | $ | 560,801.58 |
| | | | | | | | | TOTAL = | $ | 2,904,190.76 |

**QUINTO:** Modificar la CLÁUSULA SÉPTIMA – DURACIÓN del Contrato No. A-2017-12 de 17 de mayo de 2013, la cual quedará así:

*CLÁUSULA SÉPTIMA – DURACIÓN:*

*Este contrato tendrá una duración de veinte (20) años, contados a partir de la entrada en vigencia de la Ley que apruebe la Adenda No. 1 al Contrato No. A-2017-12 de 17 de mayo de 2013.*

*Las partes convienen que el presente Contrato será prorrogado automáticamente por diez años adicionales, siempre que LA EMPRESA haya dado cumplimiento a todas sus obligaciones conforme al mismo y haya pagado a EL ESTADO todos los cargos correspondientes.*

*Doce meses antes de la terminación del presente Contrato, y siempre que LA EMPRESA hubiese cumplido todas sus obligaciones dimanadas del Contrato, las Partes negociarán, si es del interés de ambas, nuevos términos y tarifas con vistas a la celebración de un nuevo contrato, sin perjuicio del derecho del Estado de administrar y explotar por sí mismo o mediante un tercero LA TERMINAL DE CONTENEDORES.*

*A fin de garantizar la viabilidad de las operaciones de LA TERMINAL DE CONTENEDORES ubicada en el área dada en concesión, en el evento de expiración o no renovación por EL ESTADO de LA CONCESIÓN, EL ESTADO podrá continuar las operaciones objeto del presente Contrato en el área donde se encuentre instalada LA TERMINAL DE CONTENEDORES, sin estar sujeto al fiel cumplimiento de las obligaciones que corren a cargo de LA EMPRESA en el presente Contrato. En este supuesto, LA EMPRESA negociará con EL ESTADO los cánones respectivos que debe pagarle EL ESTADO por el uso de las fincas privadas utilizadas para la operación de LA TERMINAL DE CONTENEDORES, según la ley aplicable en su momento y conforme a los parámetros aplicables a terrenos de características similares.*

**SEXTO:** Modificar los numerales 1 y 3 del acápite e), los acápites l), m), r), y adicionar el acápite s) a la CLÁUSULA NOVENA - OBLIGACIONES del Contrato No. A-2017-12 de 17 de mayo de 2013, la cual quedará así:

### *CLÁUSULA NOVENA – OBLIGACIONES*

*Para la efectiva realización del presente Contrato, LA EMPRESA, sus afiliadas y subsidiarias quedan obligadas a lo siguiente:*

a) *Iniciar y llevar adelante los trabajos de construcción de LA TERMINAL DE CONTENEDORES inmediatamente cuando entre en vigencia la ley que apruebe el presente Contrato.*

b) *Confeccionar las especificaciones del diseño y la construcción de LA TERMINAL DE CONTENEDORES, de conformidad con la tecnología moderna y presentarlas a la AUTORIDAD MARÍTIMA DE PANAMÁ para su aprobación.*

c) *Permitir a terceros el uso de LA TERMINAL DE CONTENEDORES, de acuerdo con las normas y reglamentos de LA EMPRESA, cobrando las tarifas que estime convenientes sobre una base comercial.*

d) *Pagar los derechos requeridos y solicitar los permisos necesarios de las autoridades nacionales o municipales en relación con la construcción de las obras civiles de LA TERMINAL DE CONTENEDORES.*

e) *Aportar las siguientes pólizas y fianzas:*

1. *Garantizar las obligaciones del Contrato, con una Fianza de Cumplimiento a favor de la AUTORIDAD MARÍTIMA DE PANAMÁ / CONTRALORÍA GENERAL DE LA REPÚBLICA por la suma de dos millones ciento veintidós mil cuatrocientos cuarenta y cinco dólares con 27/100 ($2,122,445.27), moneda de curso legal de los Estados Unidos de América, que es lo equivalente al catorce por ciento (14%) del total del Contrato en concepto de canon fijo.*

2. *Consignar a favor de la AUTORIDAD MARÍTIMA DE PANAMÁ/ CONTRALORÍA GENERAL DE LA REPÚBLICA una póliza de responsabilidad civil que cubra daños a la propiedad privada, lesiones y/o muerte a terceros, por un monto de ocho millones de dólares con 00/100 ($8,000,000.00), moneda de curso legal de los Estados Unidos de América.*

3. *LA EMPRESA deberá garantizar el cumplimiento de la inversión con una Fianza de Cumplimiento de Inversión a favor de la AUTORIDAD MARÍTIMA DE PANAMÁ/ CONTRALORÍA GENERAL DE LA REPÚBLICA, por la suma de cincuenta y tres millones trescientos sesenta mil dólares con 00/100 ($53,360,000.00), cuyo valor equivale al cinco por ciento (5%) del monto de la inversión, como lo establece el Decreto Núm. 33-Leg. de 8 de septiembre de 2020 de la Contraloría General de la República.*

*El monto estipulado en el párrafo anterior se debe a que la inversión que se realizará por parte de LA EMPRESA es de mil sesenta y siete millones doscientos mil dólares con 00/100 ($1,067,200,000.00), moneda de curso legal de los Estados Unidos de América.*

*De acuerdo con lo que establece el Decreto Núm. 33-Leg. de 8 de septiembre de 2020 (artículo 28), en el caso de inversión por etapas, las fianzas podrán ser presentadas por LA EMPRESA de la siguiente manera:*

- *Fianza de Cumplimiento de Inversión por la suma de catorce millones quinientos doce mil ochocientos veintiún dólares con 43/100 ($14,512,821.43), cuyo valor equivale al cinco por ciento (5%) del monto de la inversión correspondiente a la **Fase I** de doscientos noventa millones doscientos cincuenta y seis mil cuatrocientos veintiocho dólares con 57/100 (US$290,256,428.57), moneda de curso legal de los Estados Unidos de América.*

- *Fianza de Cumplimiento de Inversión por la suma de treinta y un millones trescientos noventa y siete mil ochocientos tres dólares con 57/100 ($31,397,803.57), cuyo valor equivale al cinco por ciento (5%) del monto de la inversión correspondiente a la **Fase II**, de seiscientos veintisiete millones novecientos cincuenta y seis mil setenta y un dólares con 43/100 ($627,956,071.43), moneda de curso legal de los Estados Unidos de América, al tercer (3) año después de la aprobación de la presente Adenda.*

- *Fianza de Cumplimiento de Inversión por la suma de siete millones cuatrocientos cuarenta y nueve mil trescientos setenta y cinco dólares con 00/100 ($7,449,375.00), cuyo valor equivale al cinco por ciento (5%) del monto de la inversión correspondiente a la **Fase III**, de ciento cuarenta y ocho millones novecientos ochenta y siete mil quinientos dólares con 00/100 ($148,987,500.00), moneda de curso legal de los Estados Unidos de América, al quinto (5) año después de la aprobación de la presente Adenda.*

4. *Mantener vigente una póliza de incendio sobre el valor total de las mejoras una vez sean construidas, a favor de la AUTORIDAD MARÍTIMA DE PANAMÁ/ CONTRALORÍA GENERAL DE LA REPÚBLICA.*

5. *Presentar la póliza contra derrame y contaminación a que se refiere la Cláusula Décima Tercera de este Contrato.*

*LA EMPRESA se compromete a aportar las pólizas y fianzas mencionadas dentro de los treinta (30) días calendario siguientes a la suscripción del presente Contrato, así como a*




*mantenerlas vigentes hasta por noventa días después de vencido el Contrato y durante todo el periodo que este dure.*

*Queda entendido que la compañía de seguros a que se alude en esta cláusula deberá ser previamente aprobada por EL ESTADO.*

f) *LA EMPRESA efectuará los trabajos de construcción que debe realizar bajo este Contrato y la operación de LA TERMINAL DE CONTENEDORES y de cualesquiera otras facilidades portuarias que operan en el área.*

g) *LA EMPRESA, SUS SUBSIDIARIAS Y AFILIADAS se comprometen a cumplir todas las leyes y normas establecidas por las diferentes autoridades de Panamá, así como a acatar todas las órdenes que imparta la AUTORIDAD MARÍTIMA DE PANAMÁ.*

h) *Colocar señales para ayuda a la navegación en dicha área y de esta manera evitar futuros accidentes en el sitio.*

i) *Permitir que la AUTORIDAD MARÍTIMA DE PANAMÁ realice, durante la construcción y operación del PROYECTO, las inspecciones técnicas de campo, a fin de fiscalizar el proceso de construcción u operación.*

j) *Garantizar la libre navegación a las embarcaciones que diariamente utilizan el área aledaña como medio para sus operaciones regulares.*

k) *Mantener en óptimas condiciones de uso y aseo la estructura del puerto y sus alrededores para garantizar su utilización efectiva y segura.*

l) *No subarrendar, ni cobrar tarifa por el uso del muelle que construya, sin la autorización expresa de la AUTORIDAD MARÍTIMA DE PANAMÁ.*

m) *Desarrollar y construir en el área concesionada un (1) muelle que cumpla con la naturaleza de la concesión otorgada.*

n) *Al momento en que LA EMPRESA, SUS SUBSIDIARIAS O AFILIADAS deseen brindar un servicio distinto al autorizado o que no esté especificado en este Contrato, deberá solicitarlo a la AUTORIDAD MARÍTIMA DE PANAMÁ para el cobro del canon respectivo de concesión y, además, deberá contar con las aprobaciones de las entidades competentes para tales actividades. LA EMPRESA queda obligada a solicitar las licencias de operación necesarias para brindar los servicios marítimos auxiliares respectivos.*

ñ) *Cumplir con todas las normas establecidas por la Oficina de Seguridad del Benemérito Cuerpo de Bomberos, Sanidad Ambiental, la Dirección de Obras y Construcciones Municipales, la Autoridad Marítima de Panamá, el Ministerio de Economía y Finanzas y de cualquiera otra institución del Estado con injerencia en el tema.*

o) *Contratar el Servicio Especial de Control y Vigilancia Aduanero de la Dirección General de Aduanas, de conformidad con lo establecido en el Capítulo IV, artículo 173 y subsiguientes del Decreto de Gabinete 41 de 11 de diciembre de 2002, y demás legislaciones.*

*p) Presentar ante la AUTORIDAD MARÍTIMA DE PANAMÁ, debidamente aprobados por Ingeniería Municipal, los planos finales de construcción de todas las obras que vaya a realizar en el área del proyecto para que el Departamento de Ingeniería de la Dirección de Puertos e Industrias Marítimas Auxiliares apruebe el inicio de la obra y los detalles constructivos.*

*q) Constituir una servidumbre para uso público y privado que permita el acceso a las áreas concesionadas y a los polígonos que se encuentran colindantes con el área objeto de esta concesión, así como también el rompeolas.*

*r) Cumplir con lo establecido en la Resolución No. IA-054-2017 de 10 de abril de 2017 del Ministerio de Ambiente.*

*s) LA EMPRESA se compromete a ejecutar, a su propio costo, el proyecto o los proyectos específicos de desarrollo social y comunitario que la AUTORIDAD MARÍTIMA DE PANAMÁ le indique hasta por la suma de trece millones setecientos veintiún mil novecientos sesenta dólares con 00/100 ($13,721,960.00), equivalente al cálculo progresivo y combinado establecido en la tabla de porcentajes para determinación de aporte a proyectos sociales de la Autoridad Marítima de Panamá, de acuerdo con la Resolución J.D. No. 010-2019 de 27 de marzo de 2019, aplicados a la inversión del proyecto, la cual es de mil sesenta y siete millones doscientos mil dólares con 00/100 (US$1,067,200,000.00).*

**SÉPTIMO:** Cuando por necesidades de restructuración de los servicios provistos por la empresa en virtud del Contrato se requieran adecuaciones o ajustes a los servicios o a las áreas dadas en concesión o la autorización de nuevas operaciones portuarias para responder a las necesidades del mercado, se aplicará lo previsto en el artículo 37 de la Ley No. 56 de 6 de agosto de 2008, General de Puertos de Panamá.

**OCTAVO:** EL ESTADO y LA EMPRESA convienen en que toda materia no regulada en la presente Adenda se regirá por lo establecido en el Contrato, y supletoriamente, en todo lo que no le sea contrario, por la Ley No. 56 de 6 de agosto de 2008, General de Puertos de Panamá.

**NOVENO:** Las partes acuerdan de común acuerdo que para los efectos no regulados en esta Adenda, se mantendrán vigentes todas las Cláusulas del Contrato No. A-2017-12 de 17 de mayo de 2013, aprobado mediante Ley No. 43 de 18 de junio de 2013.

**DÉCIMO:** Las demás cláusulas técnicas y económicas no se modifican.

**UNDÉCIMO:** Esta Adenda está exenta del impuesto de timbres fiscales, de conformidad con lo establecido en el numeral 21 del artículo 973 del Código Fiscal.

Para constancia, se extiende y firma esta Adenda a los catorce (14) días del mes de octubre del año dos mil veintidós (2022).

11

**POR LA AUTORIDAD**     ...     **POR LA CONCESIONARIA**

(FDO.)                  (FDO.)

**NORIEL ARAÚZ V.**             **DION L. BOWE**
ADMINISTRADOR DE LA AUTORIDAD     REPRESENTANTE LEGAL
MARÍTIMA DE PANAMÁ            PANAMA COLON CONTAINER PORT INC.

**REFRENDO**

(FDO.)

**CONTRALORÍA GENERAL DE LA REPÚBLICA**

**Artículo 2.** La presente Ley modifica la Ley 43 de 18 de junio de 2013.

**Artículo 3.** Esta Ley comenzará a regir desde su promulgación.

**COMUNÍQUESE Y CÚMPLASE.**

Proyecto 913 de 2022 aprobado en tercer debate en el Palacio Justo Arosemena, ciudad de Panamá, a los veinticuatro días del mes de octubre del año dos mil veintidós.

El Presidente,

Crispiano Adames Navarro

El Secretario General,

Quibián T. Panay G.

ÓRGANO EJECUTIVO NACIONAL. PRESIDENCIA DE LA REPÚBLICA PANAMÁ, REPÚBLICA DE PANAMÁ, *1* DE *NOVIEMBRE* DE 2022.

LAURENTINO CORTIZO COHEN
Presidente de la República

JOSÉ GABRIEL CARRIZO JAÉN
Ministro de la Presidencia

# EXHIBIT 15





# REPÚBLICA DE PANAMÁ
## PROVINCIA DE PANAMÁ

### NOTARIA DÉCIMA DEL CIRCUITO DE PANAMÁ

## *Licdo. Raúl Iván Castillo Sanjur*
### NOTARIO PÚBLICO DÉCIMO

TELS.: 223-5565
263-5411
263-4160
FAX: 263-3861
CELULAR: 6674-8531

AVENIDA MANUEL MARIA ICAZA
EDIFICIO TORRE COSMOS,
PLANTA BAJA

APARTADO 823-1169
PANAMÁ
REPÚBLICA DE PANAMÁ

3416 - **2019**

**COPIA**
**ESCRITURA No.** _____9971_____ DE ___24 DE___ Septiembre DE 20 ___19___

**POR LA CUAL:** *Por la cual se protocoliza Acta de la Junta de Accionistas de la sociedad* **Panama Colon Container Port, Inc.** *"Amparada por lo establecido en la Ley 32 del 5 de abril del 2011, en relación con el movimiento comercial de las empresas sujetas al régimen de Zona Franca."*



# REPUBLICA DE PANAMA
## PAPEL NOTARIAL



## NOTARIA DECIMA DEL CIRCUITO DE PANAMA

ESCRITURA PUBLICA NUMERO: **NUEVE MIL NOVECIENTOS SETENTA Y UNO**-------------------- (9971) -------------------------

Por la cual se Protocoliza Acta de la Junta de Accionistas de la sociedad **PANAMA COLON CONTAINER PORT, INC.** *"Amparada por lo establecido en la Ley 32 del 5 de abril del 2011, en relación con el movimiento comercial de las empresas sujetas al régimen de Zona Franca."*-----------------------

--------------Panamá, 24 de septiembre de 2019----------

En la ciudad de Panamá, Capital de la República de Panamá y cabecera del Circuito Notarial del mismo nombre, a los veinticuatro(24) días del mes de septiembre de dos mil diecinueve (2019), ante mi, **RAUL IVAN CASTILLO SANJUR**, Notario Público Décimo del circuito de Panamá, con cédula número cuatro – ciento cincuenta y siete– setecientos veinticinco(4-157-725), compareció personalmente la **LICENCIADA ANA JULIA CARREIRA**, abogada en ejercicio, con cédula de identidad personal número ocho – setecientos treinta y cinco – mil ciento noventa y nueve (8-735-1199), idoneidad número ocho uno ocho ocho (8188) debidamente autorizada para éste acto, con la finalidad de protocolizar en Escritura Pública Acta de la Junta de Accionista de la sociedad **PANAMA COLON CONTAINER PORT, INC.**, persona jurídica debidamente inscrita a Ficha seis cuatro uno nueve siete cuatro (641974), Documento uno cuatro siete uno cero cinco ocho (1471058) de la sección de Micropelícula Mercantil del Registro Público. ---------

Queda hecha la protocolización solicitada y se expedirán las copias que soliciten los interesados.-----------------

Minuta refrendada por la **LICENCIADA ANA JULIA CARREIRA** abogada en ejercicio, con cédula de identidad personal

124976 - 2019

número ocho – setecientos treinta y cinco – mil ciento
noventa y nueve (8-735-1199), idoneidad número ocho uno
ocho ocho (8188).------------------------------------------
Advertí a los comparecientes que copia de esta Escritura
Pública debe ser registrada y leída como le fue la misma
en presencia de los testigos instrumentales señores
**CLIFFORD BERNARD GORDON**, portador de la cédula número uno
– diecinueve – mil trescientos diecisiete (1-19-1317) y
**TOMAS VILLARREAL** portador de la cédula número cuatro –
noventa y nueve – mil ochocientos diez (4-99-1810), ambos
mayores de edad, panameños y vecinos de esta ciudad, a
quienes conozco y son hábiles para el cargo, la
encontraron conforme, le impartieron su aprobación y la
firmaron todos para constancia, ante mí, el Notario, que
doy fe.-----------------------------------------------------
**ESCRITURA PUBLICA NUMERO: NUEVE MIL NOVECIENTOS SETENTA Y
UNO** --------------------(9971)------------------------
Todo lo borrado vale.--------------------------------------
**(Fdo.)ANA JULIA CARREIRA** --------------------------------
**(Fdo.)CLIFFORD BERNARD GORDON-----(Fdo.)TOMAS VILLARREAL**
**(TESTIGOS)**-----------------------------------------------
**(Fdo.)RAUL IVAN CASTILLO SANJUR--(Notario Público Décimo)-**
===========================================================
-----**ACTA DE LA JUNTA DE ACCIONISTAS DE LA SOCIEDAD**-------
-----------**PANAMA COLON CONTAINER PORT, INC.**-------------
-----------------------**FICHA(641974)**---------------------
En la ciudad de Panamá, República de Panamá, a los
diecinueve (19) días del mes de septiembre de dos mil
diecinueve (2019) tuvo lugar una reunión de la Junta de
Accionistas de la Sociedad **PANAMA COLON CONTAINER PORT,**



**REPUBLICA DE PANAMA**
PAPEL NOTARIAL

NOTARIA DECIMA DEL CIRCUITO DE PANAMA

**INC.** persona jurídica debidamente inscrita a Ficha seis cuatro uno nueve siete cuatro (641974), Documento uno cuatro siete uno cero cinco ocho (1471058), de la sección de Micropelícula Mercantil del Registro Público.--

La reunión la presidió **XIAXUAN CHEN** como Presidente AD-HOC, en ausencia del titular, y tomó las minutas **LIANG ZHANG**, Secretario titular del cargo.---------------------

El Presidente declaró que estando presentes y representadas la totalidad de los poseedores de acciones emitidas y en circulación, pagadas y liberadas se podía renunciar al aviso de convocatoria previa y existiendo el Quórum Reglamentario la reunión podía iniciarse, se anunció que el objeto de la misma era la designación de una nueva Junta Directiva y de Dignatarios para la sociedad e igualmente, someter a discusión la necesidad de modificar el artículo noveno (9) del Pacto Social de la Sociedad..------------------------------------------

- Después de una amplia deliberación sobre el asunto, y a moción debidamente presentada, sustentada y secundada se resolvió por unanimidad lo siguiente:--------------------

----------------------------SE RESUELVE:--------------------

**PRIMERO:** Designar, como en efecto se designa una nueva Junta Directiva y de Dignatarios para la sociedad, la cual a partir de la fecha quedará conformada de la siguiente forma:------------------------------------------------------

DIRECTOR PRESIDENTE:--------------**XIANGFENG WANG**----------

DIRECTORA SECRETARIA:--------------**TINGYUN HAN**----------

DIRECTOR TESORERO: -------------- **YEJUN LI** -------------

**SEGUNDO:** Modificar, como en efecto se modifica el artículo noveno (9) del Pacto Social de la Sociedad, el cual

124973 - **2019**

Copia para propósitos informativos solamente

quedará así:------------------------------------------------

**"NOVENO:** El representante legal de la sociedad será el Secretario o quien la Junta Directiva designe para tal efecto."------------------------------------------------

**TERCERO:** Se faculta a la Licenciada **ANA JULIA CARREIRA** abogada en ejercicio, con cédula de identidad personal número ocho – setecientos treinta y cinco – mil ciento noventa y nueve (8-735-1199), idoneidad número ocho uno ocho ocho (8188), para que protocolice e inscriban el presente Acta.------------------------------------------------

No habiendo nada más de que tratar se dio por terminada la reunión y para constancia la firman todos los que en ella han intervenido.------------------------------------------------

(FDO.) **XIAXUAN CHEN**--------------------(**PRESIDENTE AD-HOC**)-

(FDO.) **LIANG ZHANG**-----------------------(**SECRETARIO**)-

Certifico que todo lo anterior es fiel copia de su original.------------------------------------------------

(FDO.) **LIANG ZHANG**-----------------------(**SECRETARIO**)-

Concuerda con su original esta copia que expido, firmo y sello a los veinticuatro (24) días del mes de septiembre de dos mil diecinueve (2019).--------------------------------

*"Esta escritura tiene un total de dos (2) páginas"*--------

LIC. RAÚL IVÁN CASTILLO SANJUR
Notario Público Décimo



*República de Panamá*
*Ministerio de Comercio e Industrias*

Panamá, 18 de mayo de 2015
**DGZF-C-010/15**

La Dirección General de Zonas Francas, a solicitud de parte interesada,

## CERTIFICA:

- Que la sociedad **Panamá Colón Container Port, Inc.** se encuentra acogida a la Ley 32 de 5 de abril de 2011, como empresa establecida en la Zona Franca Isla Margarita, ubicada en Coco Solo Corregimiento de Cristóbal, Distrito y Provincia de Colón, República de Panamá.

- Que la referida empresa tiene la Licencia de Operación N°131 y Registro Oficial N°141 de 4 de febrero de 2009.

- Que la empresa **Panamá Colón Container Port, Inc.** es beneficiaria del Régimen Especial, Integral y Simplificado, previsto en el artículo 31 de la Ley 32 de 5 de abril de 2011, que establece lo siguiente:

> "Toda actividad, operación, transacción, trámite y transferencia de bienes muebles e inmuebles, compra de equipo y materiales de construcción, materias primas, maquinarias, herramientas, accesorios, insumos y todo bien o servicio requerido para sus operaciones, que realicen las empresas establecidas dentro de las zonas francas, estarán exoneradas de todo impuesto directo e indirecto, contribuciones, tasas, derechos y gravámenes nacionales. También estarán exoneradas del impuesto sobre la licencia de operación.
>
> El promotor y las empresas establecidas dentro de las zonas francas deberán mantener registros contables y documentos que reflejen claramente sus operaciones exentas y no exentas de impuestos."



*Lic. Angelo Gutiérrez*
**Director General de Zonas Francas**

Edison Plaza, Avenida Ricardo J. Alfaro - Teléfono 560-0600 / 560-0700
Apartado Postal 9658, Zona 4 Panamá, República de Panamá
Web: www.mici.gob.pa

# EXHIBIT 16



# REPÚBLICA DE PANAMÁ
## PROVINCIA DE PANAMÁ



**122191/2016 (0)**

18/03/2016 01:37:50 PM

Registro Público de Panamá

## CUARTA DEL CIRCUITO DE PANAMÁ

*Natividad Quirós Aguilar*

### NOTARIO PÚBLICO CUARTO

| | |
|---|---|
| Teléfonos: 264-3585 | OBARRIO |
| 264-8927 | AVE. SAMUEL LEWIS |
| Fax: 264-8047 | EDIF. OLIVELLA, PLANTA ALTA |

**COPIA**

ESCRITURA No. ___ 4,897 ___ DE ___ 17 ___ DE ___ marzo ___ DE 20 ___ 16 ___

**POR LA CUAL:**

cual se protocoliza revocatoria del poder general otorgado por PANAMA COLON CONTAINER PORT INC., a favor del Sr. Richard Eric Meng Li, y otorga nuevo poder general, a favor de LIANG ZHANG

*Copia para propósitos informativos solamente*



**REPUBLICA DE PANAMA**
**PAPEL NOTARIAL**



**NOTARIA CUARTA DEL CIRCUITO DE PANAMA**

ESCRITURA PÚBLICA NÚMERO CUATRO MIL OCHOCIENTOS NOVENTA Y CUATRO
———————————————— (4,894) ————————————————

Por la cual se protocoliza revocatoria del poder general otorgado por **PANAMA COLON CONTAINER PORT INC.,** a favor del Sr. **Richard Eric Meng Li,** y otorga nuevo poder general, a favor de **LIANG ZHANG.** ————————————————

———————————————— Panamá, 17 de marzo de 2016 ————————————————

En la Ciudad de Panamá, Capital de la República y Cabecera del Circuito Notarial del mismo nombre, a los diecisiete (17) días del mes de marzo del año dos mil quince (2015), ante mí, Licenciado NATIVIDAD QUIRÓS AGUILAR, Notario Público Cuarto del Circuito de Panamá, con Cédula de Identidad Personal Número dos - ciento seis - mil setecientos noventa (2-106-1790), compareció personalmente VERNON EMMANUEL SALAZAR ZURITA, varón, mayor de edad, casado, panameño, vecino de esta ciudad, con Cédula de Identidad Personal Número ocho – cuatrocientos doce-setecientos treinta y cinco (8-412-735), a quien conozco, y me solicitó que extendiera esta escritura pública para hacer constar que se protocoliza documento mediante el cual la sociedad **PANAMA COLON CONTAINER PORT INC.,** inscrita en la Ficha: seis cuatro uno nueve siete cuatro (641974) Sección Mercantil del Registro Público revoca el poder general otorgado al Sr. **Richard Eric Meng Li,** junto con copia certificada del Acta de una Sesión de los Accionistas, celebrada en la misma fecha en que se autoriza la ejecución de dicho acto y otorga nuevo Poder General a favor de **LIANG ZHANG.** ————————————————

Queda hecha la protocolización solicitada y se expedirán las copias que soliciten los interesados. ————————————————

Advertí al compareciente que la copia de esta escritura debe ser inscrita, y habiéndosele leído en presencia de los testigos instrumentales, FERNANDO MENÉNDEZ MONTES, con Cédula de Identidad Personal Número cuatro-ciento setenta y seis-veinticuatro (4-176-24) y RAUL CABALLERO AGUILAR, con Cédula de Identidad Personal Número ocho-trescientos cincuenta y cuatro-trescientos seis (8-354-306), mayores de edad, vecinos de esta ciudad, a quienes conozco, son hábiles para el cargo, la encontró conforme, le impartió su aprobación y para constancia la firman todos ante mí, el Notario, que doy fe. -

276086

2

El Notario hace constar que esta Escritura Pública fue otorgada en base a un documento presentado por la firma forense QUIJANO & ASOCIADOS. ————————————————

Esta Escritura lleva el número de orden CUATRO MIL OCHOCIENTOS NOVENTA Y CUATRO ——————————————— (4,894) ————————————————

(Firmados) —————————————— Vernon Emmanuel Salazar Zurita ————————————

Fernando Menéndez Montes ———————————————— Raúl Caballero Aguilar

NATIVIDAD QUIRÓS AGUILAR, Notario Público Cuarto. ————————————————

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

————————————————————TRADUCCIÓN————————————————————

————————ACTA DE UNA SESIÓN DE LOS ACCIONISTAS DE LA COMPAÑÍA————————

——————————————PANAMA COLON CONTAINER PORT INC.——————————————

Una sesión de los Accionistas de **PANAMA COLON CONTAINER PORT INC.**, fue celebrada en el Edificio Salduba, Tercer Piso, Calle 53 Este, Marbella, Panamá, República de Panamá, el 9 de marzo de 2016.————————————————————————————

Todas las acciones emitidas y en circulación con derecho a voto se encontraban debidamente representadas en la sesión, en vista de lo cual la sesión fue debidamente celebrada, renunciando al aviso previo.————————————————————————————

El Sr. Vernon Emmanuel Salazar Zurita presidió la sesión y Delio José De León Mela, actuó como Secretario de la sesión y redactó el Acta, ambos en ausencia de los titulares y a solicitud de los Accionistas.————————————————————————————

Luego de moción debidamente sustentada, las siguientes resoluciones fueron aprobadas por unanimidad:————————————————————————————

1. Revoca el Poder General otorgado por la Sociedad, mediante Escritura Pública No. 7,028 fechada el 7 de octubre de 2011, debidamente registrada en el Registro Público de Panamá bajo Documento 2063053 el 18 de octubre de 2011, a favor del Sr. Richard Eric Meng Li, y autorizar asimismo, como en efecto se autoriza, al Sr. Vernon Emmanuel Salazar Zurita, para que revoque en todas sus partes dicho poder.————————

2. Nombra a **LIANG ZHANG**, portador del Pasaporte No.G29331862, con un dirección en Americas Tower, Tower C, office 1604, Punta Darien Street y Punta Coronado, Ciudad de Panamá, Panamá, como Apoderado General de la sociedad antes mencionada y



REPUBLICA DE PANAMA
PAPEL NOTARIAL

NOTARIA CUARTA DEL CIRCUITO DE PANAMA

autorizar asimismo, como en efecto se autoriza, al Sr. Vernon Emmanuel Salazar Zurita, para emitir el mencionado Poder General.————

El Apoderado queda expresamente facultado y debidamente autorizado para planificar, convenir y llevar a cabo, en nombre y representación de la Sociedad, mediante su firma individual, todos aquellos actos y negocios que en su opinión puedan ser convenientes para la buena marcha de los asuntos de la Sociedad, incluyendo actos de riguroso dominio.————

Entre los actos que puede llevar a cabo el Apoderado General están los siguientes:————

a. Comprar, vender, alquilar, ceder a título gratuito u oneroso, garantizar deudas de la sociedad o de terceros, hipotecar, pignorar, permutar, entregar o recibir cualesquiera bienes de la Sociedad.————

b. Otorgar cualquier tipo de garantías en nombre y representación de la Sociedad y gravar cualesquiera bienes ya sea en garantía de las deudas de la Sociedad o deudas de terceros, ya sea que represente o no algún beneficio directo para la Sociedad.————

c. Contratar con personas naturales o jurídicas.————

d. Reclamar cualquier derecho, real o personal que la Sociedad tuviere frente a terceros y en tales casos, representar a la Sociedad directamente, o por medio de delegados, ante las autoridades panameñas o extranjeras o frente a terceros contra los cuales se dirigiera reclamación o que por cualquier motivo tuvieren intereses en la misma.————

e. Abrir cuentas bancarias a nombre de la Sociedad en cualquier país y firmar contra dichas cuentas, órdenes de pagos o cheques o cartas de crédito.————

f. Nombrar los agentes que estime convenientes y cualquier otro personal subalterno, establecer sueldos y pagar comisiones.————

g. Sustituir parcial o totalmente las facultades que se le confieren por este poder, por acto público o privado.————

h. Realizar cualquier acto de ordinaria y/o extraordinaria administración que fuere conveniente a la Sociedad según sus entendimientos, incluyendo actos de riguroso dominio.————

i. Las facultades anteriores no constituyen limitación alguna y el Apoderado está facultado para realizar cualquier acto en nombre y en representación de la Sociedad.————

276087

4

3. Autorizar a **QUIJANO & ASOCIADOS**, para que protocolicen e inscriban este documento en el Registro Público.————————————————————————

No habiendo otro asunto que discutir, la sesión fue cerrada.————————————

(Fdo.) Vernon Emmanuel Salazar Zurita————(Fdo.) Delio José De León Mela————

Vernon Emmanuel Salazar Zurita————————Delio José De León Mela————

Presidente de la sesión————————————Secretaria de la sesión————

————<b>PODER GENERAL</b>————

Yo, Vernon Emmanuel Salazar Zurita, en nombre y en representación de **PANAMA COLON CONTAINER PORT INC.,** una sociedad anónima panameña debidamente registrada en la Ficha: **641974** de la Sección Mercantil del Registro Público, debidamente autorizado para ello mediante resolución aprobada en una sesión extraordinaria de los Accionistas de la Sociedad, celebrada el 9 de marzo de 2016, por este medio:————————————————————————————————

1. Revoca el Poder General otorgado por la Sociedad, mediante Escritura Pública No. 7028 fechada el 7 de octubre de 2011, debidamente registrada en el Registro Público de Panamá bajo Documento 2063053 el 18 de octubre de 2011, a favor del Sr. Richard Eric Meng Li y autorizar asimismo, como en efecto se autoriza, al Sr. Vernon Emmanuel Salazar Zurita, para que revoque en todas sus partes dicho poder.————————

2. Nombra a **LIANG ZHANG**, portador del Pasaporte No.G29331862, con un dirección en Americas Tower, Tower C, office 1604, Punta Darien Street y Punta Coronado, Ciudad de Panamá, Panamá, como Apoderado General de la sociedad ——————————

El Apoderado queda expresamente facultado y debidamente autorizado para planificar, convenir y llevar a cabo, en nombre de la Sociedad, mediante su firma individual, todos aquellos actos y negocios que en su opinión puedan ser convenientes para la buena marcha de los asuntos de la Sociedad, incluyendo actos de riguroso dominio.————

Entre los actos que puede llevar a cabo el Apoderado General están los siguientes:————

a. Comprar, vender, alquilar, ceder a título gratuito u oneroso, garantizar deudas de la sociedad o de terceros, hipotecar, pignorar, permutar, entregar o recibir cualesquiera bienes de la Sociedad.————————————————————————

b. Otorgar cualquier tipo de garantías en nombre y representación de la Sociedad y

REPUBLICA DE PANAMA
PAPEL NOTARIAL

 

NOTARIA CUARTA DEL CIRCUITO DE PANAMA

gravar cualesquiera bienes ya sea en garantía de las deudas de la Sociedad o deudas de terceros, ya sea que represente o no algún beneficio directo para la Sociedad.———

c.  Contratar con personas naturales o jurídicas. ————————————————

d.  Reclamar cualquier derecho, real o personal que la Sociedad tuviere frente a terceros y en tales casos, representar a la Sociedad directamente, o por medio de delegados, ante las autoridades panameñas o extranjeras o frente a terceros contra los cuales se dirigiera reclamación o que por cualquier motivo tuvieren intereses en la misma.————————

e.  Abrir cuentas bancarias a nombre de la Sociedad en cualquier país y firmar contra dichas cuentas, órdenes de pagos o cheques o cartas de crédito.———————————

f.  Nombrar los agentes que estime convenientes y cualquier otro personal subalterno, establecer sueldos y pagar comisiones.————————————————————

g.  Sustituir parcial o totalmente las facultades que se le confieren por este poder, por acto público o privado.———————————————————————————————

h.  Realizar cualquier acto de ordinaria y/o extraordinaria administración que fuere conveniente a la Sociedad según sus entendimientos, incluyendo actos de riguroso dominio.————————————————————————————————————

i.  Las facultades anteriores no constituyen limitación alguna y el Apoderado está facultado para realizar cualquier acto en nombre y en representación de la Sociedad.———

En testimonio de la cual he suscrito mi firma este 9 de marzo de 2016.————————

—————————————— En nombre y representación de————————————————

————————PANAMA COLON CONTAINER PORT INC.————————————

————————————————(Fdo.) Vernon Emmanuel Salazar Zurita ———————————

————————————————————Vernon Emmanuel Salazar Zurita ————————————

LO ANTERIOR ES UNA TRADUCCIÓN FIEL DEL DOCUMENTO ORIGINAL EN INGLÉS, QUE ME FUE PRESENTADO. ——————————————————————————————

Panamá, 16 de marzo de 2016. ———————————————————————————

(Fdo.) Omaro Amador T. ——— Omaro A. Amador Tejeira ——— Traductor Público Autorizado ——————————————————————————————————————

276088

6

—— MINUTES OF A MEETING OF THE SHAREHOLDERS OF THE COMPANY ——
———————— PANAMA COLON CONTAINER PORT INC. ————

A meeting of the Shareholders of **PANAMA COLON CONTAINER PORT INC.,** was held at Salduba Building, Third Floor, 53rd East Street, Marbella, Panama, Republic of Panama, on March 9, 2016. ——————————————————————————

All the issued and outstanding shares with right to vote were duly represented at the meeting, in view of which the meeting was duly held, waiving the prior notice. ——————

Mr. Vernon Emmanuel Salazar Zurita, chaired the meeting and Delio José De León Mela, acted as Secretary of the meeting and drew up the Minutes, both in absence of the incumbents and at the request of the shareholders. ————————————————

Upon motion duly presented and sustained, the following resolutions were unanimously approved: ——————————————————————————————

1. To revoke the General Power of Attorney granted by the corporation through Public Deed no.7028 dated October 7, 2011, duly registered at the Public Registry of Panama under Document 2063053 on October 18, 2011, in favour of *Mr. Richard Eric Meng Li* and to authorize Mr. Vernon Emmanuel Salazar Zurita, as in effect he is hereby authorized, to revoke said General Power of Attorney in all its parts. ————————

2. To appoint **LIANG ZHANG,** holder of Passport No.G29331862, with a domicile address at Americas Tower, Tower C, office 1604, Punta Darien Street and Punta Coronado, Panama City, Panama, as General Attorney of the aforementioned corporation and to authorize Mr. Vernon Emmanuel Salazar Zurita as in effect he is hereby authorized, to issue said General Power of Attorney. ————————————————

The attorney is hereby expressly empowered and duly authorized to plan, agree and carry out, for and on behalf of the corporation, by means of his individual signature, all such acts and businesses as in his opinion may be convenient for the good conduct of the affairs of the corporation, including acts of strict domain. ——————————

Among the acts which the General Attorneys may perform are the following: ——————

a. To buy, sell, lease, gratuitously or onerously to assign, to guarantee debts of the corporation or of third parties, to mortgage, pledge, exchange deliver or receive any assets of the corporation. ————————————————————————




## NOTARIA CUARTA DEL CIRCUITO DE PANAMA

b.  To grant any type of guarantee for and on behalf of the corporation and to encumber any assets, whether as guarantee for the debts of the corporation or of third parties, and whether doing so represents a direct benefit for the corporation or not. —————————

c.  To enter into contracts with natural or juridical persons. —————————

d.  To claim any real or personal right that the corporation may have regarding third parties, and in such cases to represent the corporation, either directly or through lawyers, before the Panamanian or other foreign authorities or before third parties against which the claim may be directed or who may have an interest in same for any reason whatsoever. —————————

e.  To open bank accounts in the name of the corporation in any country, and to sign payment orders or checks or letters of credit against said accounts. —————————

f.  To designate those agents whom he may deem convenient, as well as any other subordinate personnel, and to determine salaries and pay commissions. —————————

g.  To substitute all or part of the powers conferred upon him by this Power of Attorney, whether by public or private act. —————————

h.  To perform any ordinary and/or extraordinary acts of administration which in his opinion may be convenient for the corporation, including acts of strict domain. —————————

i.  The foregoing powers do not constitute any limitation, and the Attorney shall have the power to do any act for and on behalf of the corporation. —————————

3.  To authorize **QUIJANO & ASSOCIATES**, to protocolize and register this document in the Public Registry. —————————

There being no further matters to be dealt with, the meeting was adjourned. —————————

(Sgd.) Vernon Emmanuel Salazar Zurita —————— (Sgd.) Delio José De León Mela ——

—— Vernon Emmanuel Salazar Zurita —————————— Delio José De León Mela ——

—— President of the meeting ————————————— Secretary of the meeting ——

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

—————————— **GENERAL POWER OF ATTORNEY** ——————————

I, Vernon Emmanuel Salazar Zurita, for and on behalf of **PANAMA COLON CONTAINER PORT INC.**, a Panamanian corporation which is duly registered under Number 641974 of the Mercantile Section of the Public Registry, duly authorized to such effect by a

276089

8

resolution adopted on a meeting of the Shareholders of the corporation, held on March 9, 2016, by these means hereby: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

1. To revoke the General Power of Attorney granted by the corporation through Public Deed no.7028 dated October 7, 2011, duly registered at the Public Registry of Panama under Document 2063053 on October 18, 2011, in favour of **Mr. Richard Eric Meng Li** and to authorize Mr. Vernon Emmanuel Salazar Zurita, as in effect he is hereby authorized, to revoke said General Power of Attorney in all its parts. ⎯⎯⎯⎯⎯⎯⎯

2. Appoint **LIANG ZHANG,** holder of Passport No.G29331862, with a domicile address at Americas Tower, Tower C, office 1604, Punta Darien Street and Punta Coronado, Panama City, Panama, as General Attorney of the corporation. ⎯⎯⎯⎯⎯⎯⎯⎯

The attorney is hereby expressly empowered and duly authorized to plan, agree and carry out, for and on behalf of the corporation, by means of his individual signature, all such acts and businesses as in his opinion may be convenient for the good conduct of the affairs of the corporation, including acts of strict domain. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Among the acts which the General Attorney may perform are the following: ⎯⎯⎯⎯⎯

a. To buy, sell, lease, gratuitously or onerously to assign, to guarantee debts of the corporation or of third parties, to mortgage, pledge, exchange deliver or receive any assets of the corporation. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

b. To grant any type of guarantee for and on behalf of the corporation and to encumber any assets, whether as guarantee for the debts of the corporation or of third parties, and whether doing so represents a direct benefit for the corporation or not. ⎯⎯⎯⎯⎯

c. To enter into contracts with natural or juridical persons. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

d. To claim any real or personal right that the corporation may have regarding third parties, and in such cases to represent the corporation, either directly or through lawyers, before the Panamanian or other foreign authorities or before third parties against which the claim may be directed or who may have an interest in same for any reason whatsoever. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

e. To open bank accounts in the name of the corporation in any country, and to sign payment orders or checks or letters of credit against said accounts. ⎯⎯⎯⎯⎯⎯

f. To designate those agents whom he may deem convenient, as well as any other



# REPUBLICA DE PANAMA
## PAPEL NOTARIAL

REPÚBLICA de PANAMÁ
TIMBRE NACIONAL
≡008.00

### NOTARIA CUARTA DEL CIRCUITO DE PANAMA

subordinate personnel, and to determine salaries and pay commissions. ————————

g. To substitute all or part of the powers conferred upon him by this Power of Attorney, whether by public or private act. ——————————————————————

h. To perform any ordinary and/or extraordinary acts of administration which, in his opinion, may be convenient for the corporation, including acts of strict domain. ————

i. The foregoing powers do not constitute any limitation, and the Attorney shall have the power to do any act for and on behalf of the corporation. ———————————

In witness whereof I have hereunto subscribed my signature on this March 9, 2016. ————

————————————— For and on behalf of ————————————

————————— **PANAMA COLON CONTAINER PORT INC.** ——————————

————————————— (Sgd.) Vernon Emmanuel Salazar Zurita ————————————

————————————————— Vernon Emmanuel Salazar Zurita ————————————

Concuerda con su original esta copia que expido, sello y firmo, en la Cíudad de Panamá, a los diecisiete (17) días del mes de marzo del año dos mil quince (2015).

*Natividad Quirós Aguilar*
Notario Público Cuarto

276090

Copia para prepósitos informativos solamente

Copia para propositos informativos solamente

**REPUBLICA DE PANAMA**
**AUTORIDAD NACIONAL DE INGRESOS PÚBLICOS**
**CERTIFICACION DE PAGO DE TASA UNICA**

Certificación N°: **324-171068**
Número de Control: **8730**

Fecha Emisión:**20160309**　　　　Hora Emisión:**14:03**　　　　Fecha de Validez:**20170115**

La Oficina Provincial de Ingresos, certifica que el Contribuyente:

**RUC:**
**1471058-1-641974**

**Nombre o Razón Social:**
PANAMA CANAL COLON PORT INC

Se encuentra al día con el Tesoro Nacional en el pago de Tasa Única, de acuerdo con las disposiciones legales  vigentes.
Fundamento Legal: Artículo 318-A del Código Fiscal

CERTIFICACION DE PAGO DE TASA UNICA EMITIDA POR INTERNET

Cod-4909 Emisor: USUARIO INTERNET　　　　Cod-4909 Revisor: USUARIO INTERNET

**AVISO DE VALIDEZ Y CONFIRMACION DE LA PRESENTE CERTIFICACION**

Para su validez, esta certificación debe ser confirmada en la página web de la Autoridad Nacional de Ingresos Públicos www.anip.gob.pa por parte del interesado o del funcionario público o privado a quien deba presentarse.

| Al verificar la presente certificación, registre para su seguridad el número de confirmación asignado por el sistema. | Fecha: | N° Confirmación |
|---|---|---|
| | | |

**Solicite su Certificación por Internet en www.anip.gob.pa**

Esta certificación es gratis. Llame al número 100 para denunciar actos de corrupción

2024-01-18

Page 4030 of 4072

CIV0083/2023

2024-01-18

Page 4030 of 4072

CIV0083/2023

Copia para propósitos solamente de documentos

# Dirección General de Ingresos
## Ministerio de Economía y Finanzas

**ADMINISTRACIÓN TRIBUTARIA EN LÍNEA**

Consultas
- Saldos
- Dificultades
- Pagos
- Convalidaciones
- Otros Documentos
- Pasivos
- Corriente Cta. Corriente
- Corregir Pago

CRR
- Estado de Solicitud

Transacciones
- Presentar Declaración
- Presentar Declaración por Disco
- Declaraciones por Enviar
- Declaraciones por Aprobar Enviadas por CPA
- Emitir Paz y Salvo
- Emitir Certificado de No Contribuyente del ITBMS
- Emitir Certificado de Exento de ITBMS
- Emitir Certificación de Tasa Única
- Presentar Anexo Otras Cuotas/Otros Gastos
- Presentar Anexo Planillas

Registro Único
- Información de Registro
- Cambio de RUC
- Actualización de RUC

Agentes Retenedores
- Sociedades Representativas
- Inscripción por Archivo
- Listar Sociedades

Pagos a Terceros
- Pagos Efectuados
- Pagos Recibidos
- Enviar Archivo IVU

Contribuyentes No Declarados
- Montos Reportados
- Montos Recibidos
- Enviar Archivo (CSV)
- Carta Saldo

Copia para propositos informativos solamente

**Tipo Cuenta:** 1 Tributo — Impuestos: 215 Tasa Única

| Periodo | Cuota | Vencto | Vr Impuesto | Vr Recargo | Vr P. Dic | Vr Interes | Movimiento | Fecha | Tipo | Saldo Pral | Saldo Recg | Saldo Mul | Saldo Int |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 209800 | | 20090115 | 250.00 | 0.00 | 0.00 | 0.00 | 20090114 | 20090114 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |
| 209900 | | 20100115 | 300.00 | 60.00 | 0.00 | 0.00 | 375899 | 20100115 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |
| 201000 | | 20110115 | 300.00 | 50.00 | 0.00 | 0.00 | 478370 | 20110115 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |
| 201100 | | 20120115 | 300.00 | 0.00 | 0.00 | 0.00 | 234689 | 20111102 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |
| 201200 | | 20130115 | 300.00 | 0.00 | 0.00 | 0.00 | | 20120527 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |
| 201300 | | 20140115 | 300.00 | 0.00 | 0.00 | 0.00 | | 20141209 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |
| 201400 | | 20150115 | 300.00 | 50.00 | 0.00 | 0.00 | 13299781 | 20150715 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |
| 201500 | | 20160115 | 300.00 | 0.00 | 0.00 | 0.00 | | 20161212 | Pago | 0.00 | 0.00 | 0.00 | 0.00 |

**Impuesto DB:** 0.00  **Impuesto CR a Pagar:** 0.00 — Recargo: 0.00 — Multa: 0.00 — Interés: 0.00 — **Total a Pagar:** 0.00

Nota:
Los saldos mostrados son informativos y no constituyen una certificación de saldo. Si el contribuyente encuentra diferencias/inconsistencias al teléfono 800-4636, envíe un correo electrónico a atencionalcontribuyente a dirigirse a la Administración Provincial de Ingresos más cercano, para solicitar mayor información o corregir el error.

CIV/0083/2023

CIV/0083/2023

Page 4032 of 4072

Page 4032 of 4072

2024-01-18

2024-01-18

Copia Para Propósitos informativos solamente

# DERECHOS DE REGISTRO

N° 1400788026

A depositar en la Cuenta: | 1 | 0 | 0 | 0 | 0 | 0 | 5 | 4 | 9 | 7 | 8 |

Fecha: 18/03/2016

Presentante: MARIEL MARTINEZ (3-729-90)

NOTARÍA PÚBLICA CUARTA DEL CIRCUITO DE PANAMÁ

Escritura: 4894

Fecha Escritura: 17/03/2016

Firma depositante:

AGENCIA DEL REGISTRO PUBLICO 18/03/2016 13:18:48
0685/PAGO DE REGISTRO PUBLICO
CAJ 1073107 #SEQ 00004221 SUP
BOLETA 1400788026 REFERENCIA 040354228
Efectivo          Cheques BNF       Otros Bancos
0.00              65.00             0.00
Total             65.00



| FORMA PAGO | EUA | DÓLARES CTS |
|---|---|---|
| Efectivo | $ | 0.00 |
| Cheques | $ | 65.00 |
| **TOTAL** | **$** | **65.00** |

ORIGINAL - CONTRIBUYENTE

La liquidación contenida en esta boleta de Pago tiene vigencia de un (1) día hábil
Esta boleta de pago no es válida sin la impresión mecánica de la caja del Banco Nacional de Panamá



Copia para propositos informativos solamente

# EXHIBIT 17

193525/2023 (2)

05/12/2023 11:22:0 a. m.
Panamá



# REPÚBLICA DE PANAMÁ
## PROVINCIA DE PANAMÁ

## NOTARÍA PÚBLICA PRIMERA
### Circuito Notarial de Panamá

## Licdo. Jorge E. Gantes S.
### NOTARIO

Calle 51 Este, Manuel María Icaza,
Edif. Magna Corp., Local N°. 5, PB

Tels.: 269-2207 / 269-2706
email: jorgeganteslegal@gmail.com

| 5,051 | 11 | Mayo | 2023 |

ESCRITURA N° _____ de _____ de _____ de _____

**HORARIO**
Lunes a Viernes
8:00 a.m. a 6:00 p.m.
Sábado
9:00 a.m. a 1:00 p.m.

POR LO CUAL:

se protocoliza Acta de Asamblea Extraordinaria de Accionistas de la sociedad anónima denominada **PANAMA COLON CONTAINER PORT, INC.**, celebrada el día 09 de Mayo de 2023.

ALEJANDRO COSSIO YANIS
8-445-58

NOTARÍA PÚBLICA PRIMERA
REPÚBLICA DE PANAMÁ

1 MAY 2023

ENTRADA

*Keytlin Lorenzo*
Notaria Pública Primera

Copia para propósitos informativos solamente

**NOTARÍA PÚBLICA PRIMERA**
Circuito Notarial de Panamá
**REPÚBLICA DE PANAMÁ**

1. **ESCRITURA PÚBLICA NÚMERO   CINCO MIL CINCUENTA Y UNO** --------------------

2. Y--------------------------------------(5,051)-------------------------------------------------

3. Por la cual se protocoliza Acta  de Asamblea Extraordinaria de Accionistas de la sociedad anónima

4. denominada   **PANAMA COLON CONTAINER  PORT,  INC.,**  celebrada el día 09 de Mayo de

5. 2023.-------------------------------------------------------------------------------------------------------

6. -----------------------------------------Panamá,  11 de Mayo de  2023-----------------------------------

7. En la ciudad de Panamá, Capital de la República y Cabecera del Circuito Notarial del mismo nombre,

8. a los once (11)  días del mes de Mayo  de dos mil veintitrés (2023), ante mi, **JORGE ELIEZER**

9. **GANTES SINGH**,   Notario Público Primero del Circuito de Panamá, con cédula de identidad

10. personal  número  ocho-quinientos nueve-novecientos  ochenta  y  cinco  (8-509-985)  compareció

11. personalmente el Licenciado **ALEJANDRO COSSIO YANIS,** varón, mayor de edad, panameño,

12. casado, abogado de profesión, Idoneidad Número veintisiete mil uno.(27001),  vecino de esta ciudad,

13. con cédula de identidad personal número ocho - cuatrocientos  cuarenta y cinco - cincuenta y ocho

14. (No. 8-445-58)  a quien conozco, miembro de la firma forense ACON LAW,  debidamente facultado

15. para este acto según consta más adelante por la sociedad anónima denominada **PANAMA COLON**

16. **CONTAINER PORT, INC.,** sociedad debidamente inscrita en el Registro Público a Folio  número

17. seis cuatro uno nueve siete cuatro (641974),     en la Sección Mercantil de dicho Registro,   me

18. presentó para su  protocolización en esta Escritura Pública y al efecto protocolizo Acta  de Asamblea

19. Extraordinaria de Accionistas de la expresada sociedad, celebrada el día  nueve (09) de Mayo de dos

20. mil veintitrés (2023).---------------------------------------------------------------------------------------

21. Acta refrendada  por el Licenciado  ALEJANDRO COSSIO YANIS, abogado en ejercicio, con

22. cédula de identidad personal número ocho - cuatrocientos  cuarenta y cinco - cincuenta y ocho (No.

23. 8-445-58).---------------------------------------------------------------------------------------

24. Queda hecha la protocolización solicitada y se expedirán las copias que soliciten los interesados.-----

25. **ADVERTÍ** al  compareciente que la copia de esta Escritura debe ser inscrita y leída como le fue la

26. misma en presencia de los testigos instrumentales **ALICIA DEL ROSARIO DE CLARKE,**  con

27. cédula de identidad personal número dos - ochenta y cuatro - doscientos dos (2-84-202) **y YIPSA**

28. **AVILA DE BURNETT,** con cédula de identidad personal número seis - cuarenta y siete - mil

29. cuatrocientos ochenta y seis (6-47-1486) ambas mayores de edad, panameñas y vecinas de esta

30. ciudad,    a quienes conozco y son hábiles para ejercer el cargo, la encontraron conforme, le

impartieron su aprobación y la firman para constancia, con los testigos antes mencionados por ante

mí, el Notario que doy fe-------------------------------------------------------------------------------------

ESCRITURA PUBLICA NUMERO **CINCO MIL CINCUENTA Y UNO**----------------------

---------------------------------------(5,051) ------------------------

(Fdos.) **ALEJANDRO COSSIO YANIS** -------------- YIPSA AVILA DE BURNETT--------

ALICIA DEL ROSARIO DE CLARKE-----------------------JORGE ELIEZER GANTES SINGH,

Notario Público Primero del Circuito de Panamá.-------------------------------------------------

-----ACTA DE ASAMBLEA EXTRAORDINARIA DE ACCIONISTAS DE LA --------------------

--------------------SOCIEDAD  PANAMA COLON CONTAINER PORT, INC.---------------------

En la Ciudad de  Panamá,  República de Panamá a los 09 días del mes de Mayo  de 2023, siendo las

11:00 de la mañana,  en virtud de lo establecido en el Pacto Constitutivo de la Sociedad Anónima

denominada  **PANAMA COLON CONTAINER PORT, INC**, inscrita al Folio número  seis cuatro

uno nueve siete cuatro (641974),  en la Sección Mercantil del Registro Público, tuvo lugar una

Reunión de Asamblea Extraordinaria de Accionistas.-------------------------------------------------

La reunión la presidió DION LESLIE BOWE como Presidente titular del cargo y tomó las minutas

JORGE ALEJANDRO SERRANO EVERS, Secretario titular del cargo.--------------------------------

El Presidente declaró que estando presentes y representadas la totalidad de los poseedores de

acciones emitidas y en circulación, pagadas y liberadas quienes renunciaron al aviso de convocatoria

previa y confirmando la existencia del quorum reglamentario, El Presidente declaró abierta la  Sesión

y explicó que el objeto de la misma era, el de considerar  la conveniencia de,  revocar poder general

conferido al Señor. Liang Zhang .--------------------------------------------------------

A moción debidamente  presentada, discutida y aprobada por unanimidad, se resolvió lo siguiente, ---

-------------------------------------------RESUELVE:  ------------------------------------

PRIMERO: Revocar  COMO EN EFECTO SE REVOCA, en todas sus partes el poder general

otorgado por la sociedad mediante escritura pública No. 4,897 fechada el 17 de marzo de 2016,

debidamente registrada en el Registro Público de Panamá bajo el folio No. 641974 a favor de LIANG

ZHANG establecido dicha escritura.-----------------------------------------------------

SEGUNDO: Se autoriza la firma de abogados ACON LAW, para que comparezcan ante Notario

Público a protocolizar la presente Acta y procedan con su debida inscripción en el Registro Público.--

No habiendo más asuntos  que tratar, se clausuró la reunión, siendo las 11:45 am del día 09 de Mayo

Copia para propósito de información solamente




# NOTARÍA PÚBLICA PRIMERA
Circuito Notarial de Panamá
**REPÚBLICA DE PANAMÁ**

1. de 2023 y para constancia firman las personas que en ella han intervenido.------------------------------

2. Dado en la Ciudad de Panamá a los 09 días del mes de Mayo de 2023.------------------------------

3. (Fdo.) DION LESLIE BOWE ----------(Fdo.) **JORGE ALEJANDRO SERRANO EVERS** ---------

4. PRESIDENTE--------------------------------SECRETARIO ------------------------------

5. El suscrito secretario de la sociedad anónima denominada **PANAMA COLON CONTAINER**

6. **PORT, INC.,** certifica que lo anterior es fiel copia de su original que reposa en el Libro de Acta de la

7. sociedad. --------------------------------

8. (Fdo.) **JORGE ALEJANDRO SERRANO EVERS** -------SECRETARIO ------------------------

9. Minuta refrendada por el Licenciado. Alejandro Cossio Yanis, abogado en ejercicio con Cédula de

10. Identidad Personal No, 8-445-58, e idoneidad No 27001. En representación de la Firma Forense

11. Acon Law.--------------------------------------------------------------

12. CONCUERDA CON SU ORIGINAL ESTA COPIA QUE EXPIDO, SELLO Y FIRMO EN LA

13. CIUDAD DE PANAMA , A LOS ONCE (11) DIAS DEL MES DE MAYO DEL AÑO DOS MIL

14. VEINTITRES (2023).----------------



*Lic. Jorge E. Gantes S.*
**Notario Público Primero**



Copia para propositos informativos solamente

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.

# Registro Público de Panamá
## RECIBO DE LIQUIDACIÓN

LISTADO DE TRÁMITES E IMPORTES DE LOS MISMOS A FECHA 05/12/2023

Nº de Liquidación: 1404054725

Forma de Pago: Tarjeta

Nº Escritura: 5051

Fecha Escritura: 05/11/2023

NOTARÍA PÚBLICA PRIMERA DEL CIRCUITO DE PANAMÁ



## 1 ENTRADA CON LOS SIGUIENTES TRÁMITES

| TIPO DE TRÁMITE | VALOR BASE | CANTIDAD | IMPORTE |
|---|---|---|---|
| Acta de Sociedad Mercantil | | 1 | $40.00 |
| Derechos de Calificación | | 1 | $25.00 |
| | | TOTAL | $65.00 |

multibank
REGISTRO PUBLICO - PANAMA
CARRASQUILLA, VIA ESPAÑA

038532000040000                60001690
12/05/23 - 10:12               LOTE: 000078
***********773856                    VISA
REF: 313210125517          FACTURA: 011908
NUM. AUTORIZACION              194109

** DUPLICADO **

VENTA                            $65.00
ITBMS                             $0.00
                          ----------------
TOTAL                            $65.00

FIRMA: _____
              PAYWAVE/VISA
-------------VISA DEBITO-------------
AID: A0000000031010

          COPIA DE COMERCIO
             EVTC-T3 V3.1

Registro Público de Panamá - Vía España, frente al Hospital San Fernando
Apartado Postal 0830 - 1596 Panamá, República de Panamá - (507)501-6000          Página: 1 de 1

CIV0083/2023          Page 4040 of 4072          2024-01-18



GlobeNewswire
by notified

NEWSROOM   SERVICES ˅   CONTACT US   FRANÇAIS   SIGN IN   **REGISTER**

# Notarc Acquires the Panama Canal Container Port Terminal and Will Resume Construction of the $1.4 Billion Project

## A JOINT VENTURE WAS SIGNED WITH ONE OF THE WORLD'S MOST GEOGRAPHICALLY DIVERSE CONTAINER TERMINAL OPERATORS, TERMINAL INVESTMENT LIMITED (TiL), TO BUILD LATIN AMERICA'S MOST MODERN TRANSSHIPMENT PORT WITH A CAPABILITY TO HANDLE UP TO FIVE (5) MILLION TEUs

May 19, 2022 07:00 ET   | Source: **Notarc Management Group**   **Follow**

## Press Release Actions

Print
Download PDF
Subscribe via RSS
Subscribe via ATOM
Javascript

**Share**

PANAMA CITY, May 19, 2022 (GLOBE NEWSWIRE) -- Notarc Management Group (NMG), a LatAm-focused private investment and asset management firm, which last year launched its Panama Development Fund (PDF) and has led significant investments across the Caribbean and Latin America over several decades, has announced the acquisition and finalization of plans for the completion of the Panama Canal Container Port (PCCP), a $1.4 billion modern port facility. The project is already forty percent (40%) completed and is slated to resume construction by the fourth quarter of 2022. NMG is partnering with Terminal Investment Limited (TIL), an affiliate of Mediterranean Shipping Company (MSC), today the largest shipping line in the world, and will also undertake management and oversee operations of the modernized transsshipment facility that is expected to handle 2.5 million TEUs in its initial years and grow to a capacity of 5 million TEUs.

"Notarc Management Group's core mission is to align with strategic capital partners, investors, and leading multinational firms in supporting and expanding innovation, technology, infrastructure, and sustainable initiatives across Latin America



Bethel, CEO Notarc Management Group, during meetings held on the sidelines of the Bloomberg New Economy Conference together with its key investment partners and Panamanian officials at the PCCP development site in the Republic of Panama.

"We are delighted to be here for this special occasion and to commit to the partnership with Notarc, the Panamanian Government and, most importantly, the people of Panama. We are no strangers to Panama and our undertakings today cement our further belief that The Americas will continue to grow and prosper through the advent of trade and logistics. The pandemic has evidenced that our business is essential. Our Shareholders are committed to this industry for the long term. We are also grateful to Notarc for allowing us to bring our global operational expertise to this development as we continue to expand our footprint in the Americas," noted Ammar Kannan, CEO, Terminal Investments Limited.

"Panama is an ideal gateway hub in the Americas and the World. This acquisition is a strategic opportunity for us to further develop and integrate a regional logistics platform while investing in assets which are synergistic to our investment model and where innovation and location offer an incomparable business footprint in the region," said Dion L. Bowe, Managing Partner of NMG Latin America and the newly appointed CEO of PCCP.

In addition to the transshipment port, Notarc has entered into a memorandum of understanding with U.S.-based SGP BioEnergy (SGP) to construct and develop a major bioenergy facility and other logistics infrastructure at the Colon project. "SGP is excited to join Notarc in the development of these transformational projects for Panama and the region. This project led by Notarc is well positioned to capitalize on its unique logistics position and alliance with SGP in the global energy transition," said Randy Delbert Letang, CEO of SGP BioEnergy.

The Panama Canal is one of the most strategic locations in the World for logistics infrastructure investments. The companies' plans to develop a biofuels energy facility and distribution hub to support the World's energy transition is consistent with the goals of my administration while also attracting new FDI and ensuring that Panama is a global leader in the logistics and renewable energy sectors," said Laurentino Cortizo, President of the Republic of Panama.

****

About Notarc Management Group

Notarc Management Group comprises leading investment and asset management professionals in UK, Europe, Panama, Asia, The Bahamas, and The United States. As an advisory and private equity firm, Notarc Management Group focuses exclusively on asset class opportunity investments in real estate, hospitality, logistics, technology and infrastructure in the Americas; while maintaining its core focus on stabilized and key strategic markets within Latin America and The Caribbean.

Notarc provides expert local knowledge and asset management oversight while aligning with sovereign funds, institutional and private equity firms and global family offices to invest capital via its various opportunity fund SPV's including the Panama Development Fund. For more information, visit www.notarc.com.

About MSC

MSC Mediterranean Shipping Company (MSC) is a global leader in transportation and logistics, privately owned and founded in 1970 by Gianluigi Aponte. The company has evolved from a one-vessel operation into a globally respected business with a 700-vessel fleet and over 110,000 staff providing timely delivery of goods and services to customers of all industries and sizes. Present in 155 countries through 600 offices, MSC calls at 500 ports on 250+ trade routes, carrying some 23 million TEU (twenty-foot equivalent units) annually. MSC's activities now

About Terminal Investment Limited (TiL)

Terminal Investment Limited (TiL) invests in, develops and manages container terminals around the world. It was founded in 2000, and since then, it has grown to become one of the largest and most geographically diverse container terminal operators globally, with a portfolio that includes interests in some 60 container terminals across five continents. TiL always seeks to be the safest, most productive and most environmentally responsible, while placing people at the core of everything it does and conducting its business with unassailable integrity. TiL's terminals have been selected for their important and strategic locations around the world, including major origin and destination and transshipment trade hubs and gateways in Europe, Asia, North America, South America and West Africa. For more information, visit www.tilgroup.com.

For further information on Notarc Management Group, please contact:
Mr. Dion L. Bowe
Managing Partner Latin America
Notarc Management Group
Email: dion@notarc.com

**Related Images**



Rendering of Panama Canal Contianer Port Project



**Image 2: Notarc TiL MSC - Official Joint Venture Signing, Republic of Panama**

Notarc and TiL Executives - Seated L to R: Mr. Leslie Bethel, CEO - Notarc Management Group, Mr. Romain Simon, CIO TIL, Mr. Dion Bowe, CEO - Notarc Port Investment; Back Row - Panamanian Ministers and Officials

This content was issued through the press release distribution service at Newswire.com.





NEWSROOM    SERVICES ⌄    CONTACT US    FRANÇAIS    SIGN IN    **REGISTER**

**Tags**

Bio Energy    Container Terminal    Global Trade    Infrastructure

Investment    Logistics    Maritime    MSC    Notarc

Panama Canal    Trade Hub    Transshipment

# Explore



## Thumzup Reaffirms its Instagram-First Strategy Hea...

December 26, 2023 15:40 ET



## Internet Webpages Newspaper Launches Ambitious Cro...

December 26, 2023 15:34 ET



**About Us**

GlobeNewswire is one of the world's largest newswire distribution networks, specializing in the delivery of corporate press releases, financial disclosures and multimedia content to media, investors, and consumers worldwide.

Follow us on social media: **in**

**Newswire Distribution Network & Management**

· Home

· Newsroom

· RSS Feeds

· Legal

· Contact us



# Notarc acquires the Panama Canal Container Port Terminal and will resume construction of the $1.4 billion project

posted by AJOT | May 19 2022 at 11:28 AM | Ports & Terminals

Notarc Management Group (NMG), a LatAm-focused private investment and asset management firm, which last year launched its Panama Development Fund (PDF) and has led significant investments across the Caribbean and Latin America over several decades, has announced the acquisition and finalization of plans for the completion of the Panama Canal Container Port (PCCP), a $1.4 billion modern port facility. The project is already forty percent (40%) completed and is slated to resume construction by the fourth quarter of 2022. NMG is partnering with Terminal Investment

Limited (TIL), an affiliate of Mediterranean Shipping Company (MSC), today the largest shipping line in the world, and will also undertake management and oversee operations of the modernized transshipment facility that is expected to handle 2.5 million TEUs in its initial years and grow to a capacity of 5 million TEUs.

"Notarc Management Group's core mission is to align with strategic capital partners, investors, and leading multinational firms in supporting and expanding innovation, technology, infrastructure, and sustainable initiatives across Latin America and the Caribbean. This is our first major port initiative in Panama and sets the stage for other key investment opportunities we are pursuing across the region," noted Leslie C. Bethel, CEO Notarc Management Group, during meetings held on the sidelines of the Bloomberg New Economy Conference together with its key investment partners and Panamanian officials at the PCCP development site in the Republic of Panama.

"We are delighted to be here for this special occasion and to commit to the partnership with Notarc, the Panamanian Government and, most importantly, the people of Panama. We are no strangers to Panama and our undertakings today cement our further belief that The Americas will continue to grow and prosper through the advent of trade and logistics. The pandemic has evidenced that our business is essential. Our Shareholders are committed to this industry for the long term. We are also grateful to Notarc for allowing us to bring our global operational expertise to this development as we continue to expand our footprint in the Americas," noted Ammar Kannan, CEO, Terminal Investments Limited.

"Panama is an ideal gateway hub in the Americas and the World. This acquisition is a strategic opportunity for us to further develop and integrate a regional logistics platform while investing in assets which are synergistic to our investment model and where innovation and location offer an incomparable business footprint in the region," said Dion L. Bowe, Managing Partner of NMG Latin America and the newly appointed CEO of PCCP.

In addition to the transshipment port, Notarc has entered into a memorandum of understanding with U.S.-based SGP BioEnergy (SGP) to construct and develop a major bioenergy facility and other logistics infrastructure at the Colon project. "SGP is excited to join Notarc in the development of these transformational projects for Panama and the region. This project led by Notarc is well positioned to capitalize on its unique logistics position and alliance with SGP in the global energy transition," said Randy Delbert Letang, CEO of SGP BioEnergy.

"We welcome this investment by Notarc and its partners and look forward to their re-commencing of the construction, which will generate 1,800 jobs for the people of Colon and Panama. The Panama Canal is one of the most strategic locations in the World for logistics infrastructure investments. The companies' plans to develop a biofuels energy facility and distribution hub to support the World's energy transition is consistent with the goals of my administration while also attracting new FDI and ensuring that Panama is a global leader in the logistics and renewable energy sectors," said Laurentino Cortizo, President of the Republic of Panama.

# More Ports & Terminals



## Cotton exports through Wilson Sons' Salvador Container Terminal soar 156% this year

View Article

## Massport continues to see business grow at Flynn Cruiseport in 2023, looks ahead to busy 2024 season

The Massachusetts Port Authority (Massport) saw business continue to grow at Flynn Cruiseport Boston this year with approximately 373,000 passengers, a 20% passenger increase over last year. Flynn Cruiseport welcomed...



## Utah Inland Port Authority addresses State Auditor's annual financial review findings

The Utah State Auditor's office has released its annual financial review of the Utah Inland Port Authority (UIPA), highlighting areas for improvement in procurement practices, internal controls, and bond reporting...

View Article

## Mandatory certified pickup system in Port of Antwerp–Bruges starting January 15th

All operators must register to pick up containers - current system of pin codes no longer valid

View Article

## Damietta Alliance Container Terminal signs final financing contract

The Damietta Alliance Container Terminal (DACT) has signed the final financing contract for its state-of-the-art container terminal in Damietta, Egypt.

View Article



## Port NOLA awarded $73.77 million U.S. DOT Grant for Louisiana International Terminal

View Article

## Trending News

[Port of Oakland November container volume dips slightly](#)



[Port NOLA awarded $73.77 million U.S. DOT Grant for Louisiana International Terminal](#)

[Massport continues to see business grow at Flynn Cruiseport in 2023, looks ahead to busy 2024 season](#)



[Red Sea developments and their impact on Northern European container prices](#)



[Year over year cargo traffic consistent with last year on US Great Lakes as of end of November](#)



Insuring Cargo in Conflict Zones: Key Insights to Secure a Successful Outcome

## Upcoming Events

| Jan 09 | MARS Winter 2024 Meeting |
| Jan 22 | AAPA 2024 Powers Summit and Expo |
| Feb 11 | Air Cargo Conference |
| Mar 14 | European Green Steel Summit 2024 |
| Apr 14 | CNS Partnership Conference - Cargo Network Service Corp. |

View all Events

## Latest Print Edition:



Decarbonization in the Supply Chain

Jones Act Shipping

Analysis and Perspective

Air Cargo Quarterly

View Digital Edition #760

116 Court Street, Suite B1
Plymouth, MA 02360
(508) 927-4188

© Copyright 1999–2023 American Journal of Transportation. All Rights Reserved

# Two Bahamians heading up Notarc Management Group (NMG) partners with MSC to Finish Panama Canal Container Port

May 18, 2022



*Notarc Port Investment LLC and TIL/MSC JV Signing with representatives from left to right: Mr. Leslie Bethel – CEO Notarc Management Group, Mr. Romain Simon – CIO TIL/MSC, Mr. Dion Bowe – CEO– Notarc Port Investment LLC. Signing attendees from left to right: Mr. Jose A. Rojas, – Minister of Private Investments, Mr. Noriel Arauz – AMP Administrator and Minister of Maritime Affairs, Mr. Ramon E. Martinez – Minister of Commerce and Industries, Mr. Juan F. Pitty – General Counsel Notarc Port Investment LLC.*

Notarc Management Group, a Latin America-focused investment firm, is partnering with a unit of Mediterranean Shipping Company to take over construction of the $1.4 billion Panama Canal Container Port.

The facility, which is expected to handle 5 million 20-foot equivalent units, or TEUs, is 40% complete with construction expected to resume in the fourth quarter, according to a

statement without disclosing additional details. A consortium led by China's Landbridge began work on the project in mid 2017, but the concession was revoked last year over non-compliance.

"This acquisition is a strategic opportunity for us to further develop and integrate a regional logistics platform," said Dion Bowe, managing partner at Notarc Latin America and the newly appointed chief executive officer of PCCP.

The Panama Canal is gaining more importance than ever as a strategic shipping corridor given the supply-chain disruptions triggered by the pandemic and exacerbated by Russia's invasion of Ukraine and strict lockdowns in China. While the planet's supply-chain issues have roiled industries and hit consumers with higher costs, shippers are raking in record profits.

In addition to the container facility, Notarc also signed a memorandum of understanding to build a bioenergy facility in Colon, Panama, with US-based SGP BioEnergy.

The announcements came on the sidelines of the Bloomberg New Economy Gateway Latin America event being held in Panama through May 19.

(Seal- Panama Public Registry-
Technology, Quality and
Secure Registration)

**Panama Public Registry**
Signed by: UMBERTO ELIAS (SIGNATURE)
PEDRESCHI PIMENTEL
DATE: 09-21-2023 9:39:14- 05:00
REASON: ADVERTISING REQUEST
LOCATION: PANAMA, PANAMA

255

## CERTIFICATE OF LEGAL PERSON

WITH A VIEW TO THE APPLICATION

392258/2023 (0) DATE 09/20/2023

THAT THE SOCIETY

PANAMA COLON CONTAINER PORT INC.
TYPE OF COMPANY LIMITED COMPANY
IT IS REGISTERED IN (COMMERCIAL) FILE No. 641974 (5) SINCE WEDNESDAY, NOVEMBER 19, 2008
-THAT THE COMPANY IS CURRENT

THAT THEIR POSITIONS ARE:

SUBSCRIBER: GIOVANY ABREGO PEREZ
SUBSCRIBER: ARTURO AROSEMENA BONILLA

DIRECTOR / PRESIDENT: DION LESLIE BOWE
DIRECTOR / SECRETARY: JORGE ALEJANDRO SERRANO EVERS
DIRECTOR / TREASURER: COLIN MICHAEL MARTINEZ

RESIDENT AGENT: ACON LAW

-THAT THE LEGAL REPRESENTATION WILL BE EXERCISED:
THE LEGAL REPRESENTATIVE OF THE COMPANY WILL BE EXERCISED BY THE PRESIDENT AND IN HIS ABSENCE BY THE SECRETARY
OR WHOEVER THE BOARD OF DIRECTORS DESIGNATES FOR SUCH EFFECT.

-THAT ITS CAPITAL IS SHARES WITH NO NOMINAL VALUE
THE AUTHORIZED CAPITAL OF THE COMPANY CONSISTS OF FIVE HUNDRED FIFTY-FIVE (555) COMMON SHARES, ALL WITHOUT
PAR VALUE, DIVIDED INTO FORTY-NINE (49) CLASS A SHARES AND FIVE HUNDRED SIX (506) CLASS B SHARES. THE SHARES MAY
ONLY BE ISSUED IN NOMINATIVE FORM, SHARES: NOMINATIVE

-THAT ITS DURATION IS PERPETUAL
-ADDRESS IS PANAMA, PROVINCE OF PANAMA

## SUBMITTED ENTRIES THAT ARE IN PROCESS

THERE ARE NO PENDING ENTRIES

**ISSUED IN THE PROVINCE OF PANAMA ON THURSDAY, SEPTEMBER 21, 2023 AT 9:05 A.M. NOTE: THIS CERTIFICATION PAID
DUTIES FOR A VALUE OF 30.00 BALBOAS WITH THE LIQUIDATION NUMBER 1404264377**

**(CODE)** Validate your electronic document through the QR CODE printed in the footer or through the Electronic Identifier:
16304262-CFD6-41CF-BEB0-DE6541227551
PUBLIC REGISTER OF PANAMA - Via Espana, in front of the San Fernando Hospital
Postal Box 0830, 1596 Panama, Republic of Panama - (507) 501-6000

1/1

**BELKIS A. OBERTO**
Traductor Público Autorizado
Certified Public Translator
Licencia No.143





···

## Jorge Cumberbatch

Vice President Operations

Manila, National Capital Region, Philippines

1K followers · 500+ connections

 See your mutual connections

Join to view profile

 **Asian Terminals Inc. (ATI)**

 **Universidad de Deusto**

## About

Experienced Senior Operations Director with a demonstrated history of working in the transportation/trucking/railroad industry. Skilled in Negotiation, Operations Management, Customer Service, Freight, and Strategic Planning. Strong operations professional with a Master's Degree in Maestria Gestion de Empresas Maritimo Portuarias from Universidad de Deusto.






Dive into the festive vibes! Wishing you a healthy and joyous festive season and a cargo load of success in the upcoming New Year's journey! Happy...

Liked by Jorge Cumberbatch



While we predicted that 2023 was going to prove challenging as we continue to navigate uncertain market conditions, there is still plenty to...

Liked by Jorge Cumberbatch







We recently commissioned three new quay cranes and nine hybrid container lifts at our Antwerp Gateway terminal in the Port of Antwerp Bruges. This...

Liked by Jorge Cumberbatch

---

Join now to see all activity

---

## Experience


**Vice President Operations**
Asian Terminals Inc. (ATI)
Aug 2022   Present · 1 year 5 months
Philipines


**Chief Operating Officer**
DP World
Aug 2020 - Aug 2022 · 2 years 1 month
Dakar Terminal


**Chief Operating Officer**
Landbridge Group
Jun 2018 - May 2020 · 2 years
Panama Colon Container Terminal

 
### Head Of Operations
Jan 2016 – Dec 2017 · 2 years
Balboa & Cristobal Terminals

### RORO Operations Manager
Jun 2014 – Dec 2015 · 1 year 7 months
Balboa Terminal

### Head of Operation
Jan 2010 – Jun 2014 · 4 years 6 months
Cristobal Terminal

### Chief of Operation
Dec 2008 – Feb 2010 · 1 year 3 months
Balboa terminal

### Rail, Yard & Vessel Planning Supervisor
Oct 2007 – Dec 2008 · 1 year 3 months
Balboa Terminal

### Rail, Yard & Vessel Planner
Aug 2006 – Oct 2007 · 1 year 3 months
Balboa Terminal

### Commercial Marketing Assistant
Sep 2005 – Aug 2006 · 1 year
Balboa Terminal

### Stevedore & multiple position as operative (Checker, Foreman)
Jan 2005 – Sep 2005 · 9 months
Balboa Terminal

 
 ### Universidad de Deusto
Master's Degree · Maestria Gestion de Empresas Maritimo Portuarias

2010 - 2012

 ### Universidad Católica Santa María La Antigua
Bachelor's Degree · Ingenieria Industrial Administrativa

2000  2005

## Volunteer Experience

**volunteer**
CAMBRIDGE CYRENIANS LIMITED

Aug 2005  Present · 18 years 5 months

Social Services

## Languages

**Spanish**

**English**

 
It's been a transformational year for the logistics industry, for DP World and for me personally as CEO and MD of DP World Europe. Our focus...

Liked by Jorge Cumberbatch

As the year comes to a close, we're excited to share that earlier this month, we accepted the 2023 AAPA CIP Port Industry Award of Excellence for our...

Liked by Jorge Cumberbatch

It was exciting to watch our new 23,000 TEU "Palais Royal" LNG powered ship do a "sail by" the CMA Office Tower in Marseille today!!

Liked by Jorge Cumberbatch

 
Every year, extreme climate conditions disrupt port and terminal operations, threatening up to US$81 billion in global trade. In Asia Pacific, where...

Liked by Jorge Cumberbatch

DP World aumentará capacidad en su terminal del Puerto de Santos de 1,2 a 1,4 millones de TEUs

Liked by Jorge Cumberbatch

What a great 2 days full of insightful meetings and networking! We had the pleasure of having Mr. Soren in Saudi Arabia to meet more than 100 of our...

Liked by Jorge Cumberbatch




Liked by Jorge Cumberbatch

Yesterday at COP28, I attended the Green Shipping Challenge event, which was marked by inspiring discussions and shared commitments. Reflecting on...

Liked by Jorge Cumberbatch

The transition to electric vehicles is impacting manufacturing supply chains, from the role of batteries to the transformation of factory floor...

Liked by Jorge Cumberbatch

We had the pleasure of hosting our Global Ambassador Sachin Tendulkar in Dubai this month. He started his day at DP World Tour Championship...

Liked by Jorge Cumberbatch

 
Alguna vez te has preguntado ¿cuál es el protocolo de ingreso para un trabajador portuario al puerto? Gracias a Ivonne Romero, nuestra Jefa de...

Liked by Jorge Cumberbatch

With COP28 setting a new target to cut global greenhouse gas emissions by 43% by 2030, one thing is abundantly clear: cross sector cooperation will...

Liked by Jorge Cumberbatch

As a Principal Pathway Partner to COP28 UAE, we are bringing together policy makers, customers and partners to advance more resilient, inclusive and...

Liked by Jorge Cumberbatch




Liked by Jorge Cumberbatch

To empower the next generation, we must educate them. Standing before a room full of change makers at COP28 UAE, I was moved by the tremendous...

Liked by Jorge Cumberbatch

A recent visit to Marc's Club #mayfair where we discussed water, storage, coffee, cocoa, meat, spices amongst other future DMCC (Dubai Multi...

Liked by Jorge Cumberbatch

## View Jorge's full profile

See who you know in common

Get introduced

Contact Jorge directly

Join to view full profile

 


**eye exam today**

We accept most vision insurance plans including:

♥aetna   Humana   eye

United Healthcare Vision   cigna

And many more

**BOOK YOUR EYE EXAM**

## People also viewed

### William Khoury
Philippines

Connect

### Claudine Faz, CLSSYB, CCPWB, PMEC™
Team Leader, Intermodal Department   Container Terminal Division
Calabarzon, Philippines

Connect

### Amr Hamza
Dakar Region, Senegal

Connect

### Paco Pinzon
Luanda Province, Angola

Connect

### Rommel Troetsch G
Founder of BESTFREIGHTSEARCH.COM and BFSearcher the APP of the Neutral digital platform free of charge for importers and exporters to get the best freight quotations in their own country
Panamá District

 
Assistant Commercial Manager

Calabarzon, Philippines

Connect

### Aden Wong

Vice President of Business Development, DP World APAC

Jakarta Metropolitan Area

Connect

### Fatim Thiam

Head of Human Resources

Dakar Region, Senegal

Connect

### Mohammed Al Blooshi

Dubai, United Arab Emirates

Connect

### Glen Hilton

Singapore

Connect

Show more profiles

---

## Explore collaborative articles

We're unlocking community knowledge in a new way. Experts add insights directly into each article, started with the help of AI.

**Explore More**

---

# Others named Jorge Cumberbatch

 
Miranda State, Venezuela

### JORGE CUMBERBATCH MIGUEN
Atención a clientes
Havana, Cuba

2 others named Jorge Cumberbatch are on LinkedIn

See others named **Jorge Cumberbatch**

## Add new skills with these courses

 **LPIC-2 Linux Engineer (202-450): 6 System Security**

 **Learning Ecwid**

 **WordPress Ecommerce: WooCommerce**

See all courses

© 2023

About

Accessibility

User Agreement

Privacy Policy

Your California Privacy Choices

Cookie Policy

Copyright Policy

Brand Policy

Guest Controls

Community Guidelines

Language

'SUPREME COURT OF BARBADOS
IN THE HIGH COURT OF JUSTICE

CLAIM NO.    | CV 0083/2023 |

BETWEEN

| | |
|---|---|
| LANDBRIDGE PORT SERVICES (HONG KONG) LIMITED | CLAIMANT |

AND

| | |
|---|---|
| LANDBRIDGE HOLDINGS INC. | DEFENDANT |
| TINGYUN HAN | SECOND DEFENDANT |
| SINOLAM CONSULTING & TRADING HOLDING PTE | THIRD DEFENDANT |
| ZHANG LIANG | FOURTH DEFENDANT |
| GORGEOUS COLON HOLDINGS CO. LIMITED | FIFTH DEFENDANT |

---

## ELEVENTH AFFIDAVIT OF ZHANG LIANG

---

Presented for filing by Hastings Attorneys-at-Law
Attorneys-at-Law for the Third, Fourth and Fifth Defendants

18