**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LANDBRIDGE PORT SERVICES
(HONG KONG) LTD.,

                            Plaintiff,

                    v.                                       Civil Action No. 24-254-GBW

NOTARC PORT INVESTMENT LLC, *et al.*,

                            Defendants.

---

### MEMORANDUM ORDER

Before the Court is Plaintiff Landbridge Port Services Hong Kong Ltd.'s ("Landbridge")
motion to remand this action to the Delaware Court of Chancery. Defendants Notarc Port
Investment LLC ("Notarc Port"), Notarc Investment Partners LLC ("Notarc Partners"), Coastal
Infrastructure Partners LLC ("Coastal Partners"), Dion L. Bowe, Leslie C. Bethel (together with
Notarc Port, Notarc Partners, Coastal Partners, and Dion L. Bowe, the "Notarc Defendants"),
Coastal Infrastructure Trust No. 1 ("Coastal Trust"), Colin Michael Martinez, Liang Zhang, and
Sinolam Consulting & Trading Holdings PTE Ltd. ("Sinolam," together with Zhang the
"Sinolam Defendants") (jointly, "Defendants") oppose. For the reasons set forth below, the
Court GRANTS Landbridge's motion to remand.

### I.     BACKGROUND

This action arises out of a series of commercial transactions related to a port project in
Panama. Landbridge alleges that it held a majority interest in Landbridge Holdings, Inc.
("LHI"), a Barbadian company that owned Panamanian subsidiaries that, in turn, own lands and
concession rights to develop a port project. D.I. 2, Ex. 1, ¶¶ 1, 7, 34-35. Landbridge claims that

Zhang, Bethel, Bowe, and Martinez used Sinolam to illegally divest Landbridge of its interest in LHI and the underlying port project. *Id.* ¶¶ 6-21. Landbridge alleges that Zhang illegally conveyed Landbridge's shares in LHI to Sinolam using forged transfer instruments, then reorganized LHI and its Panamanian subsidiaries by replacing Landbridge's directors with Martinez and another co-conspirator. *Id.* ¶¶ 8-9. Then, per Plaintiff, Zhang and the board caused the Panamanian subsidiaries to issue voting shares in the Panamanian subsidiaries to Coastal Partners, owned by Coastal Trust, for which Martinez served as trustee. *Id.* ¶ 11. The trust then sold the shares in the Panamanian subsidiaries to Notarc Port, owned by Bethel and Bowe. *Id.* ¶¶ 12-13. Landbridge sued in Barbados in February 2023 to unwind the transactions. *Id.* ¶¶ 20-22. Notarc Port then initiated an arbitration (the "Panama Arbitration") against Coastal Trust and LHI in the Arbitration and Conciliation Centre of Panama pursuant to an arbitration clause in the Share Subscription Agreement. *Id.* ¶¶ 24, 217-18. Landbridge is not a party to the arbitration or the Share Subscription Agreement. *Id.* Landbridge alleges that the arbitration is a sham without a true controversy. *Id.* Both parties to the arbitration believe the transaction was legitimate. *Id.*

Landbridge sued in the Delaware Court of Chancery on claims of unjust enrichment, conversion, civil conspiracy, declaratory judgment, alter ego and veil piercing, and sought to enjoin the Panama Arbitration. *Id.* ¶¶ 283-425; D.I. 2, Ex. C. The Sinolam Defendants removed this action. *See* D.I. 2. Landbridge filed a motion to remand and an emergency motion to expedite proceedings. D.I. 14; D.I. 16. The Court granted the emergency motion to expedite proceedings.     D.I. 21.   Thereafter, Defendants filed a motion to compel arbitration, arguing, *inter alia*, that Landbridge's claims are derivative of LHI's claims so Landbridge should be held to the Share Subscription Agreement's arbitration clause. D.I. 32.

## II.   DISCUSSION

Defendants cite two bases for removal under the Federal Arbitration Act (FAA): (1) 9 U.S.C. § 205, which gives defendants the ability to remove any action where the subject matter "relates to an arbitration agreement or award falling under the [Conventions]" and (2) 9 U.S.C. § 203, which creates federal question jurisdiction over actions "falling under the Convention." Landbridge contends that neither statute provides jurisdiction in this case.

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that the Court has jurisdiction to hear the case. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Courts construe removal statutes strictly and resolve doubts in favor of remand. *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979). While remand motions are typically decided by examining the complaint for grounds for federal jurisdiction, the FAA states that "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205.

Defendants argue that removal is proper under 9 U.S.C. § 205, because § 205 provides an independent ground for jurisdiction. There is a circuit split on this argument, primarily between the Fifth and Second Circuits. The Third Circuit has not, to the Court's knowledge, stated a position on this circuit split.[1] Defendants argue that the Court should adopt the view of the Fifth Circuit, which has held that "district court[s] will have jurisdiction under § 205 over just about

---

[1] The closest case the Court could locate is *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009), in which the Third Circuit clarified a District Court's holding that jurisdiction existed under § 205 by stating that jurisdiction actually existed under § 203. *Century Indem Co.* weakly supports a finding that, in the Third Circuit, § 205 is not jurisdictional. If Defendants' view of § 205 were adopted, the Court would have held that jurisdiction existed under both § 203 and § 205.

any suit in which a defendant contends that an arbitration clause falling under the [New York] Convention provides a defense." *Beiser v. Weyler*, 284 F. 3d 665, 669 (5th Cir. 2002).   Courts that have found jurisdiction contend that, because the statute permits removal jurisdiction over any case that "relates to an arbitration agreement," it also must permit subject matter jurisdiction over those cases.   Courts following this approach also compare § 205 to the general removal statute, which expressly requires the existence of original jurisdiction before deeming an action to be removable. *See Banco de Santander Cent. Hispano, S.A. v. Consalvi Int'l Inc.*, 425 F. Supp. 2d 421, 427 (S.D.N.Y. 2006), *abrogated by Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (comparing 9 U.S.C. § 205 with 28 U.S.C. § 1441).

Landbridge urges the Court to adopt the view of the Second Circuit, which has held that "[t]he FAA does not independently confer subject matter jurisdiction," but instead "provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the Convention." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012). Courts adopting this view start with the general principle that "a federal court must have both removal and subject matter jurisdiction to hear a case removed from state court," and find that § 205 confers only removal jurisdiction. *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n. 1 (9th Cir. 2011); *compare* 28 U.S.C. §§ 1331-32 *with* 28 U.S.C. § 1441. Support for this view comes from § 205 being titled "Removal of cases from State courts" while § 203 is titled "Jurisdiction: amount in controversy," as well as the structure of the FAA: § 205 authorizes removal where "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award *falling under the Convention*" while § 203 grants jurisdiction to actions or proceedings "falling under the Convention." 9 U.S.C. § 205 (emphasis added); 9 U.S.C. § 203.   Moreover, proponents of this view argue that reading § 205 to grant

independent jurisdiction would result in "federal courts hav[ing] more jurisdiction to hear cases removed to federal court than cases brought originally in federal court." *Republic of Kazakhstan v. Chapman*, 585 F. Supp. 3d 597, 604 (S.D.N.Y. 2022). While Congress has the power to do so, Courts in favor of a non-jurisdictional § 205 contend that such an absurd result would require clearer language. *Id.*

This Court finds the Second Circuit's position that § 205 does not independently confer jurisdiction more persuasive. First, the Court notes that it is required to read the removal statute narrowly. *Westmore*, 605 F.2d at 123; *Healy v Ratta*, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). With that in mind, the Court finds that the plain text of § 205 does not support the conferral of subject matter jurisdiction: § 203 on its face grants subject matter jurisdiction, § 205 never mentions it. *See GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S.Ct. 1637, 1644 (2020) ("Chapter 2 grants federal courts jurisdiction over actions governed by the Convention, § 203; establishes venue for such actions, § 204; authorizes removal from state court, § 205..."). Removal jurisdiction and subject matter jurisdiction are analytically distinct, and the presence of one does not guarantee the presence of the other. *See* 28 U.S.C. §§ 1331-1332, 1441. Thus, the absence of language in § 205 explicitly conferring subject matter jurisdiction strongly supports a finding that § 205 does not confer subject matter jurisdiction. The Court is further persuaded that it would be peculiar for Congress to plainly grant narrow original jurisdiction in § 203, but to disguise a grant of broad jurisdiction to removed cases in § 205. Congress could have spoken clearly if that was its intent. The Court also notes that many of the cases reading § 205 to confer jurisdiction, including *Beiser*, do not appear to have been presented with the issue. *Beiser* assumes that § 205 confers jurisdiction with nearly no reasoning, and the briefing does not raise the

dispute. 284 F.3d at 669; *see generally* Appellant's brief, *Beiser v. Weyler*, 284 F. 3d 665 (5th Cir. 2002) (No. 01-20152), 2001 WL 34090591; Appellee's brief, *Beiser v. Weyler*, 284 F. 3d 665 (5th Cir. 2002) (No. 01-20152), 2001 WL 34090592. In sum, the Court is persuaded that § 205 was intended only to abrogate the well-pleaded complaint rule and the time limits on removal for cases relating to arbitrations, rather than to provide broad subject matter jurisdiction over removed cases. *See Republic of Kazakhstan*, 585 F. Supp. 3d at 604. Thus, the Court finds that § 205 does not provide for subject matter jurisdiction in this case. There must be an independent jurisdictional hook.

Defendants also argue that, because of Plaintiff's motion to enjoin the Panama Arbitration, this case is within the ambit of 9 U.S.C. § 203 (which grants jurisdiction to actions "falling under the Convention"). Once again, there is a circuit split on the breadth of § 203— some courts have read it to grant limited jurisdiction in cases with motions to compel arbitration or enforce arbitral awards (the causes of action explicitly authorized by the FAA, *see* 9 U.S.C. §§ 206, 207), while others, especially in the Second Circuit, have found § 203 to confer jurisdiction in broader circumstances, such as cases like this one with a motion to stay or enjoin an arbitration. *Compare URS Corp. v. Lebanese Co. for Development and Reconstruction of Beirut Central District SAL*, 512 F. Supp. 2d 199, 208 (D. Del. 2007) (holding that the FAA does not grant subject matter jurisdiction over an action to enjoin foreign arbitral proceedings) *with CRT Capital Grp. v. SLS Capital, S.A.*, 63 F. Supp. 3d 367, 372–75 (S.D.N.Y. 2014) (finding jurisdiction under § 203 over a proceeding to enjoin an arbitration and collecting cases).

The Third Circuit has indirectly expressed the view that § 203 provides only limited jurisdiction in cases with actions to compel arbitration or enforce arbitral awards. *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009) ("Actions under the New York Convention are deemed to arise under the laws and treaties of the United States. 9

U.S.C. § 203. The FAA empowers district courts to compel arbitration in accordance with agreements, 9 U.S.C. § 206, and to enforce awards, 9 U.S.C. § 207, falling within the New York Convention."). Moreover, there is a prior case in this district that is directly on point: Judge Robinson's opinion in *URS* finding that § 203 does not grant subject matter jurisdiction over actions to stay arbitrations. The Court, in the interest of ensuring intra-circuit and intra-district consistency, follows Judge Robinson's opinion and finds that § 203 provides only limited jurisdiction to actions to compel arbitration and enforce arbitral awards. Like Judge Robinson, the Court has reviewed the language of the FAA and the New York Convention and sees no language granting the Court authority to enjoin a foreign arbitration. *See* New York Convention, art. 2(3), Sept. 1, 1970, 21 U.S.T. 2517 (stating that a court "shall, at the request of one of the parties, refer the parties to arbitration"); New York Convention, art. 3(1), Sept. 1, 1970, 21 U.S.T. 2517 (mandating that a court "shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon"); 9 U.S.C. §§ 206–207. Thus, actions to enjoin or stay arbitration do not "fall under" the convention for purposes of § 203.

The Court notes that today's decision may not be the end of the litigation of jurisdiction. While the Court is required to "base [its] decision on the record existing at the time the petition for removal was filed," Defendants have since filed a motion to compel that would, on its face[2], appear to grant jurisdiction under § 203. *Shilmann Rocbit, LLC v. American Blasting Consumables*, Inc., 2016 WL 5843880, at *3 (S.D. W.Va. 2016); *see* 9 U.S.C. § 205. However, "[t]he removal statute, 28 U.S.C. §§ 1441–1452, does not categorically prohibit the filing of a second removal petition following remand." *Brown v. Jevic*, 575 F.3d 322, 328 (3d Cir. 2009). Instead, in the Third Circuit, re-removals are limited by the time limits within the relevant removal statute. *See A.S. ex rel. Miller*

---

[2] Plaintiff argues that the motion to compel arbitration is frivolous and thus does not grant jurisdiction. The Court is not addressing this argument today, as it bases its opinion solely on the record at the time of the petition for removal.

*v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). Thus, in cases governed by removal statutes that abrogate those time limits, such as § 205, Defendants may "re-remove the case to federal court if new facts are discovered that establish jurisdiction." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 (3d Cir. 2014); *see Dahiya v. Talmidge Int'l Ltd.*, 487 F. Supp. 3d 529 (E.D. La. 2020) (approving a re-removal under 9 U.S.C. § 205). The Court will leave it to Defendants to assess whether re-removal is appropriate under the circumstances and their desire to pursue it.

Plaintiff requests attorney fees pursuant to 28 U.S.C. § 1447(c). D.I. 15 at 16-20. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' removal was not objectively baseless, as it relied on the resolution of legal questions not yet answered in the Third Circuit. Thus, the Court denies Plaintiff's request for attorney fees.

WHEREFORE, at Wilmington this 27th day of March 2024, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (D.I. 14) is **GRANTED**. The parties shall bear their own costs.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE